IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

YOUNG AMERICA'S FOUNDATION;
BINGHAMTON UNIVERSITY COLLEGE
REPUBLICANS; and JOHN LIZAK, President
of the College Republicans of Binghamton
University,

Plaintiffs,

v.

HARVEY STENGER, President of SUNY-Binghamton,
in his official and individual capacities; BRIAN ROSE,
Vice President for Student Affairs of SUNY-
Binghamton, in his official and individual capacities;
JOHN PELLETIER, Chief of SUNY-Binghamton,
UPD, in his official and individual capacities;
COLLEGE PROGRESSIVES, a student organization
at SUNY-Binghamton; PROGRESSIVE LEADERS
OF TOMORROW ("PLOT"); STUDENT ASSOCIATION
OF BINGHAMTON, UNIVERSITY,

Defendants,

Civil Action 3:20-cv-822

VERIFIED ANSWER

The Defendant, Student Association at Binghamton University, Inc. by its attorneys Aswad & Ingraham, LLP, for its answer to the Complaint herein, allege as follows:

1. Admits the allegations contained in paragraph 18 of the Complaint.

2. Denies that it has knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 112, 123, 124, 125, 126, 127, 128, 129, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147 of the Complaint.

3. Denies the allegations contained in paragraphs 40, 43, 48, 131, 132, and 133 of the Complaint.

4. Admits so much of paragraph 12 which alleges that Plaintiff Binghamton University College Republicans is a student organization which received a charter from the defendant Student Association of Binghamton University, Inc., that said plaintiff was not suspended or nor unregistered during the 2019-2020 school year, and that said plaintiff did not re-register for the 2020-2021 school year as it failed to provide the names of its officers. Denies all other allegations contained therein.

5. Admits so much of paragraph 33 which alleges the Defendant College Progressives is a student organization which received a charter from the defendant Student Association of Binghamton University, Inc. Denies all other allegations contained therein.

6. Admits so much of paragraph 39 of the complaint which alleges that the defendant Student Association of Binghamton University, Inc. is a not for profit corporation organized under the laws of the State of New York, and that its web page indicates that,

> "Since 1973, the Student Association has grown into not only a forum for student activism, but the primary financial system which hundreds of clubs and student organizations receive their funding and legal protection through. Despite our office residing within the University Union at the heart of the campus, we are an independent organization from the university..."

Denies knowledge and information sufficient to form a belief as to all other allegations contained therein.

7. Admits so much of paragraph 41 of the complaint which alleges that the defendant Student Association of Binghamton University, Inc. approves provisional and permanent charters for Student Organizations wishing to be chartered by the student association, deny all other allegations contained therein.

8. Admits so much of paragraph 42 of the complaint which alleges that a Constitution Assistant in the defendant Student Association of Binghamton University, Inc. raised a preliminary concern with an anti-communism provision in the proposed constitution of the Young American's Foundation. Denies that the refused to grant a charter to the organization. Denies information sufficient for form an opinion as to all other allegations contained therein.

9. Admits so much of paragraph 58 of the Complaint which alleges that Defendant Rose issued the statement attached as exhibit 2, denies all other allegations contain therein.

10. Admits so much of paragraph 130 of the Complaint which alleges that the University informed the Student Association of Binghamton University, Inc that the College Republicans had violated the Associations' and the University's policy regarding tabling without a permit, and in response, the Defendant Corporation imposed a sanction suspending the College Republican's B-There room reservations privileges, and denies all other allegations contained therein.

### AS TO THE FIRST CAUSE OF ACTION

11. Repeats and realleges with the same force and effect as if herein set forth in full, each and every allegation, admission and denial contained in their answer to paragraphs 1 -148 of the Complaint.

12. Admits the allegations contained in paragraph 149 of the Complaint.

13. Denies that it has knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 150, 151, 152, 153, 154, 155 and 156 of the Complaint.

### AS TO THE SECOND CAUSE OF ACTION

14. Repeats and realleges with the same force and effect as if herein set forth in full, each and every allegation, admission and denial contained in their answer to paragraphs 1 -157 of the Complaint.

