UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| YOUNG AMERICA'S FOUNDATION; BINGHAMTON UNIVERSITY COLLEGE REPUBLICANS; and JON LIZAK, President of the College Republicans of Binghamton University,<br><br>    Plaintiffs,<br><br>    v.<br><br>HARVEY STENGER, President of the SUNY-Binghamton, in his official and individual capacities; BRIAN ROSE, Vice President for Student Affairs of SUNY-Binghamton, in his official and individual capacities; JOHN PELLETIER, Chief of SUNY-Binghamton UPD, in his official and individual capacities; COLLEGE PROGRESSIVES, a student organization at SUNY-Binghamton; PROGRESSIVE LEADERS OF TOMORROW ("PLOT"); STUDENT ASSOCIATION OF BINGHAMTON UNIVERSITY,<br><br>    Defendants. | Civil Action No. 3:20-cv-822 (LEK/ML)<br><br>**Response to Friedman's Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process** |

TABLE OF CONTENTS

Table of Authorities ................................................................................................... iii
Introduction ................................................................................................................ 1
Relevant Facts ............................................................................................................ 1
    A. Undisputed evidence shows that Friedman and Andrews are leaders and members of PLOT ............................................................................................ 2
    B. Plaintiffs served and notified PLOT, Friedman, and Andrews multiple times, more than fulfilling their duties under the Federal Rules. ................. 3
Argument .................................................................................................................... 5
    I. Plaintiffs have properly served PLOT. ........................................................ 6
        A. Plaintiffs repeatedly served Friedman, Andrews, and PLOT itself. ........ 6
        B. By serving Friedman and Andrews, Plaintiffs served PLOT. .................. 7
    II. Alternatively, the Court should allow limited discovery so that Plaintiffs can ascertain the proper agents of PLOT ...................................................... 9
Conclusion .................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*Burda Media, Inc. v. Viertel,*
  417 F.3d 292 (2d Cir. 2005) .................................................................................. 6

*C3 Media & Marketing Group, LLC v. Firstgate Internet, Inc.,*
  419 F. Supp. 2d 419 (S.D.N.Y. 2005) .................................................................... 6

*DeLuca v. AccessIT Group, Inc.,*
  695 F. Supp. 2d 54 (S.D.N.Y. 2010) ...................................................................... 7

*Estate of Ungar ex rel. Strachman v. Palestinian Authority,*
  153 F. Supp. 2d 76 (D.R.I. 2001) ...................................................................... 6, 7

*Klinghoffer v. S.N.C. Achille Lauro,*
  739 F. Supp. 854 (S.D.N.Y. 1990) ............................................................... 1, 5–8

*Montclair Electronics, Inc. v. Electra/Midland Corporation,*
  326 F. Supp. 839 (S.D.N.Y. 1971) ..................................................................... 6, 7

**INTRODUCTION**

Binghamton City Councilwoman Aviva Friedman is an outspoken leader and member of Defendant Progressive Leaders of Tomorrow ("PLOT"). In her motion to dismiss, Friedman repeats the same conclusory argument as Masai Andrews in his motion to dismiss: she admits that she was served but alleges that she is not affiliated with PLOT and therefore cannot legally accept service for it. This repeats Andrews' mistake, and her motion must fail for the same reasons as Andrews'.[1]

Namely, Friedman has publicly admitted that she is a member of Progressive Leaders of Tomorrow ("PLOT"). Uncontroverted evidence also shows that she openly supports them and has spoken at their events. And even if, contrary to fact, Friedman was not a leader of PLOT, Plaintiffs have also served Masai Andrews twice. Andrews leads PLOT meetings and protests, recruits and trains its members, and has been arrested twice alongside other PLOT members for criminal conduct organized through PLOT.

To serve an unincorporated organization, service is "not limited to titled officials," but can be made on anyone "in such a position as to render it fair, reasonable, and just to imply the authority on his part to receive service." *Klinghoffer v. S.N.C. Achille Lauro*, 739 F. Supp. 854, 867 (S.D.N.Y. 1990), *vacated on other grounds*, 937 F.2d 44 (2d Cir. 1991). Both Friedman and Andrews and are such individuals, so Plaintiffs properly served PLOT through them both. Thus, the Court should deny Friedman's motion to dismiss for lack of service.

