UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

YOUNG AMERICA'S FOUNDATION,
*et al.*,

                              Plaintiffs,

      -against-                                          3:20-CV-0822 (LEK/ML)

HARVEY STENGER, *et al.*,

                              Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.**     **INTRODUCTION**

      Plaintiffs Young America's Foundation ("YAF"), Binghamton University College Republicans, and Jon Lizak bring this action against defendants Stenger, Brian Rose, John Pelletier, College Progressives, Progressive Leaders of Tomorrow ("PLOT"), and the Student Association of Binghamton University under the First Amendment, Fourteenth Amendment, and 42 U.S.C. §§ 1985(3), 1986. Dkt. No. 1 ("Complaint"). Presently before the Court are Plaintiffs' motion for default judgment as to PLOT, Masai Andrews' motion to dismiss pursuant to rule 12(b)(5), and Aviva Friedman's motion to dismiss pursuant to rule 12(b)(5). Dkt. Nos. 37 ("Default Judgment Motion"), 37-4 ("Plaintiffs' Memorandum of Law"), 42 ("Andrews Opposition to Default Judgment Motion"), 43 ("Friedman Opposition to Default Judgment Motion"), 44 ("Plaintiffs' Reply"), 51 ("Andrews 12(b)(5) Motion"), 55 ("Friedman 12(b)(5) Motion"), 57 ("Plaintiffs' Opposition to Andrews 12(b)(5) Motion"), 59 ("Plaintiffs' Opposition to Friedman 12(b)(5) Motion"). For the reasons that follow, all three motions are denied.

## II. BACKGROUND

### A. Factual History

A detailed account of this case's facts can be found in the Court's August 24, 2021 motion to dismiss decision, Dkt. No. 70 ("August 2021 Memorandum-Decision and Order").

### B. Procedural History

In September 2020, Plaintiffs effected service of process upon PLOT by serving Andrews and Friedman, who Plaintiffs contend are authorized agents of PLOT. Dkt. Nos. 17, 20. After PLOT failed to answer or respond to the Complaint, an entry for default was entered by the Clerk against PLOT. Dkt. Nos. 27, 36. Subsequently, Plaintiffs filed the present motion for default judgement as to PLOT. Default Judgment Motion. Andrews and Friedman responded, contending that they were not properly served and that neither of them are an "officer, a managing or general agent, or any other agent authorized by appointment or by law" of PLOT. See generally Andrews Opposition to Default Judgment Motion and Friedman Opposition to Default Judgment Motion. Plaintiffs argued that they completed proper service on Andrews and Friedman, proper service on Andrews and Friedman constituted proper service on PLOT, and the Court should authorize discovery regarding service if there are factual issues on who is an authorized agent for PLOT. Plaintiffs' Reply at 1–9.

On February 6, 2021, and February 9, 2021, Plaintiffs served Andrews and Friedman once more. See Dkt. Nos. 52 and 53. Andrews admitted in his motion to dismiss pursuant to rule 12(b)(5) that he did receive the second attempt at service in February 2021, but still argued that he is not a principal or agent of PLOT. Andrews 12(b)(5) Motion ¶¶ 2, 5. Friedman also admitted

that she received service in February 2021, but still argued that she is not a representative of PLOT. Friedman 12(b)(5) Motion.

After the Court received the parties' motions, the Court ordered the parties to submit supplemental briefing on whether Andrews and Friedman were properly served. See Dkt. Nos. 68, 69 ("Plaintiffs' Sur-Reply"), and 71 ("Friedman Sur-Reply").

### III. LEGAL STANDARD

#### A. Default Judgment

"Rule 55(b) of the Federal Rules of Civil Procedure provides for the entry of default judgment in the event a defendant has failed to plead or otherwise defend in an action." Pert 35, Inc. v. Amari Aviation Ltd., No. 09-CV-448, 2010 WL 1257949, at *3 (N.D.N.Y. Mar. 5, 2010), report and recommendation adopted by No. 09-CV-448, 2010 WL 1257950 (N.D.N.Y. Mar. 25, 2010); see also Fed. R. Civ. P. 55(b). "That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered[.]" Buttnugget Publ. v Radio Lake Placid, Inc., 807 F. Supp. 2d 100, 105 (N.D.N.Y. 2011) (quoting Pert 35, Inc., 2010 WL 1257949, at *3). A proper motion for default judgment requires a plaintiff to (1) show that the defendant was properly served with a summons and complaint; (2) obtain the clerk's entry of default; and (3) provide an affidavit. Id.; Fed. R. Civ. P. 55(b)(2); N.Y.N.D. L.R. 55.1 and 55.2.

