UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
YOUNG AMERICAN'S FOUNDATION,
BINGHAMTON UNIVERSITY COLLEGE
REPUBLICANS; and JON LIZAK, President Of the
College Republicans of Binghamton University,

                                                *Plaintiff*,

-against-

HARVEY STENGER, President of SUNY-Binghamton, in
his official and individual capacities; BRIAN ROSE, Vice
President for Student Affairs of SUNY Binghamton, in his
official and individual capacities; JOHN PELLETIER,
Chief of SUNY-Binghamton UPD, in his official and
individual capacities; COLLEGE PROGRESSIVES, a
student organization at SUNY-Binghamton;
PROGRESSIVE LEADERS OF TOMORROW ("PLOT");
STUDENT ASSOCIATION OF BINGHAMTON
UNIVERSITY,

                                                *Defendants*.

**ANSWER**

**Jury Trial Demanded**

20-CV-822

LEK/ML

      Defendants Harvey Stenger, Brian Rose and John Pelletier, by their attorney, Letitia James, Attorney General of the State of New York, John F. Moore, Assistant Attorney General, of counsel, answer the Complaint as follows:

      1.     As to the allegations contained in paragraphs "1", "2", "3", "4", "5", "6", "7", "8", and "9" of the Complaint, these defendants assert that these paragraphs contain a statement of the case and do not require a formal response, respectfully refer the Court to the statutes, case law and Constitutional provisions cited therein for their content, refer all jurisdictional and venue questions to the Court, deny that the answering defendants violated the cited statutes, Constitutional provisions or plaintiffs' civil rights, and refer all questions of law to the Court.

      2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "10", "11", "13", "14", "15", "16" "17", "33", "34", "35",

"36", "37", "38", "39", "42", "43", "44", "45", "46", "48", "52", "69", "70", "72", "76", "100", "101", "102", "103", "107", "111", "120", "124" of the Complaint, and refer all questions of law to the Court.

3.  With respect to the allegations in paragraph "12" of the complaint, admit insofar as College Republicans was a student organization at SUNY Binghamton during the time period relevant to the Complaint, deny that that student group is currently suspended, deny knowledge or information as to that entity's corporate status or number of members, and refer all questions of law to the Court.

4.  Admit the allegations contained in paragraphs "18", "26", "30", "89", "108", "109" of the Complaint, and refer all questions of law to the Court.

5.  With respect to the allegations in paragraph "19" of the Complaint, admit insofar as Defendant Stenger is one of the persons and groups at Binghamton University that is responsible for approving, creating or enforcing certain policies, rules or regulations, deny all other allegations in this paragraph, and refer all questions of law to the Court.

6.  With respect to the allegations in paragraph "20" of the Complaint, admit insofar as Defendant Stenger is aware of the SUNY policy entitled "Rules for the Maintenance of Public Order," deny all other allegations in this paragraph, and refer all questions of law to the Court.

7.  Deny the allegations contained in paragraphs "21", "22", "23", "24", "25", "28", "29", "32", "40", "53", "54", "55", "57", "59", "60", "61", "62", "63", "65", "66", "67", "68", "82", "84", "91", "93", "96", "97", "105", "106", "113", "117", "118", "119", "121", "122", "125", "126", "130", "132", "133","136", "138", "139", "140", "141", "142", "143", "144", "145", "146", "147", "152", "153", "154", "155", "156", "158", "159", "160", "161", "166",

"167", "168", "169", "184", "185", and "186" of the Complaint, and refer all questions of law to the Court.

8. With respect to the allegations in paragraph "27" of the Complaint, admit insofar as Defendant Rose is one of the persons and groups at Binghamton University that is responsible for adopting, approving, creating or enforcing certain policies, rules or regulations as they relate to student affairs, deny all other allegations in this paragraph, and refer all questions of law to the Court.

