# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Andrew C. Hruska
Partner
Direct Dial: +1 212 556 2278
Direct Fax: +1 212 556 2222
ahruska@kslaw.com

October 25, 2021

**VIA ECF**

The Honorable Lawrence E. Kahn
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 424
Albany, NY 12207-2926

Re: *Young America's Foundation et al v. Stenger et al*, 3:20-cv-822-LEK-ML

Dear Judge Kahn,

      Pursuant to the Court's September 9, 2021 Order ("Order"), Plaintiffs respectfully submit this status report on Plaintiffs' authorized discovery efforts to 1) confirm if Aviva Friedman or Masai Andrews are the proper agents of PLOT for the purposes of service and 2) confirm other individuals who are proper agents of PLOT, if necessary. ECF No. 72.

      Through this discovery, Plaintiffs have confirmed that Mr. Andrews is a proper agent of PLOT for the purposes of service. Below, Plaintiffs present evidence sufficient for the Court to "conclusively decide whether . . . Andrews [is] 'an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process' for PLOT." ECF No. 72 at 7-8. Plaintiffs also detail their substantial and diligent discovery efforts (notwithstanding significant obstacles), provide an overview of what we have learned, and request a one-month extension of the current discovery deadline (*if* the Court requires additional evidence to determine whether Mr. Andrews can accept service on behalf of PLOT).

### I. Plaintiffs' discovery efforts have confirmed Mr. Andrews is authorized by law to receive service for PLOT.

Plaintiffs sued PLOT (and others) almost *fifteen months ago* in July 2020 for conspiring to violate their constitutional rights. PLOT's conduct is central to the lawsuit. Among other things, 1) PLOT posted on social media a notice organizing their members to disrupt the Dr. Laffer event; 2) recently produced text messages show PLOT did in fact plan to disrupt the event; and 3) individuals with armbands, hooded sweatshirts, and pins bearing the PLOT insignia did, in fact, disrupt the Dr. Laffer event and cancel Plaintiffs' speech.

We served PLOT with notice of our lawsuit more than a year ago in September 2020 through Mr. Andrews (and Ms. Friedman).[1] Yet PLOT has entirely refused to engage in the legal process and Mr. Andrews has disavowed any connection to PLOT, recently representing to Magistrate Judge Lovric "this is a case of either mistaken identity or an attempt by the plaintiff to just attach a face to an organization that they don't have any legitimate ties to or information about." Oct. 12, 2021 Hearing Tr., 12:3-7. Mr. Andrews *is*, however, a leader of PLOT and his representations to the contrary—in open court and during his deposition—are perjury.

#### a. Mr. Andrews operates on social media and in text messages under the *nom de plume* Roderick Douglass.

As explained in a letter to Magistrate Lovric on October 22, Plaintiffs have established a reasonable basis for the Court to conclude that Mr. Andrews operates online and in group text messages as "Roderick Douglass." ECF No. 97 at 2-4.

- Plaintiffs have cross-referenced public reporting of Mr. Andrews' arrests in Binghamton and in Rochester, New York, against Facebook posts from Roderick Douglass – which include an avatar from the television show South Park – discussing arrests in the same locations for the same charges. *Id.* at 2-3.

- In Andrews' affidavit opposing Plaintiffs' Motion for Default Judgment (ECF No. 42), Mr. Andrews alleged that he first learned of this action in a November 20, 2020 email from Plaintiffs' counsel. ECF No. 97 at 3 (citing ECF. No. 42 ¶ 8). One day later, on November 21, 2020, Roderick Douglass posted on his Facebook page: "I can't go into too much detail, but 'Roderick Douglass' is named in several pending civil suits and these lawyers really be submitting my shitposts and memes into evidence. . . . But they really be lurking my page day and night to try and build charges, mainly of racial discrimination (against whites). They've even

---

[1] To ensure more than adequate notice, Plaintiffs also emailed papers to the PLOT Gmail account and messaged the PLOT Facebook account.

