UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

YOUNG AMERICA'S FOUNDATION, *et al.*,

          Plaintiffs,

  -against-              3:20-CV-0822 (LEK/ML)

HARVEY STENGER, *et al.*,

          Defendants.

## DECISION AND ORDER

**I. INTRODUCTION**

  Plaintiffs Young America's Foundation ("YAF"), Binghamton University College Republicans, and Jon Lizak bring this action against Defendants Stenger, Brian Rose, John Pelletier, College Progressives, Progressive Leaders of Tomorrow ("PLOT"), and the Student Association of Binghamton University under the First Amendment, Fourteenth Amendment, and 42 U.S.C. §§ 1985(3), 1986. Dkt. No. 1 ("Complaint"). Presently before the Court is Plaintiffs' request to hold that Masai Andrews and Aviva Friedman are authorized to accept service on PLOT's behalf. See Dkt. No. 127 ("Request"). Both Andrews and Friedman disagree that they were agents of PLOT for purposes of service. See Dkt. Nos. 129 ("Andrews Opposition"), 138 ("Friedman Opposition"). Plaintiffs filed a Reply. See Dkt. No. 140 ("Reply"). For the reasons that follow, the Request is granted in part.

**II. BACKGROUND**

  **A. Factual History**

A detailed account of this case's facts can be found in the Court's August 24, 2021 motion to dismiss decision, Dkt. No. 70 ("August 2021 Memorandum-Decision and Order"), familiarity with which is assumed.

**B. Procedural History**

A detailed account of this case's procedural history can be found in the Court's September 9, 2021 default judgment decision, Dkt. No. 72 ("September 2021 Memorandum-Decision and Order"), and November 19, 2021 production decision. Dkt. No. 125 ("November 2021 Decision and Order").

Relevant to this case, on December 7, 2021, Defendants Stenger, Brian Rose, and John Pelletier filed a motion for protective order in regards to a three-page May 30, 2020 bulletin from Southern Tier Crime Analysis Center. Dkt. No. 126. After briefing by the parties, the Honorable Miroslav Lovric granted the protective order in part on January 18, 2022. Dkt. No. 141. However, the protective order did not otherwise restrict Plaintiffs in making use of information contained in these three pages. Id.

On December 7, 2021, Plaintiffs submitted an updated status report on discovery efforts to 1) confirm if Aviva Friedman or Masai Andrews are the proper agents of PLOT for the purposes of service and 2) confirm other individuals who are proper agents of PLOT, if necessary. See Request. Andrews and Friedman filed their responses on December 10 and December 23, 2021, respectively. See Andrews Opp'n and Friedman Opp'n. Andrews, in particular, responded by filing a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. See Andrews Opp'n. Plaintiffs filed their Reply on December 29, 2021. See Reply.

## III. DISCUSSION

"Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service[]." Am. Inst. of Certified Pub. Accountants v. Affinity Card, Inc., 8 F. Supp. 2d 372, 376 (S.D.N.Y.1998) (citing Montclair Electronics, Inc. v. Electra/Midland Corp., 326 F. Supp. 839, 842 (S.D.N.Y.1971)). The issue is quite fact specific. Russ Berrie & Co. v. T.L. Toys (HK) Ltd., No. 01-CV-4715, 2002 WL 31458232, at *1 (S.D.N.Y. Nov. 4, 2002).

### A. Andrews

After the period of limited discovery, the Court finds that it is "fair, reasonable and just" to infer Andrews' authority to receive service on behalf of PLOT. Plaintiffs rely on several pieces of evidence, but the Court finds the Declaration of Richard C. David, Mayor of Binghamton, Dkt. No. 44-6 ("Mayor Declaration"), the Southern Tier Crime Analysis Center[1] police bulletin, Dkt. No. 127-1 ("Police Bulletin"), and the deposition testimony of Tarik Abdelazim, Dkt. No. 127-3 ("Abdelazim Deposition"), to be sufficient.[2]

---

[1] "The [New York State] Division of Criminal Justice Services partners with local law enforcement agencies to support a network of Crime Analysis Centers that provide investigative support and information to help police and prosecutors more effectively solve, reduce and prevent crime." See New York State Division of Criminal Justice Services, https://www.criminaljustice.ny.gov/crimnet/ojsa/impact/CACCI.pdf (last visited February 10, 2022). The Southern Tier Crime Analysis Center is one of these centers. Id.; see also Dark Storm Indus. LLC v. Cuomo, 471 F. Supp. 3d 482, 488 n.1 (N.D.N.Y. 2020) (taking judicial notice of a NYS government website) (Kahn, J.).

[2] The Court does not need to address Plaintiffs' arguments regarding Andrews' supposed "Roderick Douglass" pseudonym.

