# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Andrew C. Hruska
Partner
Direct Dial: +1 212 556 2278
Direct Fax: +1 212 556 2222
ahruska@kslaw.com

August 10, 2022

**VIA ECF**

Magistrate Judge Miroslav Lovric
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, NY 13901

Re:   *Young America's Foundation et al v. Stenger et al*, 3:20-cv-822-LEK-ML

Dear Judge Lovric,

Pursuant to the Court's July 6, 2022 Order ("Order"), ECF No. 175, Plaintiffs respectfully submit this status report regarding the progress of litigation.

### I.   Plaintiffs continue to diligently engage in discovery.

Since the July 5, 2022 status report, Plaintiffs have:

- Diligently reviewed discovery provided by Defendants to identify missing information and the need for additional discovery requests, as well as to identify possible deponents

- Interviewed potential expert witnesses for event security

While Plaintiffs had intended to update the Notices of Deposition for the State Defendants with deposition dates and serve additional notices after receiving electronic communications from State Defendants and Defendant Student Association, those efforts have been stymied by State Defendants' unreasonable position regarding redaction of discovery materials and untimely communications regarding discovery disputes. Without a more definite understanding and ability to

August 10, 2022
Page 2

determine the number and identity of witnesses appropriate for deposition, Plaintiffs have been unable to begin issuing dated deposition notices.

## II. Defendants continue to frustrate Plaintiffs' efforts to obtain discovery in a timely and comprehensive manner.

**State Defendants:**

On June 30, State Defendants made a second production of documents responsive to Plaintiffs' requests. While this production did contain certain electronic communications and other documents, State Defendants redacted, *inter alia*, "Names of non-party students . . . as well as names . . . of arrested/charged individuals, as applicable." Such information is undeniably relevant to Plaintiffs' claims and discovery requests. Plaintiffs requested in writing on July 1, 2022 that counsel clarify what redactions are being made and identify the bases for such redactions. These issues were among those the Court directed parties to attempt to resolve in its Order.

- On July 19, 2022 Plaintiffs emailed a follow up to counsel for State Defendants requesting the basis for redacting identity information in the productions it made. Plaintiffs did not receive a response.

- On July 21, 2022 Plaintiffs again emailed counsel for State Defendants following up on the request initially made on July 1, 2022. Counsel for State Defendants responded that day that, "[t]he personal identifier information of arrested individuals was held subject to a protective order at Dkt 141. As it relates specifically to names, DOBs, student numbers, and/or email addresses relating to other non-party students and students' parents it is our position that this information must remain redacted to protect the safety and security of these individuals in the absence of a protective order."

- Plaintiffs' counsel responded that same day informing counsel for State Defendants "that the protective order at Dkt 141 only covered the three pages at issue in [State Defendants] initial production; it does not extend to any and all future productions. We ask that you immediately produce unredacted version of that material. With respect to your redactions of 'names, DOBs, student numbers, and/or email addresses relating to other non-party students and students' parents,' Defendants cannot redact that information on their own until a protective order is entered. You must file such a motion with the court, which we intend to oppose. Otherwise we request a conference in anticipation of a motion to compel. To the extent they are redacted on a claim of privilege, we ask that you identity statutory

- or case law support for your position and produce a privilege log referencing them for us to evaluate."

- On August 2, 2022, having not received a response, Plaintiffs' counsel wrote Counsel for State Defendants' reiterating the request of July 21, 2022 and asking for a response by August 5, 2022.

- Counsel for State Defendants responded this morning, on the eve of these status reports, noting the irrelevance of identity information redacted in some instances and again referring to Dkt. 141 as the justification for the redactions in other instances. Counsel for State Defendants requested a conference after production of a supplemental log justifying the redactions, which counsel anticipated producing to Plaintiffs by August 19, 2022. While such an outreach would have been welcome at the beginning of July, it is clearly intended to obfuscate State Defendants' prejudicial delay in producing relevant information requested by Plaintiffs.

- Having received only dilatory responses from State Defendants on the date status updates were due to this Court, and which fail to support the redaction of information as State Defendants contend, Plaintiffs request a conference with the court in anticipation of a motion to compel production.

In addition to these issues, Plaintiffs continue to question the completeness of State Defendants' production, as its latest materials contains documents that are indisputably responsive to Plaintiffs' earlier discovery regarding PLOT as authorized by the District Judge on September 9, 2021 (Dkt. 72). For example, in its recent production at 000263, State Defendants produced a redacted email in which an investigator emails Defendant Pelletier and identifies suspects who disrupted the Laffer Event, recommending charges, and noting that one individual is a "PLOT Member." This document is clearly responsive on its face to the Requests for Production issued to Defendant Pelletier on September 15, 2021 requesting "Documents and information concerning UPD police reports of anyone affiliated with PLOT," "Documents and information discussing the organization, structure, or membership of PLOT," and "Documents and information regarding any activities organized by PLOT on the SUNY-Binghamton campus, including the names of any individuals involved in those activities." In addition, the current production does not contain any information regarding security plans for the Laffer Event or description of plans for deploying officers, which Plaintiffs requested on April 26, 2022 (State Defendants' response refers Plaintiffs to nearly their entire production for materials responsive to that request). Such information is necessary for Plaintiffs' security experts' evaluation of the planning and conduct of officers at the Laffer Event. As a result of these delays and incomplete discovery responses,

August 10, 2022
Page 4

Plaintiffs anticipate the need to file a motion requesting an extension of the deadline for expert witnesses.  Plaintiffs are especially troubled by this incomplete discovery response after attempting to engage with Counsel for State Defendants regarding custodians and search terms to be used on October 21, 2021 and May 3, 2022; attempts which has thus far been largely rebuffed.  Counsel for State Defendants responded on May 27, 2022 requesting clarification as to which individuals' documents should be searched and objecting to some proposed parameters.  While the burden is on State Defendants' to identify the location of responsive information, Plaintiffs responded on May 31, 2022 with further clarification of the individuals likely to possess relevant information.  Plaintiffs received no further response, and State Defendants' counsel has not indicated the individuals whose documents were reviewed for responsive materials.  State Defendants' lack of attention to its discovery obligations and dilatory tactics are delaying this case from moving forward in a timely manner.

**Defendant College Progressives:**

As noted in prior status reports, Defendant College Progressives finally served their Rule 26 Mandatory Disclosures on June 20, 2022.  However, those disclosures were deficient.  While Counsel for College Progressives identified one individual with whom he had contact (the former Vice President of the group), he continued to assert that he was unable to identify any other individuals.  On June 23, 2022, Plaintiffs and counsel for College Progressives conferred, and Plaintiffs requested that counsel i) speak with the former Vice President of the College Progressives to identify additional individuals with relevant knowledge and to identify responsive documents and ii) speak with counsel for Defendant Student Association to obtain any College Progressive membership lists and/or documents that may have been turned over.  Counsel committed at the June 23 meet-and-confer to take such action and to provide an update by July 1, 2022.  In addition to requesting College Progressive's response or an update from counsel on July 5, 2022, Plaintiffs reiterated the request via email on July 13, 2022, July 19, 2022, and August 3, 2022.  Counsel for College Progressives has yet to respond to any of these inquiries.  Plaintiffs request a conference with the court in anticipation of motion to compel responses.

### III.   Conclusion

Discovery in this case continues to be delayed due to State Defendants' and College Progressives' unwillingness to fulfil their discovery obligations or to engage with counsel for Plaintiffs in an attempt to resolve discovery disputes.  What discovery has been provided is woefully incomplete.  Plaintiffs respectfully request conferences with the court in anticipation of filing motions to compel discovery responses.

August 10, 2022
Page 5

                                                   Respectfully Submitted,

                                                 /s/ Andrew C. Hruska
                                                 ANDREW C. HRUSKA
                                                 KING & SPALDING LLP
                                                 1185 Avenue of the Americas
                                                 New York, NY 10036
                                                 (212) 556-2100
                                                 ahruska@kslaw.com