UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

YOUNG AMERICA'S FOUNDATION, *et al.*,

                          Plaintiff,

     -against-                                     3:20-CV-822 (LEK/TWD)

HARVEY STENGER, *et al.*,

                     Defendants.

## MEMORANDUM-DECISION AND ORDER

## I.   INTRODUCTION

       Young America's Foundation and the Binghamton University College Republicans ("College Republicans") (collectively, "Plaintiffs") bring this action pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986 against Harvey Stenger ("Stenger"), Brian Rose ("Rose"), and John Pelletier ("Pelletier") (collectively, "Defendants"), alleging infringement of "Plaintiffs' fundamental rights to free speech and equal protection of law by state actors on their own and in conspiracy with private actors." Dkt. No. 1 ("Complaint") ¶ 2. Defendants are administrators at the State University of New York at Binghamton ("SUNY-Binghamton"). Id. ¶¶ 18–32. Now before the Court is Plaintiffs' motion to amend/correct the Complaint. Dkt. No. 245-1 ("Motion"). Defendants have filed a response. Dkt. No. 254-11 ("Response"). For the reasons that follow, the Court grants Plaintiffs' Motion in its entirety.

## II.     BACKGROUND

### A.  Factual Allegations

Plaintiffs' factual allegations are detailed in this Court's prior Orders, including its Memorandum-Decision and Order dated May 19, 2023. Dkt. No. 70 ("May 2023 MDO"). The Court assumes familiarity with those Orders.

### B.  Procedural History

The Court limits its discussion of the procedural posture to those filings relevant to this Motion.

Plaintiffs filed their Complaint on July 22, 2020, see Compl., and Defendants moved to dismiss in October 2020, see Dkt. No. 32 ("Motion to Dismiss"). In its Memorandum-Decision and Order dated August 24, 2021, the Court granted Defendants' Motion to Dismiss in part, dismissing claims against Defendants in their individual capacities. See Dkt. No. 70 ("2021 MDO") at 32–33. The Court dismissed those claims without prejudice, but allowed Plaintiffs to file "a motion to amend if discovery reveals Stenger's, Rose's, or Pelletier's personal involvement." Id. at 19 (citing Reinhardt v. City of Buffalo, No. 21-CV-206, 2021 WL 2155771, at *5 (W.D.N.Y. May 27, 2021)).

Several months later, the Honorable Miroslav Lovric, United States Magistrate Judge, issued a uniform pretrial scheduling order, stating that "[a]ny motion to join any person as party to this action" must "be made on or before July 12, 2022." Dkt. No. 160 ("Scheduling Order") at 1. Following this order, the parties commenced discovery, during which the parties issued requests for production and conducted depositions. See Mot. at 7–8; see also Dkt. Nos. 168, 174, 177, 218, 234. Plaintiffs' final deposition occurred on February 24, 2023, and Defendants' final deposition occurred on March 30, 2023. See Mot. at 8 n.4, 10.

On January 1, 2023, former Plaintiff Jon Lizak ("Lizak"), who had previously served as President of the College Republicans, moved to dismiss himself as a party on the grounds that he had graduated from SUNY-Binghamton and was no longer President of the College Republicans. Dkt. No. 208. The Court granted Lizak's motion in its Memorandum-Decision and Order issued March 23, 2023. Dkt. No. 223 at 24. Currently, Rein Bey ("Bey") serves as President of the College Republicans. Mot. at 2.

On April 6, 2023, Plaintiffs notified Defendants of their intention to move for leave to amend the complaint—six weeks following Plaintiffs' final deposition, and one week following Defendants' final deposition. Mot. at 8.

In their instant Motion, Plaintiffs make three requests. First, Plaintiffs move for the Court to modify the Scheduling Order and allow Plaintiffs to file an amended complaint that provides new factual allegations related to Stenger's and Rose's personal involvement in the disputed events. Mot. at 5. Second, Plaintiffs request that the Court reinstate three claims from the original Complaint against Stenger and Rose in their individual capacities: (1) "an unconstitutional suppression of speech under the First Amendment" related to the Tabling Incident and the Laffer Event[1] against Rose; (2) "violation of the Equal Protection Clause of the Fourteenth Amendment" related to the Tabling Incident and the Laffer Event against Rose; and (3) "unconstitutional retaliation under the First Amendment" against Stenger and Rose. Id. Third, Plaintiffs request that the Court join Bey as a plaintiff in this action in her official capacity as President of the College Republicans in order to fix the pleading gap created by the dismissal of Lizak from this action. Id. at 2.

---

[1] For an explanation of the Tabling Incident and Laffer Event, see the 2021 MDO at 4–10.

III.    **LEGAL STANDARD**

   **A.  Modify Scheduling Order**

Under Federal Rule of Civil Procedure 16(b)(4) ("Rule 16"), a scheduling order "may be modified only for good cause and with the judge's consent."  "Once the deadline for amendment in a scheduling order has passed, leave to amend may be denied where the moving party has failed to establish good cause. A finding of 'good cause' depends on the diligence of the moving party." Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 267 (2d Cir. 2009) (quotations and citations omitted).

   **B.  Amended Complaint**

Under Federal Rule of Civil Procedure 15(a)(2) ("Rule 15"), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Rule 15 "establishes a liberal policy in favor of allowing amendments." Warboys v. Proulx, 303 F. Supp. 2d 111, 115 (D. Conn. 2004). The Second Circuit has "upheld Rule 15(a)(2)'s 'liberal standard' as 'consistent with [its] strong preference for resolving disputes on the merits.'" Attestor Value Master Fund v. Republic of Arg., 940 F.3d 825, 833 (2d Cir. 2019) (quoting Loreley Fin. (Jersey) No. 3. Ltd. v. Wells Fargo Secs., LLC, 797 F.3d 160, 190 (2d Cir. 2015)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise

4

of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Id. "The party opposing amendment bears the burden of demonstrating good reason for denial." Cook v. City of New York, 243 F. Supp. 3d 332, 340 (E.D.N.Y. 2017).

### C.  Addition of New Plaintiff

Rule 21 of the Federal Rules of Civil Procedure ("Rule 21") states that, "[o]n motion or on its own, [a] court may at any time, on just terms, add or drop a party." "Rule 21 is intended to allow joinder of a person who, through inadvertence, mistake, or some other reason has not been made a party and whose presence as a party is later found necessary or desirable." Marchella of NY Inc. v. Mejia Tropical Prod. LLC, No. 22-CV-551, 2022 WL 17039248, at *2 (E.D.N.Y. Nov. 17, 2022) (quotations and citations omitted). "[C]ourts are guided by the same standard of liberality afforded to motions to amend pleadings under [Rule] 15, when determining whether a plaintiff should be permitted to add parties to an action." Davis v. City of New Haven, No. 11-CV-1829, 2014 WL 1315660, at *6 (D. Conn. Mar. 30, 2014) (quotations and citation omitted).

Rule 17(a)(3) of the Federal Rules of Civil Procedure ("Rule 17") states that a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." "A Rule 17[] substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir. 1997).

IV.    **DISCUSSION**

    **A.  Request to Modify Scheduling Order**

Plaintiffs argue that the Court should grant the request to modify the Scheduling Order

pursuant to Rule 16 because Plaintiffs have shown that there is "good cause." Mot. at 11.

Courts in this Circuit routinely find that a plaintiff has shown "good cause" under Rule

16 if the plaintiff has shown diligence in bringing a motion to amend. See, e.g., Anzovino v.

Wingate of Dutchess, Inc., No. 21-CV-7625, 2022 WL 17076750, at *4 (S.D.N.Y. Nov. 18,

2022) ("Upon learning new factual information and upon learning of the financial circumstances

facing Wingate of Dutchess, [p]laintiff acted diligently in seeking to amend the complaint.");

Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc., 318 F.R.D. 28,

36–38 (S.D.N.Y. 2016) (finding good cause where plaintiffs discovered new corporate abuses

after diligently conducting discovery). Specifically, if a plaintiff learns of "necessary facts during

the course of discovery" and then files its "motion to amend [its] complaint within a reasonable

time after discovering these facts," a court will generally find good cause. Veeder v. Nutting, No.

10-CV-00665, 2012 WL 1416266, at *6 (N.D.N.Y. Apr. 24, 2012).

Plaintiffs argue that they have learned new facts in discovery, and have subsequently

acted diligently in seeking to amend their complaint. Mot. at 7–9. Plaintiffs stress that in the

2021 MDO, the Court dismissed claims against Stenger and Rose in their individual capacities,

but noted that "Plaintiffs may amend and add the claim once again should the discovery process

reveal Stenger's and Rose's personal involvement," 2021 MDO at 20. Mot. at 11. The revelation

of new information through discovery, Plaintiffs contend, has transpired. Plaintiffs note that,

after conducting depositions in November 2022 and February 2023, Plaintiffs "learned new facts

in discovery . . . that confirm Defendants Stenger's and Rose's close personal involvement in the

violation of Plaintiffs' specific constitutional rights." Mot. at 8. Shortly after learning these new

facts, Plaintiffs notified Defendants that Plaintiffs intended to seek amendments to the

Scheduling Order. Id. Specifically, Plaintiffs conducted their last deposition (in which they

deposed Rose) on February 24, 2023, and then notified Defendants of the intention to seek

amendments six weeks later on April 6, 2023. Mot. at 11. This, according to Plaintiffs, is

sufficient for a finding of good cause.

Defendant does not appear to challenge Plaintiffs' position that there is good cause to

amend the Scheduling Order. See generally Resp.

The Court agrees with Plaintiffs' argument. As Plaintiffs correctly note, courts in this

Circuit have found that a plaintiff has acted diligently where the plaintiff has moved to amend

within several months of discovering new information. See, e.g., Olaf Soot Design, LLC v.

Daktronics, Inc., 299 F. Supp. 3d 395, 398–99  (S.D.N.Y. 2017) (holding that plaintiffs showed

diligence after filing a "motion to amend within a few months after receiving and reviewing"

documents that brought new information to light);  Permatex, Inc. v. Loctite Corp., No. 03-CV-

943, 2004 WL 1354253, at *3 (S.D.N.Y. June 17, 2004) (holding that plaintiff showed diligence

by moving to amend two months after a deposition revealed new information). Given this

guidance from our sister courts, the Court agrees with Plaintiffs that they have shown due

diligence in seeking amendment. For this reason, the Court finds that Plaintiffs have shown

"good cause" to amend the scheduling order pursuant to Rule 16.

Given that Plaintiffs' have established the requisite "good cause," the Court grants

Plaintiffs' request to amend the Scheduling Order to permit Plaintiffs to file an amended

complaint.

**B.  Reinstating Plaintiffs' Individual Capacity Claims**

Plaintiffs request that the Court reinstate three claims from the original Complaint that were dismissed in the 2021 MDO. Specifically, Plaintiffs seek to add the following individual capacity claims: (1) "an unconstitutional suppression of speech under the First Amendment" related to the Tabling Incident and the Laffer Event against Rose; (2) "violation of the Equal Protection Clause of the Fourteenth Amendment" related to the Tabling Incident and the Laffer Event against Rose; and (3) "unconstitutional retaliation under the First Amendment" against Stenger and Rose. Mot. at 1–2. To reinstate these claims, Plaintiffs will be required to file an amended complaint. The following discussion analyzes whether Plaintiffs may add these claims in an amended complaint.

Plaintiffs argue "all of the Foman[2] factors weigh in favor of" allowing the addition of these claims under Rule 15. Id. at 11. Foman highlights that leave to amend should be "freely given" "[i]n the absence of any apparent or declared reason . . . such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." 371 U.S. at 182. Under the Foman framework, Plaintiffs advance four arguments: (1) that they have "never failed to cure any identified deficiencies;" (2) there is no evidence of "undue delay, bad faith, or dilatory motives;" (3) the "proposed amendments will not prejudice Defendants;" and (4) the proposed new claims are not futile. Mot. at 13–17. The Court addresses each argument in turn.

---

[2] Foman v. Davis, 371 U.S. 178 (1962).

### i.    Failure to Cure Identified Deficiencies

Plaintiffs first stress that "because this is Plaintiffs' *first* request to amend their complaint, they have never failed to cure any identified deficiencies." Id. at 13. Defendants do not appear to contest this argument. See generally Resp. As this is indeed Plaintiffs' first request to amend, the Court agrees that this factor weighs in favor of Plaintiffs.

### ii.    Undue Delay, Bad Faith, or Dilatory Motives

Plaintiffs argue that the "request for leave to amend is not the result of undue delay, bad faith, or dilatory motives." Mot. at 14. This is because Plaintiffs did not learn of Stenger and Rose's "personal involvement" in the events of this case "until deposing them in late February 2023." Id. Again, Defendants do not appear to contest this argument, see generally Resp., and the Court agrees that there appears to be no evidence of "undue delay, bad faith or dilatory motive," Forman, 371 U.S. at 182. This factor thus weighs in Plaintiffs' favor.

### iii.    Prejudice to Defendants

Plaintiffs' third argument is contested by Defendants. Plaintiffs argue that the "proposed amendments will not prejudice Defendants." Mot. at 15. To determine whether "prejudice exists, courts evaluate whether the amendment would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) (quoting Monahan v. N.Y.C. Department of Corrections, 214 F.3d 275, 284 (2d Cir. 2000)). "The non-moving party bears the burden of demonstrating that substantial prejudice would result were the proposed amendment to be granted." Id. (quotations and citations omitted).

Plaintiffs make several arguments in support of their position that there this amended complaint will not prejudice Defendants. They note that "there is no trial date set" and that Plaintiffs "are not attempting to add any new claims or defendants—but rather are seeking only to reinstate certain individual capacity claims against Defendants Stenger and Rose that factually overlap with the official capacity claims that the Court already found plausible, and which have been alleged from the start of this case." Mot. at 15. Plaintiffs further argue that these new amendments should "come as no surprise to" Defendants, as these amendments "were expressly dismissed *without* prejudice to be explored during discovery." Id. at 16. Defendants, in a footnote, argue that proposed amendments would indeed be prejudicial. They state that Plaintiffs raised the "issue of amendment [] less than a month before the April 28, 2023 close of discovery," and that "if the motion is granted, the belated amendments essentially have prevented the defendants from engaging in meaningful discovery as to the new allegations." Resp. at 7 n.2.

Plaintiffs have the stronger argument. Defendants (the non-moving party) have yet to show that they would sustain "substantial prejudice" if the proposed amendment were granted, as Defendants have not shown that any of the aforementioned Agerbrink factors are applicable here. 155 F. Supp. at 454. Defendants were put on notice by the 2021 MDO that Plaintiffs could renew their claims if discovery revealed new information, see 2021 MDO at 20, and Defendants could have planned their discovery accordingly. Thus, Defendants' argument that the addition of these new claims would prevent Defendants "from engaging in meaningful discovery," Resp. at 7 n.2, is unavailing. Additionally, Plaintiffs' proposed claims are virtually identical to several of Plaintiffs' other claims—the only difference being that Plaintiffs now seek to hold Stenger and Rose liable in their personal as well as their official capacities. See generally Dkt. No. 245-3

("Proposed Amended Complaint"). Because the reinstated claims overlap significantly with the claims that are currently pending, they are less prejudicial to Defendants than they would have been if they were entirely novel. See JPMorgan Chase Bank, N.A. v. IDW Group, LLC, No. 08-CV-9116, 2009 WL 1357946, at *5 (S.D.N.Y. May 12, 2009) (holding that there was no prejudice because there were "no pending dispositive motions and no trial date, and the legal issues raised by the proposed amendment and likely defenses overlap[ped] considerably with those involved in the original claims"). The prejudice factor thus weighs in favor of Plaintiffs.

      *iv.*   *Futility*

Plaintiffs' final argument focuses on futility. "The Second Circuit has held that leave to amend may be denied on the basis of futility when it is 'beyond doubt that the plaintiff can prove no set of facts in support of his amended claims.'" Vasquez v. City of New York, No. 20-CV-4641, 2023 WL 2366974, at *3 (S.D.N.Y. Mar. 6, 2023) (quoting Pangburn v. Culberston, 200 F.3d 65, 71 (2d Cir. 1999)). Courts evaluate the amended complaint "through the prism of a Rule 12(b)(6) analysis" to determine whether a proposed amendment is futile. Henneberry v. Sumitomo Corp. of America, 415 F. Supp. 2d 423, 433 (S.D.N.Y. 2006). As such, courts accept[] a plaintiff's factual allegations as true and draws reasonable inferences in favor of the plaintiff." Vasquez, 2023 WL 2366974, at *3. Furthermore, "a motion to amend will not be denied as futile unless the amendment is frivolous or facially insufficient." Cmty. Ass'n Underwriters of Am., Inc. v. Main Line Fire Prot. Corp., No. 18-CV-4273, 2020 WL 5089444, at *5 (S.D.N.Y. Aug. 28, 2020) (quotations and citations omitted).

Plaintiffs stress that the "proposed amendments are not futile because the [Proposed] Amended Complaint plausibly alleges Stenger's and Rose's substantial personal involvement in the violation of Plaintiffs' constitutional rights." Mot. at 16–17. According to Plaintiffs, evidence

has been discovered during discovery that provides the necessary linkage to bring claims against Stenger and Rose in their personal capacities. Id. at 14. As such, Plaintiffs Proposed Amended Complaint contains several new factual allegations. Regarding the First Amendment suppression and Fourteenth Amendment claims, Plaintiffs allege that (1) Rose personally traveled to the Tabling Event and "chose not to intervene" when protesters disrupted the event, Proposed Am. Compl. ¶ 52; (2) Pelletier, with Rose's support, confronted the College Republicans' speaker and encouraged the speaker to "return to his plane and cancel the event," id. ¶¶ 91–93; and (3) Rose observed the Laffer Event from "a conference room in [university police] headquarters," id. ¶ 102. Regarding the First Amendment retaliation claims, Plaintiffs now allege that (1) Rose's responsibilities include supervising the office charged with "the authority to discipline students" and managing SUNY-Binghamton's policies regarding "speech activities," id. ¶ 26; (2) all three Defendants met to discuss arresting certain individuals in connection with the disruption, and ultimately determined "that no suspects be arrested," id. ¶ 137; and (3) "Rose admitted that he and Stenger knew that College Progressives had encouraged students to violate SUNY-Binghamton policies by disrupting the Dr. Laffer Event," id. ¶ 143. According to Plaintiffs, these new allegations suffice to sustain the proposed new claims against Stenger and Rose. Mot. at 19–20.

        Defendants challenge Plaintiffs' arguments. According to Defendants, the new allegations are unfounded and therefore fail to state claims based on personal involvement. See Resp. at 7–25. Defendants stake much of their argument on references to the various depositions taken during discovery, arguing that those depositions contradict Plaintiffs' new allegations. Id. Defendants use this deposition testimony to attack the merits of Plaintiffs' claims by challenging the factual predicate of those claims. Id.

Defendants' reliance on the deposition testimony is misplaced. "It is well settled that a court's review of the viability of a proposed amended complaint is generally limited to the 'four corners of [the] complaint.'" Innis v. City of New York, No. 17-CV-323, 2017 WL 4797904, at *2 (S.D.N.Y. Oct. 24, 2017) (quoting Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998)). For this reason, Courts in this Circuit have been very wary of relying on deposition testimony to find that plaintiff's motion to amend is futile. See, e.g., Breuninger v. Williams, No. 20-CV-7033, 2022 WL 4384000, at *4 (S.D.N.Y. Sept. 22, 2022) (rejecting a defendant's futility argument on the grounds that the argument was based on deposition testimony); Estate of Ratcliffe v. Pradera Realty Co., No. 05-CV-10272, 2007 WL 3084977, at *6 (S.D.N.Y. Oct. 19, 2007) ("In deciding whether the proposed amendment is futile, the Court cannot consider evidence that arises from the deposition testimony of fact witnesses."); Brezel v. Deloitte & Touche, LLP, No. 03-CV-1540, 2004 WL 253284, at *2 (S.D.N.Y. Feb. 10, 2004) ("Deloitte's futility argument is grounded upon a factual dispute, particularly the deposition testimony of [p]laintiff and his supervisor, which is inadmissible on this motion."); Durabla Mfg. Co. v. Goodyear Tire & Rubber Co., 992 F. Supp. 657, 661 n. 4 (S.D.N.Y. 1998) ("The Court declines to consider the deposition testimony submitted by defendants in opposition to plaintiff's motion for leave to amend the [c]omplaint."); Curtis v. Citibank, No. 97-CV-1065, 1998 WL 3354, at *3 (S.D.N.Y. Jan. 5, 1998) ("The real thrust of defendant's opposition to the motion is [] plaintiff Curtis' deposition testimony. . . . Defendant's assessment of the merits of plaintiffs' claims may be accurate. Nevertheless, it is apparent that defendant's opposition to the motion is based, not on the adequacy of the Proposed Amended Complaint, but on matters outside the pleadings.").

Defendants' attack on the factual merits of Plaintiffs' claims is also misplaced. Courts in this Circuit have been wary of denying motions to amend based on the factual merits of the proposed amended complaint. Instead, courts have routinely found that summary judgment is the most appropriate instrument for such arguments. See, e.g., Aboah v. Fairfield Healthcare Servs., Inc., No. 20-CV-00763, 2022 WL 443253, at *6 (D. Conn. Feb. 14, 2022) ("It is possible, of course, that [d]efendants' assessment of the merits of [p]laintiffs' claims is correct. But the proper procedural vehicle for raising those arguments is a motion for summary judgment."); Cobbs v. City of Newburgh, No. 09-CV-3800, 2012 WL 12884366, at *7 (S.D.N.Y. Feb. 17, 2012) ("The issue of [p]laintiff asserting allegations known to be false based on [depositions] taken in this matter is for [d]efendants to address in a motion for summary judgment or at trial."); S.S. Silberblatt, Inc. v. E. Harlem Pilot Block--Bldg. 1 Hous. Dev. Fund Co., 608 F.2d 28, 43 (2d Cir. 1979) (finding that where "the alleged futility of the amendment rests on findings of fact we prefer to let the district court resolve the factual issues" at summary judgment).

Instead scrutinizing the merits of Plaintiffs' allegations, the Court must instead simply ask whether the Plaintiffs assert plausible claims that are not "frivolous or facially insufficient" in their proposed amendments. Underwriters, 2020 WL 5089444, at *5. Plaintiffs have done so. To establish personal liability for both Stenger and Rose, Plaintiffs "must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quotations and citations omitted). In reviewing each claim, Plaintiffs have satisfied this standard for the purposes of their motion to file an amended complaint.

With respect to the personal capacity First Amendment suppression claim against Rose, the Court found in its 2021 MDO that the requisite factors had been met with respect to Rose in

his official capacities, but not in Rose's individual capacity. See 2021 MDO at 17–25. The Court

found that Plaintiffs had not sufficiently alleged personal involvement in both the Tabling Event

and the Laffer Event to hold Rose liable in his personal capacity. Id. at 18–20. Now, however,

Plaintiffs have plead such a personal connection for Rose, as Plaintiffs allege, *inter alia*, that (1)

Rose traveled to the Tabling Event and decided not to intervene, Proposed Am. Compl. ¶ 52; (2)

Rose encouraged Pelletier to dissuade the speaker from speaking at the Laffer Event, id. ¶¶ 91–

93; and (3) Rose observed the Laffer Event and decided not to intervene despite noting the

university police's lack of response, id. ¶¶ 102, 118. These factual allegations describe sufficient

personal involvement to survive a futility analysis at this stage.

Regarding the revived personal capacity First Amendment retaliation claims against

Stenger and Rose, the analysis is virtually identical as the First Amendment suppression claim.

In the 2021 MDO, the Court allowed the retaliation claim to proceed against Stenger and Rose in

their official capacities, but not in their individual capacities, because the allegations did "not

provide a sufficient basis from which the Court can infer that Stenger or Rose had any personal

involvement." 2021 MDO at 26. In the Proposed Amended Complaint, by contrast, Plaintiffs

have alleged that (1) Rose supervised and was responsible for the office charged with student

disciplinary action, Proposed Am. Compl. ¶ 26; (2) Stenger and Rose discussed suspects

involved in the disruption, and that Pelletier recommended to Stenger and Rose that those

suspects be arrested, id. ¶¶ 135, 137; and (3) Stenger ordered that no suspects be arrested and no

further disciplinary action be pursued by either Stenger or Rose, id. ¶¶ 137, 146. At this stage,

these allegations are sufficient to withstand a futility analysis for this claim.

Finally, Plaintiffs' Fourteenth Amendment equal protection claim against Rose also

survives a futility analysis. In its 2021 MDO, the Court dismissed Plaintiffs' individual capacity

equal protection claims on the grounds that those claims were dependent on the individual capacity First Amendment suppression claims. 2021 MDO at 30. Because the individual capacity First Amendment suppression claims were not viable, the Court found that the individual capacity equal protection claims were necessarily unviable as well. Id. Here, by contrast, the Court has found that Plaintiffs have presented a non-futile individual capacity First Amendment violation with respect to Rose. For this reason, the Court finds that the Fourteenth Amendment claim against Rose in his personal capacity is similarly not futile.

In summary, the Court finds that a number of the Forman factors weigh in Plaintiffs' favor: (1) Plaintiffs have not failed to cure identified deficiencies; (2) there is no "undue delay, bad faith or dilatory motive on the part of" Plaintiffs; (3) there is no "undue prejudice" against Defendants; and (4) none of Plaintiffs claims are futile. 371 U.S. at 182. For this reason, the Court grants Plaintiffs' request to add these three claims in their amended complaint.

### C.  Request to Add New Plaintiff

Plaintiffs request that this Court add Bey—who serves as the current President of the College Republicans—as a plaintiff in her official capacity to this action. Mot. at 18–20. Plaintiffs stress that the Court has the authority under Rule 21, which permits the Court broad authority to "add or drop a party" "at any time, on just terms." Id. at 18–19. Plaintiffs also argue that Bey should be added pursuant to Rule 17, which permits substitutions of parties who have an interest in the case. Id. at 19. According to Plaintiffs, they bring this request "[i]n the exercise of caution" to cure any "pleading gap in the case caption" that has emerged in the wake of Lizak's dismissal from the case. Id. at 18. Plaintiffs specifically note that under New York law, "such gaps are non-jurisdictional and correctable." Id. (citing, inter alia, Stephentown Concerned

<u>Citizens v. Herrick</u>, 636 N.Y.S.2d 470, 471 n.2 (3d Dep't 1996); <u>Sackman v. Maritas</u>, 595 N.Y.S.2d 655, 656 (Sup. Ct. Nassau Cnty. 1992)).

Defendants argue that this Court should not allow Bey to be added as a plaintiff. Their argument rests primarily on the assertion that Plaintiffs have not presented "allegations which detail proposed Plaintiff Bey's involvement in the facts of this case, nor injuries flowing therefrom." Resp. at 22. Defendants advance a lengthy factual analysis in which they contend that Bey has suffered no personal injuries, and thus lacks standing in this case. <u>Id.</u> at 22–24.

Plaintiffs have the stronger argument. Under Rule 17(b)(3) of the Federal Rules of Civil Procedure, "the law of the state where the court is located" is determinative of a party's capacity to sue. Under New York law, presidents or treasurers of an unincorporated organizations have the capacity to bring suit in their official capacities, provided that the other requirements for associational standing are met. <u>See</u> N.Y. Gen. Ass'ns Law § 12 ("An action or special proceeding may be maintained, by the president or treasurer of an unincorporated association. . . .); <u>see also</u> <u>Magzamen v. UWS Ventures III LLC</u>, 72 Misc. 3d 677, 149 N.Y.S.3d 858 (N.Y. Civ. Ct. 2021) (finding that a "newly elected [p]resident" of an unincorporated association "has standing to maintain this [] action"). In its May 2023 MDO, this Court found that the College Republicans have otherwise satisfied the Article III requirements for associational standing laid out in <u>Hunt v. Washington State Apple Advertising Com'n</u>, 432 U.S. 333 (1977). May 2023 MDO at 43–49. Bey therefore has the authority to litigate this action in her official capacity as "president or treasurer" of the College Republicans. N.Y. Gen. Ass'ns Law § 12.

Furthermore, New York courts have stressed that "failure to institute the action in the name of the president or treasurer" of an unincorporated association "is an irregularity which may be corrected in the absence of prejudice to a right of any party." <u>Formula One Constructors</u>

Ass'n v. Watkins Glen Grand Prix Corp., 110 Misc. 2d 247, 248, 441 N.Y.S.2d 864, 865 (Sup. Ct. 1981) (citing Miller v. Student Association, State University of New York at Albany, 1980, 75 A.D.2d 843, 427 N.Y.S.2d 860); see also Mot. at 18 n.7. Defendants have not shown that adding Bey to this action would prejudice them. Thus, "the failure to institute the action" in Bey's name constitutes a mere "irregularity which may be corrected" by adding Bey to this case. Formula One, 110 Misc. 2d at 248.

Parties are afforded great flexibility in adding or substituting new parties to an action. Under Rule 21, "liberality" should be "afforded . . . when determining whether a plaintiff should be permitted to add parties to an action." Davis, 2014 WL 1315660, at *6 (quotations and citation omitted). Similarly, under Rule 17, "substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." Advanced Magnetics, 106 F.3d at 20. Here, the substitution of Lizak for Bey is indeed "merely formal," id., as the substitution simply acts as a means to cure a potential pleading gap in the case caption. See Mot. at 18. The substitution also "in no way alters the original complaint's factual allegations as to the events or the participants," Advanced Magnetics, 106 F.3d at 20, as Plaintiffs do not seek to change any aspect of the factual allegations with this substitution. See Mot. at 19. Compare Proposed Am. Compl., with Compl.

The Court therefore grants Plaintiffs' request to add Bey as a plaintiff to the case, in her official capacity as president of the College Republicans.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED,** that Plaintiffs' Motion (Dkt. No 245) is **GRANTED** in its entirety; and it is further

**ORDERED,** that the Scheduling Order (Dkt. No. 160) is **MODIFIED** to permit Plaintiffs to file an amended complaint; and it is further

**ORDERED,** that Plaintiffs have fourteen (14) days from this Memorandum-Decision and Order to file an amended complaint; and it is further

**ORDERED,** that Plaintiffs are permitted to include the following claims in their amended complaint: (1) an unconstitutional suppression of speech under the First Amendment against Rose in his personal capacity; (2) violation of the Equal Protection Clause of the Fourteenth Amendment against Rose in his personal capacity; and (3) unconstitutional retaliation under the First Amendment against Stenger and Rose in their personal capacities; and it is further

**ORDERED,** that Rein Bey is **JOINED** as a plaintiff in this action in her official capacity as President of the College Republicans; and it is further

**ORDERED,** that the Clerk add Rein Bey as a party to this action; and it is further

**ORDERED,** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**


DATED:       November 17, 2023
             Albany, New York

LAWRENCE E. KAHN
United States District Judge