UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

YOUNG AMERICA'S FOUNDATION;
BINGHAMTON UNIVERSITY COLLEGE
REPUBLICANS; and JON LIZAK, President
of the College Republicans of Binghamton
University,

                Plaintiffs,

v.

HARVEY STENGER, President of SUNY-Binghamton,
in his official and individual capacities; BRIAN ROSE,
Vice President for Student Affairs of SUNY-
Binghamton, in his official and individual capacities;
JOHN PELLETIER, Chief of SUNY-Binghamton
UPD, in his official and individual capacities;
STUDENT ASSOCIATION
OF BINGHAMTON UNIVERSITY,

                Defendants.

Civil Action 3:20-cv-822
(LEK/ML)

**STATEMENT OF MATERIAL FACTS**

---

Pursuant to Rule 56.1 of the Local Rules for the United States District Court for the Northern District of New York, the following is a statement of material facts about which the Student Association of Binghamton University, Inc., (hereinafter referred to as the SA), contends there exist no genuine issue;

1. The SA is an entity independent and separate from Binghamton University. See paragraph 4 of the Affidavit of Daniel Croce dated May 30, 2024, (hereinafter referred to as the Croce affidavit).

2. Neither the University Administration nor the University Police (hereinafter referred to as UPD), has representation of the SA Executive Board. See par. 4 of the Croce affidavit.

3. The University has no role and is not consulted in approving disciplinary action against a chartered student organization. See par. 5 of the Croce affidavit.

4. On November 14, 2019, the College Republicans held a tabling event on the Spine in an area that

required a reservation to be made through the University's B-there platform. See par. 10 of the affidavit on Erin Bishop, dated May 24, 2024, (hereinafter referred to as the Bishop affidavit). See also p.67 of (Dkt 254-7).

5. Reservation for tabling events on the Spine are made exclusively through the University's B-there platform which is operated by the University. The SA does not handle requests for tabling reservations. See par. 6 of the Bishop affidavit.

6. The College Republicans did not obtain a reservation for this event which violated the University's tabling policy. See par. 10 of the Bishop affidavit.

7. Members of the SA as well as Erin Bishop personally witnessed the College Republicans holding the tabling event that day. See par. 9 of the Bishop affidavit.

8. During the course of the tabling event, the College Republicans were advised by the UPD and members of the SA staff that they were violating the tabling/reservation policy and would have to move off the reserved areas of the spine. See par. 11 of the Bishop affidavit. See also Narrative Report of UPD Officer Brian Ackley, dated November 14, 2019, which is attached as exhibit B of the affidavit of Thomas A. Saitta, dated May 31, 2024.

9. After being asked to move by the UPD and a member of the SA staff the College Republicans refused to do so. See par. 11 of the Bishop affidavit. See also Narrative Report of UPD Officer Brian Ackley, dated November 14, 2019, which is attached as exhibit B of the affidavit of Thomas A. Saitta, dated May 31, 2024.

10. Based on the College Republican's violation of the tabling/reservation policy, their access to the organizations B-there account was suspended for one academic year. See par. 5 of the Bishop affidavit.

11. The suspension of access to the College Republican's B-there account was the only sanction

imposed by the SA for their violation of the reservation/tabling policy. Neither their charter nor funding was affected by this sanction. See par. 8 of the Bishop affidavit.

12. The sanction imposed for this violation was consistent with the SA's policies on organizational sanctions of chartered student organizations by the Executive Vice President of the SA. See par. 12 of the Bishop Affidavit.

13. Pursuant to SA policies, all chartered student organization must by the end of the spring semester, re-register for the coming academic year by providing the SA with a list of their officers and attend a leadership training session conducted by the SA. See par. 3 of the affidavit of Maggie Koekkoek dated May 30, 2024 (hereinafter referred to as the Koekkoek affidavit).

14. Failure to re-register results in an organization's charter being temporarily frozen. Additionally, it is hidden from the University's B-engaged platform, it cannot participate in U-Fest and it is unable to access its budget. See par. 4 of the Koekkoek affidavit.

15. On May 18, 2019, the College Republicans and various other chartered student organizations were notified that they had failed to re-register for the next academic year. See par. 5 of the Koekkoek affidavit.

16. Subsequently, Ms. Koekkoek worked with the College Republicans to meet the re-registration requirements so their charter would not be revoked. See pars. 7-13 of the Koekkoek affidavit.

17. Following disruption of the Laffer speech on November 18, 2019, Defendant Rose met with Officers of the SA requested that they sanction the College Progressives as an organization, on the basis that some of its members had disrupted the event. See par. 9 of the Croce affidavit.

18. The SA does not have the authority to sanction individual students for violation of University Policies. It can only sanction organizational conduct. See par. 9 of the Croce affidavit.

19. Additionally, he subsequently produced an unsigned letter, (hereinafter referred to as the

statement), urging the disruption of the event which he claimed showed the College Progressive's involvement in the disruption. See par. 10 of the Croce affidavit.

20. The statement was not signed by any officer or member of the College Progressives or bore any indicia that it was a statement from or approved by the College Progressives as an organization. See par. 11 of the Croce affidavit.

21. On December 6, 2019, Erin Bishop wrote to Defendant Rose asked him to provide the E-mail transmitting the statement to see if it would help confirm the College Progressive adoption or approval of the statement. Defendant Rose did not do so. See par 13 of the Croce affidavit.

22. In the fall of 2019 Daniel O'Keefe submitted an application to have a chapter of Young Americans for Freedom, (hereinafter referred to as the YAF), chartered as a student organization by the SA.

23. Initially, Shirley Hu, an SA Constitutions Assistant, raised a concern about a provision in the YAF's proposed constitution. However, after consultation with the SA's internal affairs committee, she informed Mr. O'Keefe that the language in question was acceptable. See pars. 18-20 of the Croce affidavit.

24. By E-mail dated November 20, 2019, the SA's insurance carrier informed them that they could only include the YAF under the SA's policy if the group arranged to have a faculty advisor or security at their speaking/debating events. See par. 22 of the Croce affidavit.

25. The YAF has not agreed to the carrier's condition and its charter application is still pending. See par. 23 of the Croce affidavit.

May 31, 2024

Thomas A. Saitta, Esq.
Aswad & Ingraham, LLP
Attorneys for Defendant Student Association of
Binghamton University, Inc.

46 Front St.
Binghamton, NY 13905
(607)-722-3495
tom.saitta@ailaw.com

TO:
Andrew Hruska, Esq. & Joseph Zales, Esq.
King, Spaulding Law Firm - NY Office
Attorneys for Plaintiffs
1185 Avenue of the Americas New York, NY 10036-4003
212-556-2278
Email: ahruska@kslaw.com
Email: jzales@kslaw.com

Jonathan A. Scruggs, Esq. & Tyson Charles Langhofer, Esq.
Alliance Defending Freedom - AZ Office
Attorneys for Plaintiffs
15100 N. 90th Street Scottsdale, AZ 85260
480-444-0020
Email: jscruggs@alliancedefendingfreedom.org
Email: tlanghofer@adflegal.org

**Letitia James**
Attorney General of the State of New York
Attorney for Defendants Stenger, Rose and Pelletier
The Capitol
Albany, New York 12224-0341
By: John F. Moore
Bar Roll No. 105188
Telephone: (518) 776-2293
Email: John.Moore@ag.ny.gov


**Matthew J. Larkin**
Barclay Damon LLP - Syracuse Office
Barclay Damon Tower
Attorneys for Defendant Harvey Stenger

in his official and individual capacity
125 East Jefferson Street
Syracuse, NY 13202
315-425-2805
Fax: 315-703-6247
Email: mlarkin@barclaydamon.com

**David M. Fulvio**
Barclay Damon LLP - Rochester Office
Attorneys for Defendant Harvey Stenger
in his official and individual capacity
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, NY 14604-2072
585-295-4432
Email: dfulvio@barclaydamon.com

**Nicholas Constantino**
Barclay Damon LLP - Syracuse Office
Attorneys for Defendant Harvey Stenger
in his official and individual capacity
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202
607-597-9526
Email: nconstantino@barclaydamon.com

Louis P. DiLorenzo
Bond Schoeneck & King, PLLC - NYC Office
Attorneys for Defendant Brian Rose in his
official and individual capacity
600 Third Avenue, 22nd Floor
New York, NY 10016
646-253-2300
Fax: 646-253-2301
Email: Dilorel@bsk.com

Mallory A. Campbell
Bond Schoeneck & King, PLLC - NYC Office
Attorneys for Defendant Brian Rose in his

official and individual capacity
600 Third Avenue, 22nd Floor
New York, NY 10016
646-253-2339
Email: mcampbell@bsk.com

Molly M. Ryan
Goldberg, Segalla Law Firm - Syracuse Office
Attorneys for John Pelletier in his official
individual capacity
5786 Widewaters Parkway
Syracuse, NY 13214
315-413-5400
Fax: 315-413-5401
Email: mryan@goldbergsegalla.com

Meghan Brown
Goldberg Segalla, LLP
Attorneys for John Pelletier in his official
individual capacity
665 Main Street
Buffalo, NY 14203-1425
716-566-5400
Email: mbrown@goldbergsegalla.com