# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Andrew C. Hruska
Partner
Direct Dial: +1 212 556 2278
Direct Fax: +1 212 556 2222
ahruska@kslaw.com

July 5, 2024

**VIA ECF**

The Honorable Therese Wiley Dancks
United States Magistrate Judge
U.S. District Court, Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7346
Syracuse NY 13261-7346

Re:   *Young America's Foundation et al v. Stenger et al*, 3:20-cv-822-LEK-TWD

Dear Judge Dancks,

Pursuant to Local Rule 7.1(a)(2) of the Northern District of New York, Plaintiffs respectfully request a non-dispositive motion conference with the Court to discuss Plaintiffs' request to file a procedural motion to substitute Mr. Shane Rossi (as a plaintiff in his *official* capacity as the current President of College Republicans) in the place of Ms. Rein Bey (the former President). Mr. Rossi was recently elected the new President of College Republicans in April 2024.

The Court previously granted Plaintiffs' request to substitute the President of College Republicans (*see* Dkt. No. 261 at 16-19), and Mr. Rossi will *not* be asserting any claims in his *individual* capacity. Despite these facts and that State Defendants are (or were) government officials at a state educational institution who claim to support constitutional rights, each of the State Defendants oppose (without explanation) this request to address a procedural formality to allow College Republicans to maintain their legal claims for vindication of violations of their constitutional rights.[1]

\*   \*   \*

---

[1] Plaintiffs requested the position of Defendant Student Association on June 17, 26, and 28, but have not received a response.

      Plaintiffs seek the substitution of Mr. Rossi for Ms. Bey pursuant to Federal Rules of Civil Procedure 17(a)(3) and 21. "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). "After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.*

      This Court has recognized that "[p]arties are afforded great flexibility in adding or substituting new parties to an action." (Dkt. No. 261 at 18.) Under Rule 21, "'liberality' should be 'afforded . . . when determining whether a plaintiff should be permitted to add parties to an action.'" (*Id.* (quoting *Davis v. City of New Haven*, 2014 WL 1315660, at *6 (D. Conn. Mar. 30, 2014)). And under Rule 17, "substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Id.* (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)).

      Earlier in this case, Judge Kahn rejected arguments by Defendants regarding standing[2] and instead granted leave to add Ms. Rein Bey, in her *official* capacity, as the then President of College Republicans. *Id.* at 16-19. Judge Kahn found that Ms. Bey had the "authority to litigate this action in her official capacity 'president' or 'treasurer' of the College Republicans" under applicable New York law. *Id.* at 16-17. Finding no prejudice to Defendants in adding Ms. Bey to correct a pleading irregularity, Judge Kahn ruled the "substitution" was "indeed 'merely formal,'" "in no way alter[ed] the original complaint's factual allegations as to the events or the participants," and did not "change any aspect of the factual allegations." *Id.* at 18 (citing *Advanced Magnetics, Inc.*, 106 F.3d at 20).

      As it did before, the Court should grant the immediate substitution request because it is merely formal, and there is no prejudice to Defendants because the substitution does not change any aspect of the factual allegations as to the events or the participants and does not add any new claims.[3]

      Thank you for your consideration of this letter. Should you have any questions or concerns regarding this matter, please do not hesitate to contact me.

---

[2] As detailed in Plaintiffs' omninus memorandum of law in opposition, which is filed concurrently herewith, State Defendants' standing arguments should again be rejected because substitution (this time, Mr. Rossi for Ms. Bey) is merely formal and addresses a non-jurisdictional and correctable pleading irregularity.

[3] Like Ms. Bey, Mr. Rossi is not asserting any claims in his *individual* capacity.

July 5, 2024
Page 3

        Respectfully Submitted,

        */s/ Andrew C. Hruska*
        Andrew C. Hruska
        KING & SPALDING LLP
        1185 Avenue of the Americas
        New York, NY 10036
        (212) 556-2100
        ahruska@kslaw.com

        *Attorney for Plaintiffs*