UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

YOUNG AMERICA'S FOUNDATION, ET AL.,

                Plaintiffs,               Index No.: 3:20-cv-822 (ECC-TWD)

v.

JOHN PELLETIER, ET AL.,

                Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION ON BEHALF OF DEFENDANT, STUDENT ASSOCIATION OF BINGHAMTON UNIVERSITY**

James S. Gleason, Esq.
Bar Roll No. 101789
Jeffrey A. Jaketic, Esq.
Bar Roll No. 303223
HINMAN, HOWARD & KATTELL, LLP
Tel: (607) 723-5341
Fax: (607) 723-6605
*Attorneys for Defendant, Student Association of Binghamton University*

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT .................................................................................... 1

II. STATEMENT OF FACTS ........................................................................................... 1

III. LEGAL ARGUMENT .................................................................................................. 5

   A. NO CAUSES OF ACTION AGAINST THE STUDENT ASSOCIATION REMAIN; RECONSIDERATION IS WARRANTED ................................. 5

   B. EVEN IF THERE WAS A CLAIM FOR NOMINAL, COMPENSATORY OR PUNITIVE DAMAGES AGAINST STUDENT ASSOCIATION, PLAINTIFFS WOULD NONETHELESS LACK STANDING AND FAIL TO STATE A CLAIM ........................................................................ 7

IV. CONCLUSION ............................................................................................................ 8

I.      **PRELIMINARY STATEMENT**

Defendant, Student Association of Binghamton University ("Student Association"), through its newly-retained attorneys, submits this memorandum of law in support of its motion for reconsideration, pursuant to Fed. R. Civ. P. 54(b) and Local Rule 60.1. Although more than fourteen days have passed since entry of the challenged March 20, 2025 Order, this motion presents the very narrow circumstances in which reconsideration is warranted to correct a clear error.

Specifically, the Court's March 20, 2025 Order dismissed all claims seeking declaratory and injunctive relief, which was the only relief Plaintiffs sought against Student Association. As such, summary judgment should have been granted. Moreover, even if there had been a claim for monetary damages against Student Association, Plaintiffs would nonetheless lack Article III and prudential standing and would fail to state a cognizable 42 U.S.C. § 1983 cause of action.

In the interest of justice and judicial economy, Defendant respectfully requests that the Court exercise its discretion under Local Rule 60.1 to permit the late filing of a motion for reconsideration and, upon such reconsideration, grant Student Association summary judgment in all respects.

II.     **STATEMENT OF FACTS**

Plaintiffs commenced this action on July 22, 2020, for various claims under 42 U.S.C. § 1983 against Defendants, Harvey Stenger, Brian Rose, John Pelletier, College Progressives, Progressive Leaders of Tomorrow ("PLOT"), and the Student Association. [The claims in this action primarily relate to two incidents that occurred in November of 2019; the first resulting from

1

the Plaintiff College Republicans tabling on the campus "Spine" on November 14, 2019 advertising economist Dr. Arthur Laffer's upcoming speech at the University on November 18, 2019, and the second relating to the day of the planned speech itself.] The only claim in the Amended Complaint against the Student Association relates to the tabling event on November 14, 2019.

In the Amended Complaint, Plaintiffs complain that the following actions taken by Student Association were in retaliation of Plaintiffs' expression of protected speech:

- Sanctioning the College Republicans for violating University and Student Association policies regarding tabling without prior approval. Dkt. 262, ¶¶ 138, 167.

- Sanctioning the College Republicans while not sanctioning the College Progressives for their alleged role in disrupting the Arthur Laffer Event on November 18, 2019. Dkt. 262, ¶ 167.

- Refusing to charter a local YAF chapter. Dkt. 262, ¶ 168.

The sole cause of action against the Student Association in the Amended Complaint is labeled "**SECOND CAUSE OF ACTION AGAINST DEFENDANTS STENGER, ROSE AND STUDENT ASSOCIATION (Freedom of Speech-First Amendment-42 U.S.C. § 1983)**." *Id.* at pp 35-36 (emphasis in original). Critically, the Second Cause of Action sets forth no claim for monetary damages. *Id.* Moreover, in the "Prayer for Relief" portion of the Amended Complaint, the only relief sought against the Student Association is declaratory and injunctive relief. Specifically, the Plaintiffs ask the Court to:

    A)    declare that Defendants violated Plaintiffs clearly established and fundamental constitutional rights as set forth in this Complaint;

    B)    permanently enjoin Defendants from disrupting and silencing Plaintiffs' speech and related activities as set forth in the Complaint.

2

  D) permanently enjoin Defendants, Stenger, Rose and Student Association from retaliating against Plaintiffs' expressed views as set forth in this Complaint;

  E) order Stenger, Rose and Student Association to reinstate College Republicans as a registered student organization with all attendant rights;

  F) order Stenger, Rose and Student Association to recognize the Young Americans for Freedom chapter as a registered student organization."

*Id.* at pp. 41.

On the other hand, the "Prayer for Relief" section of the Amended Complaint seeks to "award Plaintiffs nominal, compensatory and punitive damages against **Defendants Stenger, Rose and Pelletier** in their individual capacities." *Id.* (emphasis added).

In the Memorandum-Decision and Order dated March 20, 2025, on the parties' motions for summary judgment, the Court dismissed, *inter alia*, "all claims seeking declaratory and injunctive relief." Dkt. No. 352 at pp. 44. Analyzing the Plaintiffs' claim for injunctive relief, the Court found that Plaintiffs' claims seeking injunctive relief failed because there was no ongoing violation of the Plaintiffs' First Amendment rights. *Id.* at 21. The Court reasoned that the material facts portrayed only two related incidents, days apart from each other, and that "[s]uch isolated incidents are insufficient to establish an ongoing violation." *Id.* at 21-22. In striking the Plaintiffs' claims for injunctive relief the Court specifically addressed the actions of the Student Association:

> "The Student Association's freeze of the College Republicans' budget was an administrative discipline for their failure to timely register. See id. ¶ 14; Rose SMF ¶ 203. Regardless, the College Republicans were able to re-register shortly thereafter, so there is no ongoing violation. See SA SMF ¶ 16. Further, Defendants' decision not to recognize YAF as a student organization is due to their lack of willingness to accept the insurance policy of the Student Association's liability carrier. Id. ¶¶ 24–25. Plaintiffs argue that the condition set by the insurance carrier was arbitrary, but even assuming this is true, actions of the insurance carrier of the Student

3

> Association is far removed from any ongoing violation by the State Defendants." *Id.* at pp. 22-23.
>
> "Additionally, insofar as Plaintiffs' requested injunctive relief seeks the Student Association to recognize YAF, this must also be denied. The only remaining claim against the Student Association is the retaliation claim. See Am. Compl. ¶¶ 165–69. YAF, the only Plaintiff that would have standing to assert a claim seeking to be recognized as a registered student organization, does not assert a retaliation claim against the Student Association. See Resp. at 22 n.6. Thus, any injunctive relief against SA would be improper. Accordingly, all claims seeking injunctive relief are dismissed."

*Id.* at pp. 23, n. 6.

In the March 20, 2025, Memorandum-Decision and Order, the Court also dismissed Plaintiffs' claims for declaratory relief, reasoning that the Eleventh Amendment does not permit judgments against state officers declaring that they violated Federal law in the past. *Id.* at pp. 23. The Court reiterated that, as the alleged violations were not ongoing but were based on past incidents, "[s]uch retrospective declaratory relief against state officials is barred." *Id.* at pp. 23-24.

After dismissing Plaintiffs' claims for injunctive and declaratory relief, the Memorandum-Decision and Order then proceeded with a detailed analysis of the First Amendment retaliation claims, and ultimately found a material issue of fact as to whether or not the Student Association suspended the College Republicans tabling and room reservation rights in retaliation for their exercise of First Amendment rights at the November 18, 2019 Laffer event. *Id.* at pp. 33-42. In analyzing whether or not a question of fact existed with regard to the Student Association's motivation for suspending the College Republican's B-There account, the Court apparently overlooked that it had already dismissed the Plaintiffs' injunctive and declaratory relief causes of action, the only claims asserted against the Student Association.

Once the Court concluded that Plaintiffs were not entitled to injunctive and declaratory

4

relief (the only claims against the Student Association), the question of fact relating to the motivation behind the suspension of the College Republican's B-There account is irrelevant and therefore not "material" to the action. The Court's failure to dismiss the second cause of action and dismiss the Student Association as a Defendant in this action was an oversight and clear error.

### III. LEGAL ARGUMENT

#### A. NO CAUSES OF ACTION AGAINST THE STUDENT ASSOCIATION REMAIN; RECONSIDERATION IS WARRANTED

Under Fed. R. Civ. P. 54(b):

> "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

The Second Circuit has held that "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted); *see also Ifedigbo v. Buffalo Pub. Sch.*, 2018 U.S. Dist. LEXIS 97702, 2018 WL 2901331, at *1 (W.D.N.Y. June 11, 2018) (reciting that standard).

"The standard for granting . . . a motion [for reconsideration] is strict," and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). However, "Rule 54(b) gives district courts broad discretion to reconsider, reverse, or modify interlocutory orders previously entered in a case," *Vornado Realty Tr. v. Marubeni Sustainable Energy, Inc.*,

5

987 F. Supp. 2d 267, 275 (E.D.N.Y. 2013) (citing, *inter alia, Parmar v. Jeetish Imports, Inc.*, 180 F.3d 401, 402 (2d Cir.1999)).

Here, as a threshold matter, Student Association recognizes that Local Rule 60.1 requires that motions for reconsideration or reargument be filed within fourteen days after entry of the challenged Order, "[u]nless otherwise provided by the Court." Courts applying similar local rules have excused untimely filing where good cause is shown. *See Davidson v. Scully*, 172 F. Supp. 2d 458, 462-63 (S.D.N.Y. 2001) (excusing untimely filing because plaintiff was *pro se* and had filed a notice of motion with the clerk in a timely fashion). [Student Association submits that the fact that its counsel was not retained until May, and did not receive the physical file of this matter until May 23, 2025, leans in favor of excusing the time required under Local Rule 60.1.]

More fundamentally, as a matter of judicial economy and efficiency, reconsideration is warranted. A trial is currently scheduled to commence on September 2, 2025, which will necessitate the Plaintiffs preparing proofs, Student Association preparing defenses, and the Court dedicating resources to adjudicating pre-trial motions and motions *in limine* on claims that have actually been dismissed by the Court or that have not been made. Additionally, as a matter of fairness, declining to grant an extension to file this motion would deprive all parties and the Court from being certain of the claims being made and defended.

Simply put, there are no remaining claims against Student Association, and as such, summary judgment should be granted as to Student Association. To arrive at this inescapable conclusion, the Court need consider only two facts:

- The sole cause of action against the Student Association in the Amended Complaint was a 42 U.S.C. § 1983 retaliation claim, seeking only injunctive and declaratory relief and no monetary damages, for allegedly violating Plaintiffs' First Amendment freedom of speech rights. Dkt. No. 262.

- The Memorandum-Decision and Order dated March 20, 2025, expressly dismissed "all claims seeking declaratory and injunctive relief." Dkt. No. 352 at pp. 44 (emphasis added).

Thus, there are no remaining claims against Student Association. Having concluded Plaintiffs were not entitled to the relief they sought against the Student Association, the subsequent analysis of Plaintiffs' purported First Amendment retaliation claim against Student Association, and the question of fact related to the reason for the College Republican's brief suspension from "B-There" access, <u>were</u> irrelevant and immaterial. The Student Association's summary judgment motion should have been granted in all respects.

There is no reasonable interpretation of the Amended Complaint that can be read to include a claim for any form of monetary damage against Student Association. The Second Cause of Action, set forth in Paragraphs 165 through 169 of the Amended Complaint, makes no claim for monetary damages. Dkt. No. 262. Moreover, in the "Prayer for Relief" portion of the Amended Complaint, the only relief sought against the Student Association is declaratory and injunctive relief. *Id.* at pp. 41. These prayers for relief were immediately followed by the Plaintiffs seeking relief in the form of "award[ing] Plaintiffs nominal, compensatory and punitive damages against Defendants Stenger, Rose and Pelletier in their individual capacities." *Id.*

### B. EVEN IF THERE WAS A CLAIM FOR NOMINAL, COMPENSATORY OR PUNITIVE DAMAGES AGAINST STUDENT ASSOCIATION, PLAINTIFFS WOULD NONETHELESS LACK STANDING AND FAIL TO STATE A CLAIM

The Court has already concluded that the College Republicans as an association lacked "Organizational Standing" under Article III, Section 2 of the United States Constitution to sue *on its own behalf*. Dkt. No. 238 at pp 36, 43, 60. As to "Associational Standing," as referenced (but not decided) in the Memorandum-Decision and Order filed on May 19, 2023, College Republicans

do not have associational standing to bring a claim for money damages, as no "injured" individual is a party to this action. As noted by the Court:

> "Given that the College Republicans have sought compensatory damages on behalf of their membership, see Compl. at 38–39, the Court has serious doubts that the third prong of the associational standing test is satisfied, at least with respect to that requested relief, see Warth, 422 U.S. 490, 515–16 ("[W]hatever injury may have been suffered is peculiar to the individual member concerned, and both the fact and extent of injury would require individualized proof. Thus, to obtain relief in damages, each member of [the association] who claims injury as a result of [the defendants'] practices must be a party to the suit . . . ."); see also Bano v. Union Carbide Corp., 361 F.3d 696, 714 (2d Cir. 2004) ("We know of no Supreme Court or federal appeals ruling that an association has [prudential] standing to pursue damages claims on behalf of its members.").

Dkt. No. 238 at pp. 46-47. Indeed, the new individual Plaintiff in this action, Shane Rossi, did not begin attending Binghamton University until January 2024, well after the events giving rise to this case. Dkt. 343, # 2, Rossi Aff. ¶ 2. Because the only possible standing[1] Plaintiffs could have is associational standing *on behalf of its members*, as opposed to on its own behalf as an organization, there is no cognizable claim for money damages by the named Plaintiffs herein.

## IV.     CONCLUSION

Based upon the foregoing, Student Association requests respectfully requests that the Court grant Student Association summary judgment in its entirety.

---

[1] The Memorandum-Decision and Order filed on May 19, 2023, drew a distinction between Article III standing, which confers the Court's subject matter jurisdiction, and "prudential" standing, which relates to the issue of whether a valid cause of action has been stated as opposed to subject matter jurisdiction itself. Dkt. No. 238 at 44, 47. In this context, this distinction is immaterial. Even if there was a claim for monetary damages made against Student Association, either the Plaintiffs would lack Article III standing to make a claim for monetary relief and the Court thus lacks subject matter jurisdiction over any such claim, or the Plaintiffs would lack "prudential" standing based on its inability to state a cause of action for monetary damages on behalf of its members. *See Hunt v. Wash. State Apple. Adver. Comm'n*, 432 U.S. 333 (1977).

8

Dated: June 2, 2025                              */s/ James S. Gleason, Esq.*
      Binghamton, NY                        James S. Gleason, Esq.
                                                 Bar Roll No. 101789
                                                 HINMAN, HOWARD & KATTELL, LLP
                                                 80 Exchange Street
                                                 Binghamton, New York 13902-5250
                                                 Tel: (607) 231-6706
                                                 Fax: (607)723-6605
                                                 *Attorneys for Defendant, Student*
                                                 *Association of Binghamton University*