15. Denies the allegations contained in paragraph 158, 159, 160 and 161 of the Complaint.

### AS TO THE THIRD CAUSE OF ACTION

16. Repeats and realleges with the same force and effect as if herein set forth in full, each and every allegation, admission and denial contained in their answer to paragraphs 1 -162 of the Complaint.

17. Denies that it has knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 163, 164, 165, 166, 167, 168 and 169 of the Complaint.

### AS TO THE FOURTH CAUSE OF ACTION

18. Repeats and realleges with the same force and effect as if herein set forth in full, each and every allegation, admission and denial contained in their answer to paragraphs 1 -170 of the Complaint.

19. Denies that it has knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 171, 172 and 173 of the Complaint.

## AS TO THE FIFTH CAUSE OF ACTION

20. Repeats and realleges with the same force and effect as if herein set forth in full, each and every allegation, admission and denial contained in their answer to paragraphs 1-174 of the Complaint.

21. Denies that it has knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 175, 176, 177, 178 and 179 of the Complaint.

## AS TO THE SIXTH CAUSE OF ACTION

22. Repeats and realleges with the same force and effect as if herein set forth in full, each and every allegation, admission and denial contained in their answer to paragraphs 1-180 of the Complaint.

23. Admits the allegations contained in paragraph 181 of the Complaint.

24. Denies that it has knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 182, 183, 184, 185 and 186.

### DEFENDANTS, FURTHER ANSWERING THE COMPLAINT AND AS A COMPLETE OR PARTIAL DEFENSE THERETO, ALLEGE:

25. That the Complaint fails to state a cause of action against the defendant Student Association of Binghamton University Inc.

### DEFENDANTS, FURTHER ANSWERING THE COMPLAINT AND AS A COMPLETE OR PARTIAL DEFENSE THERETO, ALLEGE:

26. That the injuries and damages alleged in the complaint were caused or contributed to by culpable conduct on the part of the plaintiff, including but not limited to contributory negligence and/or assumption of risk, and/or failure to mitigate damages, and the amount of damages otherwise recoverable in this action shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

### DEFENDANTS, FURTHER ANSWERING THE COMPLAINT AND AS A COMPLETE OR PARTIAL DEFENSE THERETO, ALLEGE:

27. That with respect to the Second Cause of Action herein, the Defendant Student Association of Binghamton University Inc., is not a state actor within the meaning of 42 U.S.C Section 1983.

WHEREFORE, the Defendant Student Association at Binghamton University, Inc request that the Court enter judgment dismissing the Second Cause of Action as against said defendant, and granting such other and further relief as to the Court may seem just and proper.

Dated: September 10, 2020

                                                                          Thomas A. Saitta, Esq.
Aswad & Ingraham, LLP
Attorneys for Student Association at Binghamton University, Inc
46 Front Street
Binghamton, NY 13905
607-722-3495
tom.saitta@ailaw.com

TO: Andrew C. Hruska, Esq.
     King & Spalding, LLP
     1185 Avenue of the Americas
     New York, NY 10036
     212-556-2100
     Ahruska@kslaw.com

VERIFICATION

STATE OF NEW YORK )
COUNTY OF BROOME ) ss:

Jacob Eckhaus, being duly sworn, deposes and says that deponent is Vice President for Finance of the Student Association at Binghamton University, Inc. named in the within action; that deponent has read the foregoing Answer and knows the contents thereof; and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters deponent believes it to be true. This verification is made by deponent because the Student Association at Binghamton University, Inc is a corporation. Deponent is an officer thereof, to-wit: its Vice President for Finance.

_____
Jacob Eckhaus

Sworn to before me this
10th day of September, 2020

_____
Notary Public
KHAMTANH PHONECHANTHASONE
Notary Public - State of New York
No. 01PH6295793
Qualified in Broome County
My Commission Expires January 13, 20 22

ASWAD & INGRAHAM, LLP  - *ATTORNEYS AT LAW* - 46 FRONT STREET - BINGHAMTON, NY 13905                6