**RELEVANT FACTS**

Friedman and Andrews are both active and outspoken leaders of PLOT. Plaintiffs served them and emailed them (in addition to other PLOT representatives) multiple times about the lawsuit, but none responded until Plaintiffs moved for a

---

[1] Plaintiffs believe that our prior filing (ECF No. 57) in response to Masai Andrews's motion to dismiss also addressed Ms. Friedman's motion to dismiss, but we have filed this response out of an abundance of caution.

1

default judgment. Even then, Friedman and Andrews contest service and deny any involvement with PLOT. But they do not contest the voluminous evidence, including Facebook posts, arrests records, and an affidavit from Binghamton's mayor, showing that they are active members and leaders of a self-described "collective of advocates" whose mission is to take "direct action" against political opponents to further its radical political agenda. PLOT Website, https://binghamtonplot.wixsite.com/home (last visited Mar. 16, 2021).

**A. Undisputed evidence shows that Friedman and Andrews are leaders and members of PLOT.**

Friedman, a member of Binghamton's City Council, is an outspoken leader for PLOT. She has stated on her Facebook account: "I am a member [of PLOT], as much as one can be of a group that has no formal hierarchy or roster." Status Report Ex. D, ECF No. 21-4. She has also spoken at a past PLOT event. *See* Pls.' Resp. to Affs. Ex. E at 6–7, ECF No. 44-5.

Similarly, Andrews is publicly known in Binghamton as a leader of PLOT. For example:

- In October 2019, Andrews and three other PLOT members were arrested for blocking Binghamton's Columbus Day parade. Pls.' Report Regarding Service on Def. PLOT ("Status Report") Ex. G, ECF No. 21-7.

- In November 2019, Binghamton Mayor Richard David observed Andrews take the podium at a public PLOT meeting and announce that he would not hold the meeting until Mayor David left. Pls.' Resp. to Pro Se Aff. Den. Service ("Pls.' Resp. to Affs.") Ex. F ¶ 5, ECF No. 44-6.

- In September 2020, Andrews was arrested at another PLOT protest for rioting after three police officers were injured by projectiles and incendiary devices from rioters. Status Report Ex. M, ECF No. 21-13.

- Over the years, Mayor David has witnessed Andrews leading multiple

> PLOT protests outside Binghamton's City Hall. Pls.' Resp. to Affs. Ex. F ¶ 6, ECF No. 44-6.

Additionally, Andrews boasted about these incidents and many other PLOT activities by posting on PLOT's Facebook page and his own Facebook page under the pseudonym "Roderick Douglass." Binghamton's Mayor states that "[i]t is well-known to me and in the Binghamton community that Masai Andrews operates on social media under the pseudonym Roderick Douglass." Id. ¶ 7. And Douglass' posts discussing two of his arrests corroborate his identity as Andrews. *See* Status Report Ex. L, ECF No. 21-12 (October 2019 arrest); Status Report Ex. N, ECF No. 21-14 (September 2020 arrest). As Plaintiffs explained at length, Douglass (*i.e.*, Andrews) also recruits volunteers for PLOT, announces planned disruptions and "bystander intervention" training for PLOT designed to interfere with law enforcement, and posts press releases for PLOT. Pls.' Resp. to Affs. at 7–8, ECF No. 44-6. And though Andrews now disputes that he is a PLOT member or leader, he tellingly has not denied that he operates the Facebook account for Roderick Douglass. *See* Andrews Resp. Opp. Default, ECF No. 50; Andrews Not. of Mot. to Dismiss, ECF No. 51.

**B. Plaintiffs served and notified PLOT, Friedman, and Andrews multiple times, more than fulfilling their duties under the Federal Rules.**

Plaintiffs served Friedman twice. On September 5, 2020, they served Friedman by delivering a copy of the summons and complaint to a person "of suitable age" at her residence.[2] Pls.' Resp. to Affs. Ex. B ¶¶ 1–9, ECF No. 44-2. And out of an abundance of caution, Plaintiffs served Friedman again on February 6, 2021 by delivering the summons and complaint to her personally at her home. Aff. of Feb. 6 Service on Friedman, ECF No. 52.

---

[2] Friedman denies that she was personally served on September 5 but does not dispute that a process server delivered the summons and complaint to her residence. *See* Friedman Aff. in Opp'n to Pls.' Mot. for Default J. ¶¶ 16–24, ECF No. 43.

3

Plaintiffs also notified her of the lawsuit on two other occasions. On November 19, 2020, Plaintiffs emailed a copy of the motion for default judgment with the summons and complaint attached as exhibits to her City Council email address. *See* Friedman Aff. in Opp'n to Pls.' Mot. for Default J. ¶ 5, ECF No. 43. Five days later, Plaintiffs mailed the same to her residence. *Id.* ¶ 7.

Likewise, Plaintiffs served Andrews twice and notified him of the lawsuit on two other occasions. On September 14, 2020, Plaintiffs delivered a copy of the summons and complaint to Andrews at his place of business. Pls.' Resp. to Affs. Ex. B ¶¶ 10–20, ECF No. 44-2. His submission of his company's security log (ECF No. 50) to contest the affidavit of Plaintiffs' process server is irrelevant. The process server clearly states that Andrews agreed to, and did, meet the server *in the lobby* (*i.e.*, he did not enter the secure part of the premises). *Id.* ¶ 18. On February 9, 2021, Plaintiffs served Andrews again by hand-delivering the summons and complaint to his home. Aff. of Feb. 9 Service on Andrews, ECF No. 53. Indeed, Andrews has—finally—admitted he was served that day. Andrews Not. of Mot. to Dismiss ¶ 2, ECF No. 51.

Plaintiffs also notified Andrews on September 8, 2020 by emailing the summons and complaint to his work email address, Andrews Aff. in Opp'n Pls.' Mot. for Default J. ¶ 8 n.1, ECF No. 42, and on November 19, 2020 by emailing a copy of the motion for default judgment to the same email address. Pls.' Resp. to Affs. Ex. A at 2, ECF No. 44-1. Andrews received both emails and even responded to the second one. *Id.* (responding to November 19 email); Andrews Aff. in Opp'n Pls.' Mot. for Default J. ¶ 8 n.1, ECF No. 42 (admitting receipt of September 8 email).

On top of all this, Plaintiffs also notified PLOT directly of the lawsuit twice. On September 16, 2020, Plaintiffs emailed the summons and complaint to the email address PLOT lists on its social media accounts. Status Report Ex. A, ECF No. 21-1. The same day, Plaintiffs also sent the summons and complaint to PLOT's Facebook account in a direct message. Status Report Ex. B, ECF No. 21-2. Both the email and

4

the direct message stated that Plaintiffs had already served "Masai Andrews (aka Roderick Douglass) and Aviva Friedman" and that "[t]o provide as much notice as possible to the organization of the lawsuit, I am also attaching a copy of the summons and complaint here." ECF No. 21-1; ECF No. 21-2. Both the email and the direct message then asked "if you will agree to accept service of process on behalf of PLOT or if there is a designated agent to whom I should send the summons and complaint." ECF No. 21-1; ECF No. 21-2.

Did PLOT get the message? Definitely. Plaintiffs obtained a read receipt from PLOT showing that someone viewed the Facebook message. ECF No. 21-2. And on September 21, Binghamton University Student Association's counsel Thomas Saitta told Plaintiffs' counsel that he "spoke to someone involved with Plot, and I believe they are going to consult with counsel. I['ll] let you know as soon as I hear anything more about that." Pls.' Resp. to Affs. Ex. I at 2, ECF No. 44-9. Despite these repeated notifications, which PLOT clearly received, no one from PLOT ever responded to either the message or the email.

## ARGUMENT

Though Friedman now admits that she was served, she denies that she can legally accept service for PLOT. Yet she moves on behalf of PLOT to dismiss the lawsuit under Fed. R. Civ. P. 12(b)(5). Service is "not limited to titled officials." *Klinghoffer*, 739 F. Supp. at 867. Instead, it "is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable, and just to imply the authority on his part to receive service." *Id*. This is especially true for unincorporated groups like PLOT, which are intentionally less structured than a typical corporation. Here, Plaintiffs repeatedly served Friedman and Andrews, and neither can credibly deny belonging to or leading PLOT. As both have authority to receive service, the Court should deny Friedman's motion to dismiss.

5

## I. Plaintiffs have properly served PLOT.

"When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service" under Fed. R. Civ. P. 4. *See Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298–99 (2d Cir. 2005). The Court "must look to matters outside the complaint" to determine what steps, if any, the plaintiff took to effect service." *C3 Media & Marketing Grp., LLC v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005).

To serve an organization, a plaintiff must either "deliver[] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). "In a federal question case, federal law determines whether a person is an agent for purposes of service under Rule 4." *Estate of Ungar ex rel. Strachman v. Palestinian Auth.*, 153 F. Supp. 2d 76, 89 (D.R.I. 2001). In such cases,

> Service . . . is not limited to titled officials of the association or those expressly authorized to accept service. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable, and just to imply the authority on his part to receive service.

*Klinghoffer*, 739 F. Supp. at 867.

When dealing with unincorporated organizations, which are usually less structured, this includes "the person in charge" of general business activities, *id.* at 867, as well as senior representatives and speakers for the organization, *Estate of Ungar*, 153 F. Supp. 2d at 90, or anyone else who "will know what to do with the [service] papers." *Montclair Elecs., Inc. v. Electra/Midland Corp.*, 326 F. Supp. 839, 842 (S.D.N.Y. 1971). Given that members of PLOT spoke with Mr. Saitta about the lawsuit, it is clear they received the service papers.

### A. Plaintiffs repeatedly served Friedman, Andrews, and PLOT itself.

As mentioned above, Plaintiffs served Friedman twice and provided actual notice to PLOT twice. *See supra* Facts B. Friedman now admits that "I have been

6

served," Friedman Mot. to Dismiss, ECF No. 55.

Similarly, Andrews admits that he was personally served on February 9. Andrews Not. of Mot. to Dismiss ¶ 2.[3] He also was served once before in this case, but has falsely denied it. *See supra* Facts B. Instead of responding to service, Andrews has repeatedly purported to evade it. On November 21, 2020, Andrews even posted as Douglass on Facebook and taunted Plaintiffs and the legal process:

> I can't go into too much detail, but "Roderick Douglass" is named in several pending civil suits and these lawyers really be submitting my shitposts and memes into evidence. If anything ever happens to me, *please* FOIL this stuff because it's hilarious.
>
> Like, judges be spending their afternoons sifting through screenshots of my Facebook posts to determine if I'm one individual or many, and if my true identity can be ascertained from snazzy one-liners. . . .
>
> . . .
>
> #WasteTheirTime2020 #SueMe #Please

Pls.' Resp. to Affs. Ex. D at 2, ECF No. 44-4.

All of these instances complied with the requirements of the Federal Rules, so there is no doubt that Friedman and Andrews have been served.

**B. By serving Friedman and Andrews, Plaintiffs served PLOT.**

By serving Friedman and Andrews, Plaintiffs amply notified PLOT of the pending lawsuit because each of these individuals was "in charge" of general business activities, *Klinghoffer*, 739 F. Supp. at 867, served as a senior representative and speaker for PLOT, *Estate of Ungar*, 153 F. Supp. 2d at 90, and knew "what to do with the [service] papers." *Montclair Elecs., Inc.*, 326 F. Supp. at 842.

---

[3] Though the second service was made more than sixty days after the complaint was filed, Plaintiffs' diligence in effectuating the first service and in repeatedly notifying Andrews (and PLOT itself) of the lawsuit is more than enough to justify an extension of the sixty-day period. *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) (courts must extend time for service where "plaintiff's reasonable efforts and diligence" outweigh "the prejudice to the defendant resulting from the delay" and courts may extend time for service where defendant had "actual notice" of the lawsuit).

In her own previous affidavit objecting to the default judgment, Friedman denied that she is a "Principal or Agent of PLOT" or that she has access to or administration of PLOT's Facebook or emails. Friedman Aff. in Opp'n to Pls.' Mot. for Default J. ¶¶ 35–40, ECF No. 43. In her motion, she repeats this conclusory statement without any evidence. Friedman Mot. to Dismiss, ECF No. 55 ("I am not an authorized representative or agent of PLOT."). She has also falsely denied that Plaintiffs served her on September 5, 2020. Friedman Letter Regarding Default, ECF No. 49. But Friedman has not denied that she publicly admitted her membership in and support for PLOT or that she has spoken at PLOT events. *See id.*

Andrews also tries to dispute this, saying that he is not an "officer, a managing or general agent, or any other agent" of PLOT. Andrews Notice of Mot. to Dismiss ¶ 5; *see also* Andrews Aff. in Opp'n Pls.' Mot. for Default J. ¶ 21, ECF No. 42 ("I am not a Principal or Agent of PLOT, as those words are commonly understood, or under the FRCP sufficient to have jurisdiction on the Organization/Community Group."). But the law does not limit service to "titled officials . . . or those expressly authorized to accept service." *Klinghoffer*, 739 F. Supp. at 867.

He has also made several specific statements that he does not administer, control, or have access to PLOT's official Facebook account or email. ECF No. 42 ¶¶ 23–26. But Andrews does not—and cannot—dispute that he operates the Facebook account for Roderick Douglass, that he presided over the November 2019 PLOT meeting which Mayor David personally attended, that he leads PLOT protests outside of City Hall, or that he led the disorderly conduct and rioting for which he and other PLOT members were arrested on two separate occasions. *See supra* Facts A.

While Friedman and Andrews both claim they are not authorized agents of PLOT, they have both tellingly tried to have the case against PLOT dismissed via pro se filings. See Friedman Aff. in Opp'n to Pls.' Mot. for Default J. ¶ 42, ECF No. 43; Andrews Not. of Mot. to Dismiss ¶ 8, ECF No. 51. Further, this Court recently denied

8

Friedman's request to extend PLOT's filing deadline by ten days. Order Denying Friedman Ltr. Mot., ECF No. 56.

This undisputed evidence is more than enough to show that Friedman and Andrews are leaders of PLOT, despite the organization's attempts to evade responsibility by holding out that it is an unincorporated organization with "no formal hierarchy." Status Report Ex. D, ECF No. 21-4. Therefore, serving either one of them constitutes service on PLOT. As shown, Plaintiffs served *each* of them *twice*. Simply put, PLOT has been served.

## II. Alternatively, the Court should allow limited discovery so that Plaintiffs can ascertain the proper agents of PLOT.

Neither Friedman nor Andrews has challenged (let alone refuted) any of Plaintiffs' ample evidence showing that they are PLOT leaders. *See supra* Argument I. But if the Court finds that it must resolve factual issues to determine who can accept service for PLOT, Plaintiffs reiterate their request for limited discovery to determine who is the proper person to be served on behalf of PLOT, including deposing Friedman and Andrews, and requesting production of documents on topics such as PLOT's webpage, social media, PayPal account, Gmail account, and activities (*e.g.*, its bi-weekly meetings and protests). Pls.' Resp. to Affs. at 12–13, ECF No. 44-6.

This would allow Plaintiffs to further bolster their showing that Friedman and Andrews are leaders and agents of PLOT and to find any additional individuals who could fairly be considered agents of PLOT. This discovery is also warranted because PLOT has repeatedly evaded service in this lawsuit. *See supra* Facts B. And again, Friedman and Andrews refuse to acknowledge their involvement with PLOT despite embracing the group in public, as overwhelming evidence demonstrates.

## CONCLUSION

PLOT describes itself as a "collective of advocates who organize . . . around issues of race, class, [and] gender," among other issues, and who engage in "direct

9

action" against others. PLOT Website, https://binghamtonplot.wixsite.com/home (last visited Mar. 16, 2021). This "direct action" includes conspiring with College Progressives and Binghamton University Defendants to shut down Plaintiffs' speech on November 18, 2019 because of Plaintiffs' viewpoint and race.

PLOT cannot collectively violate Plaintiffs' and others' rights and then evade accountability by claiming that they have no leaders or agents responsible for their actions. Here, Plaintiffs have undisputed evidence showing that Friedman and Andrews are two such leaders. Accordingly, this Court should deny Friedman's motion to dismiss and find that Plaintiffs have served PLOT.

Respectfully submitted this 16th day of March, 2021.

*/s/ Michael R. Ross*
Michael R. Ross*
TN Bar No. 035304
Tyson C. Langhofer*
KS Bar No. 19241
**ALLIANCE DEFENDING FREEDOM**
20116 Ashbrook Pl., Ste. 250
Ashburn, VA 20147
(571) 707–4655
mross@ADFlegal.org
tlanghofer@ADFlegal.org

Andrew C. Hruska
Bar Roll No. 701840
Joseph L. Zales
Bar Roll No. 701841
**KING & SPALDING LLP**
1185 Avenue of the Americas
New York, NY 10036
(212) 556–2100
ahruska@kslaw.com
jzales@kslaw.com

*Attorneys for Plaintiffs*
*\*Admitted Pro Hac Vice*