"The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part of that amount has

been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred." Golub Corp. v KLT Indus., Inc., No. 18-CV-1125, 2020 WL 3254133, at *2 (N.D.N.Y. June 16, 2020) (Kahn, J.) (citing L.R. 55.2(a)).

### B. Rule 12(b)(5) Motion to Dismiss

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Sikhs for Justice v. Nath, 850 F. Supp. 2d 435, 439–40 (S.D.N.Y. 2012) (quoting Dynegy Midstream Servs. v. Trammochem, 451 F.3d 89, 94 (2d Cir. 2006)). On a motion to dismiss pursuant to 12(b)(5) for deficient service of process, the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Soos v. Niagara County, 195 F. Supp. 3d 458, 462 (W.D.N.Y. 2016) (quoting In re Magnetic Audiotape Antitrust Litig., 334 F.3d 205, 206 (2d Cir. 2003)). Plaintiff must meet this burden by making a prima facie case of proper service "through specific factual allegations and any supporting materials." Kwon v. Yun, No. 05-CV-1142, 2006 WL 416375, at *2 (S.D.N.Y. Feb. 21, 2006). "A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." Soos, 195 F. Supp. 3d at 463 (quoting Jackson v. City of New York, No. 14-CV-5755, 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015)).

### IV. DISCUSSION

Plaintiffs' motion for default judgment is dependent on PLOT having been effectively served with process. See Sik Gaek, Inc. v. Yogi's II, Inc., 682 Fed. App'x 52, 54 (2d Cir. Mar. 10, 2017) ("Among other things, the moving party must demonstrate that entry of default is appropriate, which requires a showing that the non-appearing party was effectively served with

process."). Here, only PLOT was listed as a Defendant, and not Aviva Friedman nor Masai Andrews. See Docket. Thus, the Court must resolve two issues: (1) whether Friedman and Andrews were properly served; and (2) if they were properly served, whether this constitutes proper service on PLOT.

### A. Proper Service on Friedman and Andrews

Plaintiffs first served Friedman and Andrews in September 2020, and then in February 2021. The parties dispute the September 2020 service, but not the one in February 2021. See Andrews 12(b)(5) Motion ¶ 2 ("On February 9, 2021, I received service of a summons in a civil action"); Friedman 12(b)(5) Motion ("I have been served apparently as a representative of a defendant, PLOT, in the above captioned action."). Even if the September 2020 service was not proper, Plaintiffs are entitled to a discretionary extension of time and the Court deems the February 2021 service as timely and proper.

Federal Rule of Civil Procedure 4(m) instructs courts to dismiss an action without prejudice when service was not made properly or order that service be made within a certain amount of time, "thereby granting the [C]ourt a degree of discretion." Soos, 195 F. Supp. 3d at 464. Rule 4(m) also states that the Court "must extend the time for service" "if Plaintiff shows good cause for the failure."

Even in the absence of good cause, the Court can exercise its discretion to extend the time for Plaintiff to effect service. "In exercising this discretion, courts consider 1) whether the statute of limitations would bar a re-filed action, 2) whether the defendant attempted to conceal the defect in service, 3) whether the defendant would be prejudiced by excusing the plaintiff from the time constraints of the provisions, and 4) whether the defendant had actual notice of the

claims asserted in the complaint." Saunders v. Ryan, No. 17-CV-765, 2018 WL 922189, at *2 (N.D.N.Y. Feb. 15, 2018) (quoting Feingold v. Hankin, 269 F. Supp. 2d 268, 277 (S.D.N.Y. 2003)) (Kahn, J.).

The Court does not have to determine whether Plaintiffs demonstrated good cause because the factors warrant a discretionary extension of time.

1. *Statute of Limitations Barring a Re-filed Action*

Plaintiffs claim that PLOT violated 42 U.S.C. § 1985(3). Default Judgment Motion at 7–10. 1985(3) claims are subject to a three-year statute of limitations. Bishop v. Henry Modell & Co., No. 08-CV-7541, 2009 WL 3762119, at *5 (S.D.N.Y. Nov. 10, 2009). There is no indication that Plaintiffs would be unable to maintain their action if service were deemed improper because the statute of limitations have not run. This factor weighs against granting an extension.

2. *Attempt to Conceal Defect in Service*

There is no indication that Andrews, Friedman, and PLOT attempted to conceal the defect in service. "In fact, by filing [their] motion[s], [Andrews and Friedman] pointed out the alleged defect." Zaffuto v. Peregrine Health Mgmt., 280 F.R.D. 96, 100 (W.D.N.Y. 2012). Thus, this factor also weighs against granting an extension, but this factor is entitled relatively little weight. Compare id. with Bastedo v. N. Rose-Wolcott Cent. Sch. Dist., No. 10-CV-6162L, 2011 WL 2110812, at *2 (W.D.N.Y. May 26, 2011) ("The third factor, whether the defendant attempted to conceal the defect in service, is neutral. [Defendant] made no attempt to conceal any defect, but timely moved to dismiss the action on the grounds of the allegedly untimely service.").

### 3. *Prejudice to Defendant in Granting the Extension*

This factor weighs in favor of granting an extension. The Court can imagine no prejudice to PLOT, especially since PLOT has not even appeared in this action.

### 4. *Actual Notice of Claims*

This factor also weighs in favor of granting an extension. The Court agrees that since September 2020, Plaintiffs went "to great lengths to keep PLOT informed of proceedings through the PLOT representatives and by providing filed papers to PLOT's email address and Facebook account." Plaintiffs' Sur-Reply at 6. Thus, PLOT had actual notice of the lawsuit brought against it. With respect to Andrews and Friedman, since both have filed documents before this Court, the existence of this lawsuit was no belated surprise to them.

In light of these considerations and the general preference for disposition of cases on the merits, see Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995), the balance of equities tip in favor of Plaintiffs. Thus, the Court finds Plaintiffs are entitled to a discretionary extension of time and deems the February 2021 service of the summons and complaint upon Andrews and Friedman as timely and proper.

**B. Proper Service on PLOT**

Next, the Court determines whether there was proper service on PLOT via Andrews and Friedman. PLOT can be served "by delivering a copy of the summon and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(h)(1)(B). At this time, the Court does not have enough evidence to conclusively decide whether Friedman or Andrews are "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive

7

service of process" for PLOT. Therefore, the Court will allow the parties an appropriate amount of time to conduct limited discovery to 1) confirm if Friedman or Andrews are the proper agents of PLOT and 2) confirm other individuals who are proper agents of PLOT, if necessary.

As a result, all three motions are denied without prejudice. At the end of the limited discovery period, the parties must submit a status report and the Court will entertain any renewed motions.

### C. Remaining Issues

The Court can briefly dispose of Friedman's sur-reply argument that PLOT lacks the capacity to be sued under Rule 17. Friedman Sur-Reply at 3–8. As the Second Circuit explained, "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause. A person must be litigating an interest personal to him." Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998). Friedman is pro se and not licensed as an attorney. See Dkt. Nos. 56, 61. Unlike the service arguments, which are personal to her, Friedman is pursuing a legal claim on behalf of PLOT by arguing that PLOT lacks the capacity to be sued. See Oliver v. 940 Fulton LLC, No. 15-CV-103, 2015 WL 998155, at *1 (E.D.N.Y. Mar. 5, 2015) ("However, a person who is not licensed to practice law may not appear pro se to represent a corporation or any artificial entity, such as a partnership, unincorporated association or limited liability company."). "[Friedman] can only proceed *pro se* in this action to pursue [her] own claims; [s]he cannot pursue claims on behalf of [PLOT]." Japanese Juices LLC v. United States, No. 20-CV-1371, 2020 WL 8679708, at *1 (S.D.N.Y. Mar. 5, 2020). This argument may be considered once an attorney presents PLOT's legal claims.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the parties will conduct discovery for **45 days** for the limited purpose as described in this Memorandum-Decision and Order. At the completion of the limited discovery period on October 24, 2021, the parties must submit a status report.

**ORDERED**, that Plaintiffs' Motion for Default Judgment (Dkt. No. 37) is **DENIED WITHOUT PREJUDICE WITH LEAVE TO RENEW** after limited discovery has been completed; and it is further

**ORDERED**, that Musai Andrews' Motion to Dismiss under 12(b)(5) (Dkt. No. 51) is **DENIED WITHOUT PREJUDICE WITH LEAVE TO RENEW** after limited discovery has been completed; and it is further

**ORDERED**, that Aviva Friedman's Motion to Dismiss under 12(b)(5) (Dkt. No. 55) is **DENIED WITHOUT PREJUDICE WITH LEAVE TO RENEW** after limited discovery has been completed; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	September 09, 2021
	Albany, New York

Lawrence E. Kahn
U.S. District Judge