9. With respect to the allegations in paragraph "31" of the Complaint, admit insofar as Defendant Pelletier is one of the persons and groups at Binghamton University that is responsible for enforcing certain policies, rules or regulations as it pertains to law enforcement, deny all other allegations in this paragraph, and refer all questions of law to the Court.

10. With respect to the allegations in paragraph "41" of the Complaint, admit insofar as the Student Association has the authority to deny official recognition to student organizations, deny all other allegations in this paragraph insinuating that other persons or groups have the same or similar authority, and refer all questions of law to the Court.

11. With respect to the allegations in paragraph "47" of the Complaint, deny knowledge or information as to whether College Republicans were the group that organized the referenced tabling event, admit all other allegations in this paragraph, and refer all questions of law to the Court.

12. With respect to the allegations in paragraphs "49" and "50" of the Complaint, admit that the tabling event referred to in paragraph "47" was partially a promotion for the Laffer Event, and that the tabling event took place on the Spine without incident for a period of time, deny

knowledge or information as to the remainder of the allegations in those paragraphs, and refer all questions of law to the Court.

13. With respect to the allegations in paragraph "51" of the Complaint, admit insofar as people confronted the people who were operating the tabling event, deny knowledge or information as to the remainder of the allegations in those paragraphs except insofar as to deny the existence of a "mob", and refer all questions of law to the Court.

14. With respect to the allegations in paragraph "56" of the Complaint, admit insofar as 2 persons filed police reports, deny existence of a "mob", and refer all questions of law to the Court.

15. With respect to the allegations in paragraph "58" of the Complaint, admit insofar as Defendant Rose issued a statement, refer to that statement for its true and accurate contents, and refer all questions of law to the Court.

16. With respect to the allegations in paragraph "64" of the Complaint, admit insofar as Defendant Stenger issued a statement, refer to that statement for its true and accurate contents, deny all allegations following the word "but", and refer all questions of law to the Court.

17. With respect to the allegations in paragraph "71" of the Complaint, deny knowledge or information as to what Trammell "sought", deny all remaining allegations in that paragraph, and refer all questions of law to the Court.

18. With respect to the allegations in paragraphs "73", "74" and "75" of the Complaint, denies knowledge or information as to the allegations therein, other than to refer to the flyer in question for its true and accurate contents therein, and refer all questions of law to the Court.

19. With respect to the allegations in paragraphs "77", "78", "79", "80", "81", "83", "85", "86", "87" and "88" of the Complaint, defendants were not personally present at that meeting

and cannot attest as to what was said by those present, but admit insofar as Binghamton University decided to increase the number of police officers present at the Laffer event, and that the event was moved to a lecture hall, deny all other allegations all other allegations in these paragraphs, and refer all questions of law to the Court.

20. With respect to the allegations in paragraph "90" of the Complaint, admit that two UPD police officers met Laffer at a nearby airport, deny knowledge or information as to whether any members or associates of YAF were present at the airport at the time, deny all other allegations in the paragraph, and refer all questions of law to the Court.

21. With respect to the allegations in paragraph "92" of the Complaint, admit that UPD officers shared social media posts with Laffer, deny all other allegations in the paragraph, and refer all questions of law to the Court.

22. With respect to the allegations in paragraph "94" of the Complaint, admit that UPD met with two individuals associated with Laffer approximately one hour before the event, deny knowledge or information of all other allegations in the paragraph, and refer all questions of law to the Court.

23. With respect to the allegations in paragraph "95" of the Complaint, admit that UPD stated they were aware of protestors planning on attending the event, deny all other allegations in the paragraph, and refer all questions of law to the Court.

24. With respect to the allegations in paragraph "98" of the Complaint, admit insofar as people were outside of the lecture hall before the event, deny that people were packed into the adjacent lecture hall, and deny knowledge or information as to all other allegations in this paragraph, and refer all questions of law to the Court.

25. With respect to the allegations in paragraph "99" of the Complaint, admit insofar

as people entered the lecture hall upon the opening of the lecture hall doors, deny all remaining allegations in that paragraph, and refer all questions of law to the Court.

26. With respect to the allegations in paragraph "104" of the Complaint, admit insofar as UPD made a statement inside the lecture hall directing people to sit down and informing the people about the fire code, deny all remaining allegations in that paragraph, and refer all questions of law to the Court.

27. With respect to the allegations in paragraph "110" of the Complaint, admit insofar as Laffer's speech was interrupted by an individual shortly after it began, deny knowledge or information as to all remaining allegations in that paragraph, and refer all questions of law to the Court.

28. With respect to the allegations in paragraph "112" of the Complaint, admit insofar as there was applause and that a person was handed a megaphone, deny knowledge or information as to all remaining allegations in that paragraph, and refer all questions of law to the Court.

29. With respect to the allegations in paragraph "114" of the Complaint, admit insofar as people stood up and displayed signs in the lecture hall, deny knowledge or information as to all remaining allegations in that paragraph, and refer all questions of law to the Court.

30. With respect to the allegations in paragraph "115" of the Complaint, admit insofar as a person used a megaphone to speak, deny all remaining allegations in that paragraph, and refer all questions of law to the Court.

31. With respect to the allegations in paragraph "116" of the Complaint, admit insofar as persons tried to form a barrier around the speaker with the megaphone, deny knowledge or information as to all remaining allegations in that paragraph, and refer all questions of law to the Court.

32. With respect to the allegations in paragraph "123" of the Complaint, admit insofar as people were inside the lecture hall and nearby areas, deny knowledge or information as to all remaining allegations in that paragraph including the identity of those persons or how long they remained, and refer all questions of law to the Court.

33. With respect to the allegations in paragraph "127" of the Complaint, deny that Defendant Rose "conceded" anything, admit that a statement was issued, refer to that statement for its true and accurate contents therein, and refer all questions of law to the Court.

34. With respect to the allegations in paragraph "128" of the Complaint, admit insofar as Defendant Rose issued a statement, refer to that statement for its true and accurate contents therein, deny all remaining allegations in that paragraph, and refer all questions of law to the Court.

35. With respect to the allegations in paragraph "129" of the Complaint, deny knowledge or information whether any of the records referred to in this paragraph were published in the campus newspaper or whether Plaintiff received notice of criminal proceedings, deny all remaining allegations in that paragraph, and refer all questions of law to the Court.

36. With respect to the allegations in paragraph "131" of the Complaint, admit insofar as Defendants Stenger and Rose do not approve or deny permits to table on campus, deny knowledge or information as to all remaining allegations in that paragraph, and refer all questions of law to the Court.

37. With respect to the allegations in paragraph "134" of the Complaint, deny knowledge or information as to whether the students present were associated with or members of the College Republicans or whether Lizak was present, Defendants Stenger and Rose admit as to all remaining allegations in that paragraph, Defendant Pelletier denies knowledge or information as to all allegations therein, and refer all questions of law to the Court.

38. With respect to the allegations in paragraph "135" of the Complaint, admit insofar as Defendant Rose stated that Binghamton University was aware of potential protestors, deny as to all remaining allegations in that paragraph, and refer all questions of law to the Court.

39. With respect to the allegations in paragraph "137" of the Complaint, admit insofar as Defendant Rose spoke to students about potential discipline of College Progressives, deny as to all remaining allegations in that paragraph, and refer all questions of law to the Court.

40. As to the allegations contained in paragraphs "149", "150", "151", "163", "164", "165", "175", "181", "182", "183" of the Complaint, these defendants assert that these paragraphs contain a statement of the law or Constitutional provisions and do not require a formal response, respectfully refer the Court to the statutes and Constitutional provisions cited therein for their content, deny that the answering defendants violated the cited statutes, Constitutional provisions or plaintiffs' civil rights, and refer all questions of law to the Court.

41. Defendants deny the allegations in paragraphs "171", "172", "173", "176", "177", "178" and "179", affirmatively state that these claims were dismissed by the Court's order dated August 24, 2021 (Dkt. 70), and refer all questions of law to the Court.

42. Deny that Plaintiffs are entitled to the relief sought in the portion of the Complaint titled "PRAYER FOR RELIEF", and refer all questions of law to the Court.

43. Repeat the above responses with respect to the allegations of paragraphs "148", 157", "162", "170", "174", and "180" of the Complaint as if fully set forth herein.

44. Deny any allegation of the Complaint not specifically responded to above.

## Defenses

45. The Complaint fails to state a claim upon which relief can be granted.

46. The Complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

47. The Complaint is barred by the applicable statute of limitations.

48. Plaintiffs have failed to serve the Complaint within the 120 day time period provided by Federal Rules of Civil Procedure 4(m).

49. The Complaint is barred, in whole or in part, under the Eleventh Amendment.

50. No personal jurisdiction has been acquired over Defendants Stenger, Rose and/or Pelletier.

51. No personal jurisdiction has been acquired over Defendants Stenger, Rose and/or Pelletier because the method and form of service of process was not authorized by the Federal Rules of Civil Procedure or by any incorporated state procedure.

52. Defendants Stenger, Rose and/or Pelletier were not personally involved in some or all of the alleged constitutional or statutory violations, and are therefore not liable under 42 U.S.C. § 1983.  The doctrine of <u>respondent superior</u> does not apply in civil rights cases, and the Complaint should therefore be dismissed.

53. Some or all of Plaintiffs failed to exhaust administrative remedies.

54. The doctrine of unclean hands bars certain claims.

55. At all times relevant to the Complaint, defendants' actions were based upon legitimate, non-discriminatory grounds.

56. Plaintiffs failed to mitigate any damages they may have sustained.

57. Plaintiffs damages, if any, were caused by parties or non-parties other than these answering Defendants.

58. This action is barred by the election of remedies.

59. Defendants did not participate, condone, or acquiesce in any policy or practice that discriminated against Plaintiff on any unlawful basis.

60. Defendants exercised reasonable care to prevent and/or correct discriminatory or harassing conduct.

61. The answering defendants are entitled to absolute and/or qualified immunity.

62. All defendants are entitled to state common law immunity.

63. Defendants did not participate, condone, or acquiesce in any policy or practice that discriminated or retaliated against Plaintiffs on any unlawful basis.

64. Defendants hereby demand a trial by jury.

WHEREFORE, Defendants respectfully ask that this Court deny the relief requested, dismiss the Complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Albany, New York
October 7, 2021

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants Stenger, Rose and Pelletier
The Capitol
Albany, New York  12224

By: *s/ John F. Moore*
John F. Moore
Assistant Attorney General, of Counsel
Bar Roll No.   105188
Telephone:    (518) 776-2293
Fax: (518) 915-7738 (not for service of papers)
Email: john.moore@ag.ny.gov

TO: **Andrew Hruska, Esq. & Joseph Zales, Esq.**
King, Spaulding Law Firm - NY Office
Attorneys for Plaintiffs
1185 Avenue of the Americas
New York, NY 10036-4003
212-556-2278
Email: ahruska@kslaw.com
Email: jzales@kslaw.com

**Jonathan A. Scruggs, Esq. & Tyson Charles Langhofer, Esq.**
Alliance Defending Freedom - AZ Office
Attorneys for Plaintiffs
15100 N. 90th Street
Scottsdale, AZ 85260
480-444-0020
Email: jscruggs@alliancedefendingfreedom.org
Email: tlanghofer@adflegal.org

**Thomas A. Saitta, Esq.**
Aswad, Ingraham Law Firm
Attorneys for Defendant Student Association of Binghamton University
46 Front Street
Binghamton, NY 13905
607-722-3495
Fax: 607-722-2566
Email: tom.saitta@ailaw.com

**Peter A. Orville, Esq.**
Orville & McDonald Law, P.C.
Attorneys for Defendant College Progressives
30 Riverside Drive
Binghamton, NY 13905
607-770-1007
Email: peteropc@gmail.com