- submitted my profile picture and noted that it's actually a 'south park caricature' meant to represent me. Criminal cases are nowhere near as entertaining. I love it. #WasteTheirTime2020 #SueMe #Please." *Id.* (citing ECF No. 44-4).

- During Plaintiffs' deposition of Tarik Abdelazim on October 18, 2021, Plaintiffs asked, "Are you aware of a social media account . . . with the name Roderick Douglas[s]?" Abdelazim responded, "Yeah, everybody is. . . . **I believe that's Masai Andrews**." Oct. 18, 2021 Abdelazim Deposition Tr. at 55:16-21. (Attached as Exhibit A) (emphasis added).

- Binghamton Mayor Richard C. David stated in his Declaration to this Court: "It is well-known to me and in the Binghamton community that **Masai Andrews operates on social media under the pseudonym Roderick Douglass**." ECF No. 44-6 ¶ 7 (emphasis added).

- A news article dated August 15, 2020 includes a picture of Mr. Andrews speaking into a microphone at an event, with a megaphone over his shoulder. Tellingly, the caption to the picture of Mr. Andrews states: "Roderick Douglas [*sic*] of the Binghamton-based organization Progressive Leaders of Tomorrow addresses a crowd of more than 100 at a Black Lives Matter demonstration Saturday at the Bainbridge Village Green." ECF No. 97, Exhibit A.

- A police report provided by the Binghamton Police Department in response to Plaintiffs' subpoena in this matter connects Mr. Andrews with the Roderick Douglass Facebook profile. According to the report, a Jorge Hernandez identified his ex-girlfriend's new boyfriend as "Roderick Douglass" on Facebook after a physical altercation with "Roderick Douglass." ECF No. 97, Exhibit B. Police investigating the matter spoke with Hernandez's ex-girlfriend, who identified her current boyfriend as Masai Andrews. *Id.* Police investigated the matter and conducted a photo array with Hernandez, who positively identified a photograph of Masai Andrews as the individual involved in the altercation whom he knows as "Roderick Douglass." *Id.*

- Until recently, Mr. Andrews never denied Plaintiffs' contention that he operates as Roderick Douglass, despite numerous opportunities to do so. While Plaintiffs first connected Mr. Andrews with Roderick Douglass on September 18, 2020 (ECF No. 21 at 3), Mr. Andrews never previously disputed that specific allegation. ECF No. 42 ¶¶ 21-29; *see also*, ECF Nos. 50 and 76. But when Mr. Andrews appeared before the Court on October 12, he suddenly claimed that this to be a case of "mistaken identity." Oct. 12 Hearing Tr. 12:3-7. Then, at his deposition on October

October 25, 2021
Page 4

> 18, Mr. Andrews doubled down on his apparent claim of mistaken identity. When Plaintiffs asked Mr. Andrews if he ever posted on social media as Roderick Douglass, he responded "No, never. . . . I have no idea who that is." Oct. 18 Andrews Deposition Tr. 20:11-19 (attached as Exhibit B).

The weight of the evidence shows that there is a widespread understanding in the Binghamton community (and in the media) that Mr. Andrews and "Roderick Douglass" are the same person. In light of the above evidence, his denials at this late stage are simply not credible.

### b. Mr. Andrews—through one or more of his pseudonyms—leads PLOT, including with respect to the disruption of the Dr. Laffer event.

Mr. Andrews has substantial involvement with PLOT, as demonstrated by public reporting, social media, individuals in Binghamton with whom we have spoken, Ms. Friedman's partial production in response to our subpoena, and Defendant Pelletier's response to our subpoena.[2] The evidence showing Mr. Andrews' leadership of PLOT includes:

- As noted above, a news article dated August 15, 2020 includes a picture of Mr. Andrews speaking into a microphone at an event. Tellingly, the caption for the picture of Mr. Andrews says: "Roderick Douglas [sic] of the Binghamton-based organization Progressive Leaders of Tomorrow addresses a crowd of more than 100 at a Black Lives Matter demonstration Saturday at the Bainbridge Village Green." ECF No. 97, Exhibit A.

- During his deposition on October 18, Tarik Abdelazim named Masai Andrews as one of several people who "are engaged in Citizen Action [and] saw PLOT as a way to . . . reenergize Black-led organizing in the area around justice issued." Oct. 18 Deposition Tr. 44:1-17.

- In response to Plaintiffs' subpoena request for documents, Aviva Friedman provided a group text message regarding the planned disruption of the Dr. Laffer Event. Among other things, this series of messages shows Masai Andrews (again using his alias Roderick Douglass): writing that the Dr. Laffer event "is gonna be lit"; opining on a statement by Defendant College Progressives and expressing "hope" that they release the statement with details about the "response" planned for the Dr. Laffer event; and requesting that Defendant College

---

[2] Plaintiffs have catalogued Andrews' leadership of PLOT in previous filings, including ECF Nos. 21, 44, 57, 79.

October 25, 2021
Page 5

- Progressives share the address of the Dr. Laffer event. (Attached as Exhibit C).

- In response to Plaintiffs' request for production, Defendant Pelletier produced a social media post from Roderick Douglass on the same day as the Dr. Laffer event. In relevant part, the post stated: "Tonight there's a Black student-led demonstration in response to a white nationalist lecture on campus. 7pm, BU Lecture Hall . . . PLOT Meeting 2.0 tonight (before BU action) . . . ." (Attached as Exhibit D at 5).

- The above-referenced Declaration from Binghamton Mayor Richard C. David, states: "Masai Andrews is known to me and in the local Binghamton community as a leader of PLOT." ECF No. 44-6.

- The same Declaration from Mayor David also states: "On about November 7, 2019, I attended a public PLOT meeting at the Broome County Public Library. Mr. Andrews walked up to the microphone to address the seated audience and informed them that the meeting would begin shortly. However, Mr. Andrews told the audience that I was seated in the back and would not be welcome to stay. It was evident from this interaction that Mr. Andrews was one of the people leading the PLOT meeting that night." ECF No. 44-6.

- On Facebook, Mr. Andrews has called for PLOT volunteers via his Roderick Douglass account. One particular post states that one way to help is to "Volunteer: PLOT always needs physical and creative labor." ECF No. 44-7. He also encourages people to join PLOT's mailing list, forward PLOT "email blasts" to their network, follow PLOT social media pages, "[c]ome to PLOT's free community events," and to donate money through PLOT's PayPal account. ECF No. 44-7. *See also*, ECF No. 21-11 (asking for donations for an upcoming event called "PLOT: Bystander Intervention Training").

- Mr. Andrews has also posted PLOT press releases on Facebook via his Roderick Douglass alias. ECF No. 21-10.

- Mr. Andrews also appears to have access to and control of PLOT's Facebook and other social media pages. On December 16, 2019, Roderick Douglass referenced a post of his from November 1, 2017 that said: "Omg were [sic] at 499 likes on the PLOT page 1 more like and we jump up into a larger reach category && better analytics!" (Attached as Exhibit E). Mr. Andrews' access and control over PLOT's social media is further confirmed by a January 31, 2019 article from *Pipe Dream*, a SUNY-Binghamton student newspaper, which describes Roderick

> Douglass as PLOT's "social media coordinator". (Attached as Exhibit F). A September 5, 2019 article by *Justice and Unity for the Southern Tier* also describes Roderick Douglass as PLOT's social media coordinator. At the end of the article, the third image of the event appears to show Andrews addressing the crowd while wearing a purple shirt and standing on wooden pallets. (Attached as Exhibit G).

The above evidence shows that Mr. Andrews, both himself and through his alias Roderick Douglass, leads PLOT activities in the Binghamton community, including protests, fundraising, public relations, and social media coordination. The evidence also shows that Mr. Andrews was directly involved in the violation of Plaintiffs' constitutional rights during the disruption of the Dr. Laffer event on November 18, 2019. Finally, Mr. Andrews' leadership of PLOT is further supported by his fifteen-month crusade against Plaintiffs' efforts to haul PLOT into Court. This has included, among other things, refusing service, challenging effective service, moving to quash Plaintiffs' subpoena, arguing an erroneous associational privilege (seemingly to protect an organization and individuals he claims to have zero affiliation with), and leaving his deposition despite Plaintiffs' requests that he join them in calling Magistrate Judge Lovric for relief with respect to his privilege claims. ECF No. 97; Oct. 18, 2021 Andrews Deposition Tr. at 26:6 – 27:17; 28:4-9; 46:22 – 52:6 (attached as Exhibit B).

### c. To conceal his unconstitutional activity, Mr. Andrews lied to the Court and to Plaintiffs when he argued he has zero ties to PLOT.

Mr. Andrews has shown a disregard for the legal process (including a propensity for perjury) and the Court should reject any claims that he cannot accept service on PLOT's behalf. *First*, at a hearing before Magistrate Judge Lovric on October 12, Mr. Andrews stated in open court: "[T]his is a case of either mistaken identity or an attempt by the plaintiff to just attach a face to an organization that they don't have any legitimate ties to or information about." Oct. 12, 2021 Hearing Tr., 12:3-7. *Second*, Mr. Andrews has claimed in response to Plaintiffs' subpoena that he has zero documents responsive to Plaintiffs' subpoena (as discussed in Section II). However, Aviva Friedman, another non-party, produced communications responsive to her nearly identical subpoena and Mr. Andrews (as Roderick Douglass) was a party to those communications. *Third*, during his deposition on October 18, Mr. Andrews again made misrepresentations on the record to bolster his claim of mistaken identity. For example, when Plaintiffs asked Mr. Andrews if he ever posted on social media as Roderick Douglass, he responded "No, never. . . . I have no idea who that is." Oct. 18 Andrews Deposition Tr. 20:11-19 (attached as Exhibit B). When weighed against the evidence, such claims fail and constitute indicia of perjury.

### d. This Court should hold that Mr. Andrews is authorized to accept service on PLOT's behalf.

PLOT has refused to comply with valid, Court-ordered legal process, and its members have taken the position that it cannot be sued and that it has no agents for service. Plaintiffs cannot be denied both party discovery against PLOT and non-party discovery against PLOT members. Any organization that has enough capacity to organize to attack others' civil rights has enough capacity to be sued. Congress enacted 42 U.S.C. §§ 1985 and 1986 specifically for this purpose. PLOT clearly has enough capacity to organize—through its website, social media, email list, text groups, fundraising, and regular meetings—when it suits its own ends, especially violations of others' civil rights. PLOT therefore has enough capacity to be sued; it cannot use its organizational capacity as both a sword and a shield.

Plaintiffs' service of Mr. Andrews constitutes valid service on PLOT. As shown above, Mr. Andrews "stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Montclair Elecs., Inc. v. Electra/Midland Corp.*, 326 F. Supp. 839, 842 (S.D.N.Y. 1971) (citations omitted). This Court should endorse Plaintiffs' service of PLOT through Mr. Andrews.

## II. Plaintiffs have issued several discovery devices aimed at identifying other potential proper agents of PLOT.

### a. Plaintiffs have been diligent with their discovery efforts.

Immediately upon receiving the Court's Order, Plaintiffs sent out targeted discovery aimed at 1) confirming if Aviva Friedman or Masai Andrews are the proper agents of PLOT for the purposes of service and 2) confirming other individuals who are proper agents of PLOT, if necessary.

On September 15, 2021, Plaintiffs sent out requests for production to Defendants Pelletier and College Progressives.

That same day, Plaintiffs also issued *subpoenas duces tecum* to the following non-parties:

- Masai Andrews
- Aviva Friedman
- Tarik Abdelazim
- SUNY-Binghamton University Police Department
- Binghamton Police Department

October 25, 2021
Page 8

- Binghamton City Clerk

Shortly thereafter, on October 1, 2021, Plaintiffs issued subpoenas for the depositions of Masai Andrews, Tarik Abdelazim, and Aviva Friedman for October 18 and 19.

### b. The Defendants' and non-parties' objections have delayed Plaintiffs' discovery efforts.

The Defendants and non-parties who received discovery requests have delayed the expeditious resolution of the service issue:

- In response to the RFP, Defendant Pelletier objected and requested a 15-day extension (to which Plaintiffs agreed). At the extended deadline, Defendant Pelletier did not produce a single document until Plaintiffs stated the intent to move to compel. Defendant Pelletier ultimately produced a small number of extremely relevant documents (*e.g.*, Roderick Douglass Facebook post regarding the Dr. Laffer event and incident reports from the Dr. Laffer event) *just one business day ago* on October 22. (Attached as Exhibits D & H).

- In response to the RFP, Defendant College Progressives responded that: College Progressives no longer exists as a SUNY-Binghamton student group; the group's former president was contacted to assist with the response; neither the former president nor any other person formerly associated with College Progressives has any responsive material; and, the College Progressives' former office was retrieved by the SUNY-Binghamton student association.

- In response to a *subpoena duces tecum*, Masai Andrews moved to quash on September 21, on the purported basis that he did not have access to any of the requested materials. ECF No. 76. At an October 12, 2021 hearing, Magistrate Judge Lovric compelled Mr. Andrews to comply by October 19. ECF No. 87. Mr. Andrews ultimately responded by that deadline, again claiming he had no materials. (Attached as Exhibit I). As shown in Section I, such a response is implausible.

- In response to a *subpoena duces tecum*, Aviva Friedman objected, claiming a purported associational privilege over the information sought. She only submitted a single document, and she did so in a cropped and annotated form, with all names redacted. Ms. Friedman did not produce an unaltered version of that highly relevant document until compelled to do so by this Court. ECF No. 93.

- In response to a *subpoena duces tecum*, Tarik Abdelazim wrote a page-long narrative defending PLOT and castigating Plaintiffs' suit before he indicated he had no responsive documents. After being subpoenaed for and attending his deposition, Mr. Abdelazim ultimately produced a small number of relevant materials on October 18.

- In response to a *subpoena duces tecum*, SUNY-Binghamton UPD identified—but failed to produce—an incident report. Such report was ultimately produced by Defendant Pelletier after Plaintiffs indicated an intent to move to compel. (Attached as Exhibit J).

- In response to their *subpoenas duces tecum*, Binghamton City Clerk and Binghamton Police Department requested a 30-day extension of time. Plaintiffs acquiesced to a 15-day extension. These entities ultimately produced a small number of relevant documents.

### c. Plaintiffs' efforts have identified additional individuals who may be agents of PLOT.

Notwithstanding these obstacles, Plaintiffs' discovery efforts have further connected three individuals—*in addition to Masai Andrews*—to the leadership of PLOT: Salka Valerio, Aviva Friedman, and Shanel Boyce.

Salka Valerio surfaced in the incident reports produced by Defendant Pelletier in response to an RFP. The incident reports discuss the Dr. Laffer event at length. Ms. Valerio is referred to as "unaffiliated PLOT member" who was present at the event and, while there, "obstructed [UPD's] lawful arrest" of a disruptor and "interfered with officers." (Attached as Exhibit H at 11). In an October 2019 Facebook post, Ms. Valerio admitted that she has worked with PLOT. "Yes, I have worked with PLOT. . . . If you look into various events and activities that [Binghamton] Mayor David has attempted to take credit for over the years, PLOT was behind many of them. There are photos of myself and the Mayor outside City Hall, raising flags for endeavours [sic] led and crafted by PLOT." (Attached as Exhibit K). In the same post, she also volunteered her amateur legal analysis, insisting that PLOT has no legal standing, a similar argument that Ms. Friedman has tried to make. "PLOT isn't a formal organization or registered agency. It has no legal standing or defined membership structure. It is not a non-profit or a business. PLOT is an idea that exists solely in the minds and hearts of this community." *Id.*

Shanel Boyce and Aviva Friedman both surfaced in Ms. Friedman's communications produced in response to the subpoena sent to Ms. Friedman. Ms. Boyce shared a flyer about the planned disruption and indicated she would ask SUNY-Binghamton students to provide the address of Dr. Laffer's speech to better facilitate its disruption. (Attached as Exhibit C). One news article from June 5, 2020

described Ms. Boyce as a "PLOT Organizer," (attached as Exhibit L), while a separate article from June 19, 2020 described her as a "PLOT leader" (Several news articles have described Boyce as a "leader with PLOT." (Attached as Exhibit M).

For her part, Ms. Friedman was privy to all of the communications she produced, which include a discussion of Defendant PLOT working with Defendant College Progressives to shut down the Dr. Laffer event. This evidence is all indicia of their leadership of PLOT and, when combined with the steps discussed in Section III, may confirm whether they are also agents of PLOT.

### III. If the Court requires additional evidence that Mr. Andrews is authorized by law to receive service for PLOT, Plaintiffs request a brief, one-month extension to take additional, limited discovery.

As explained in Section I, Plaintiffs' discovery efforts have confirmed Mr. Andrews is authorized by law to receive service for PLOT. If the Court requires additional evidence, Plaintiffs respectfully request a one-month extension of the discovery window. Notwithstanding Plaintiffs' diligence, this request is necessary to compile any additional evidence due to the objections and delays discussed in Section II.b. above.

During this extension, Plaintiffs would:

- Resume the deposition of Masai Andrews (as argued in the letter motion at ECF No. 97) to the extent granted by Magistrate Judge Lovric following the hearing before Judge Lovric set for October 27 (ECF No. 98);

- Conduct the deposition of Aviva Friedman, which was postponed due to her counsel's health;

- Issue a *subpoena duces tecum* to Salka Valerio for documents relating to her involvement with PLOT;

- Issue a *subpoena duces tecum* to Shanel Boyce for documents relating to her involvement with PLOT;

- Issue *subpoenas duces tecum* to additional individuals named in the incident reports produced by Defendant Pelletier one business day ago on October 22, 2021;

- Re-subpoena Tarik Abdelazim (or move to compel him) to produce certain materials he identified but withheld as outside of the relevant timeframe;

- Issue a *subpoena duces tecum* to Facebook to ascertain the email address associated with the Roderick Douglass and PLOT accounts.

Ms. Wischerath, counsel for Ms. Friedman, has agreed to join Plaintiffs' conditional request for an extension to take her client's deposition, which was postponed due to Ms. Wischerath's illness. Additionally, Assistant Attorney General Moore (counsel for State Defendants, including Defendant Pelletier) has requested that Defendant Pelletier be permitted to submit a supplemental response, with any additional materials responsive to Plaintiffs' subpoena, by October 29.[3] Assistant Attorney General Moore also requested that, to the extent an extension is granted, the new deadline be set for the end of November (as he has a trial starting November 15).

While Plaintiffs have confirmed Mr. Andrews can accept service for PLOT, these additional steps would enable Plaintiffs to further support the appropriateness of Mr. Andrews to receive service on behalf of PLOT and to identify and confirm additional individuals who may be served.

### IV.   Conclusion

For the foregoing reasons, Plaintiffs request that the Court recognize Mr. Andrews as a proper agent for service on PLOT. If the Court requires additional evidence, Plaintiffs request a one-month extension of the discovery window to confirm whether others, including Ms. Friedman, Ms. Boyce, and/or Ms. Valerio can accept such service.

Respectfully Submitted,

/s/ Andrew C. Hruska
ANDREW C. HRUSKA
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
ahruska@kslaw.com

---

[3] This offer of a supplemental response was made after Plaintiffs asked Assistant Attorney General Moore to confirm that certain search terms were utilized in preparing the initial response.