First, Mayor David declared under penalty of perjury that "Masai Andrews is known to me and in the local Binghamton community as a leader of PLOT." Mayor Decl. ¶ 3.[3] Additionally, police records identify Andrews as a "leader/organizer" of PLOT. See Police Bulletin at 3; cf. Ests. of Ungar ex rel. Strachman v. Palestinian Auth., 304 F. Supp. 2d 232, 258 (D.R.I. 2004) (relying in part on the affidavit of a law enforcement official to imply a non-party's authority to receive service on behalf of defendant). Finally, in his deposition, Abdelazim noted that he was a PLOT supporter and that Andrews was one of the individuals who reenergized PLOT. Abdelazim Dep. at 15:16–18; 44:1–17. In his Opposition, Andrews claims that he has "no past or present involvement with PLOT" and "Plaintiff's counsel has provided zero evidence that [he has] ever been affiliated with PLOT, aside from speculation and hearsay[.]" Andrews Opp'n at 1–2. Andrews then focuses his Opposition on attacking Plaintiffs' evidence that Andrews is "Roderick Douglass," but the Court does not need to rule on this. See Opp'n at 2–3; see also supra n.2. Despite his denials and contentions, the Court is reminded that "[i]n assessing the foregoing facts it must be borne in mind that compliance with the rules governing service of process is to be construed in a manner reasonably calculated to effectuate their primary purpose: to give the defendant adequate notice that an action is pending." Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa, 428 F. Supp. 1237, 1251 (S.D.N.Y. 1977). PLOT has not made an appearance in this action for nearly two years, despite Plaintiffs' efforts. With that in mind, the Court finds that the evidence cumulatively supports a finding that

---

[3] Mayor David's term ended on December 31, 2021. See *Office of the Mayor, Welcome from Mayor Jared M. Kraham*, City of Binghamton, NY, https://www.binghamton-ny.gov/government/elected-officials/office-of-the-mayor (last visited February 10, 2022); see also supra n.1.

Andrews was in such a position within PLOT as to render it fair, reasonable and just to imply the authority on his part to receive service.

### B. Friedman

Having established that Andrews was "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for PLOT, the Court need not consider Plaintiffs' alternative arguments with respect to Friedman.[4]

## IV.   CONCLUSION

The Court briefly concludes by reminding the parties where we are in the case. The Court has already found that Andrews and Friedman were properly served, September 2021 Memorandum-Decision and Order at 7, and the only issue was whether there was proper service on PLOT via Andrews and Friedman. After limited discovery, the Court is convinced that there was proper service on PLOT via Andrews. Now, although PLOT never made an appearance in this action, the Court will afford PLOT a final **30 days** to respond to Plaintiffs' Complaint. If PLOT does not respond, the Court will entertain a renewed motion for default judgment from Plaintiffs that is in compliance with the Federal Rules of Civil Procedure and the Local Rules, but the Court will not grant any future motion for default judgment (or any motion in favor of Plaintiffs) without Plaintiffs addressing PLOT's legal existence and capacity to be sued, if

---

[4] Plaintiffs rely on the following: (1) Friedman attended PLOT meetings multiple times per month for four years; (2) Friedman is a local politician who publicly proclaimed her membership in PLOT; (3) Friedman was a member of a text group in which PLOT members explicitly discussed the planned disruption of the Laffer Event; and (4) Friedman's pattern of fiercely protective behavior during this litigation. Request at 9–10. To Plaintiffs, "[Friedman] is still acting as a leader of PLOT, not as a former, distant member." Request at 10. Still, any ruling by the Court as to Friedman's status as an agent of PLOT for service purposes would not impact the Court's conclusion with respect to Andrews. Thus, any undertaking of the Friedman analysis at this juncture would not be in the interest of judicial economy.

necessary.⁵ See Adelsberger v. United States, 58 Fed. Cl. 616, 618 (2003) ("[A] party must have a legal existence as a prerequisite to having the capacity to sue or be sued."); see also Fund Liquidation Holdings LLC v. Bank of Am. Corp., 991 F.3d 370, 382 (2d Cir. 2021) (noting the difference between capacity to sue and legal existence).

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Request (Dkt. No. 127) is **GRANTED in part**. Plaintiffs' request to hold that Masai Andrews is authorized to accept service on PLOT's behalf is **GRANTED.** Plaintiffs' request to hold that Aviva Friedman is authorized to accept service on PLOT's behalf is **DENIED as MOOT**; and it is further

**ORDERED**, that Andrews' Opposition to the extent it is a 12(b)(5) Motion to Dismiss (Dkt. Nos. 129) is **DENIED with prejudice**; and it is further

**ORDERED**, that Defendant PLOT respond to Plaintiffs' Complaint within **30 days** of this Decision and Order; and it is further

**ORDERED**, that Plaintiffs address the legal issues raised by the Court in any forthcoming dispositive motion by Defendant PLOT, default judgment motion sought by Plaintiffs, or any other applicable motion in favor of Plaintiffs; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

---

⁵ In the event that PLOT does respond to the Complaint with a dispositive motion, Plaintiffs should be expected to address these issues.

**IT IS SO ORDERED.**

DATED: February 16, 2022
Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge