# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **YOUNG AMERICA'S FOUNDATION**; **BINGHAMTON UNIVERSITY COLLEGE REPUBLICANS**; and **SHANE ROSSI**, in his official capacity as President of the College Republicans of Binghamton University,<br><br>**Plaintiffs,**<br><br>v.<br><br>**HARVEY STENGER**, President of SUNY-Binghamton, in his official and individual capacities; **BRIAN ROSE**, Vice President for Student Affairs of SUNY-Binghamton, in his official and individual capacities; **JOHN PELLETIER**, Chief of SUNY-Binghamton UPD, in his official and individual capacities; and **STUDENT ASSOCIATION OF BINGHAMTON UNIVERSITY,**<br><br>**Defendants.** | Civil Action No. 3:20-cv-822 (ECC/TWD)<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT STUDENT ASSOCIATION OF BINGHAMTON UNIVERSITY'S MOTION FOR RECONSIDERATION** |

TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

I.    Defendant's motion should either be dismissed as untimely or construed as a motion for clarification. ........................................................... 2

    A.    Defendant's motion for reconsideration is untimely. .............................. 2

    B.    Defendant's motion should be construed as a motion for clarification. ................................................................................................ 3

II.    The Court's order clearly preserves the retaliation claim against the Student Association. ..................................................................................... 4

III.    Even if the Court had denied the relief Plaintiffs originally sought, Plaintiffs may still seek nominal damages. ...................................................... 7

CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amara v. CIGNA Corp.*,
  2017 WL 10902877 (D. Conn. 2017) ................................................................... 4

*Bano v. Union Carbide Corp.*,
  361 F.3d 696 (2d Cir. 2004) ................................................................................ 10

*Beyah v. Coughlin*,
  789 F.2d 986 (2d Cir. 1986) .................................................................................. 9

*Carey v. Piphus*,
  435 U.S. 247 (1978) ............................................................................................ 11

*Corkrey v. Internal Revenue Service*,
  192 F.R.D. 66 (N.D.N.Y. 2000) ............................................................................ 3

*Davidson v. Scully*,
  172 F. Supp. 2d 458 (S.D.N.Y. 2001) ................................................................... 3

*Deutsche Bank Nat'l Tr. Co. v. WMC Mortgage, LLC*,
  2015 WL 11237310 (D. Conn. 2015) .................................................................... 4

*Duling v. Gristede's Operating Corp.*,
  265 F.R.D. 91 (S.D.N.Y. 2010) ............................................................................. 8

*Harman v. Ahern*,
  2015 WL 1885718 (N.D. Cal. 2015) ..................................................................... 9

*In re Health Mgmt. Sys., Inc. Secs. Litig.*,
  113 F. Supp. 2d 613 (S.D.N.Y. 2000) ................................................................... 7

*Irish Lesbian and Gay Organization v. Giuliani*,
  143 F.3d 638 (2d Cir. 1998) ................................................................................ 10

*McKinley v. Kaplan*,
  177 F.3d 1253 (11th Cir. 1999) ............................................................................. 9

*O'Brien v. City of Syracuse*,
  2024 WL 4252052 (N.D.N.Y. 2024) ..................................................................... 5

*OL USA LLC v. Maersk A/S*,
  730 F. Supp. 3d 66 (S.D.N.Y. 2024) ..................................................................... 8

*Parker v. Columbia Pictures Indus.*,
   204 F.3d 326 (2d Cir. 2000) .............................................................................. 3

*Robinson v. Town of Colonie*,
   1993 WL 191166 (N.D.N.Y. 1993) ................................................................... 3

*Sacerdote v. New York University*,
   9 F.4th 95 (2d Cir. 2021) .................................................................................. 8

*Shrader v. CSX Transp., Inc.*,
   70 F.3d 255 (2d Cir. 1995) ............................................................................... 7

*Sims v. Ellis*,
   2022 WL 446505 (W.D.N.Y. 2022) .................................................................. 4

*United States v. Timmons Corp.*,
   2017 WL 11237145 (N.D.N.Y. 2017) ............................................................... 4

*Uzuegbunam v. Preczewski*,
   592 U.S. 279 (2021) ......................................................................................... 9

*Warth v. Seldin*,
   422 U.S. 490 (1975) ....................................................................................... 10

**Statutes and Other Authorities**

42 U.S.C. § 1983 ..................................................................................................... 9

Fed. R. Civ. P. 15(a) ........................................................................................... 8, 9

Fed. R. Civ. P. 54(c) ............................................................................................... 8

Fed. R. Civ. P. 60(a) ............................................................................................... 4

# INTRODUCTION

On June 2, 2025, Defendant Student Association of Binghamton University filed a substantially-belated Motion for Reconsideration asking the Court to reverse its March 20, 2025 Memorandum-Decision and Order ("SJ Order") to hold something that the Court neither stated nor intended – that all claims against Defendant are dismissed. Dkt. 369.

Despite the fact that Defendant was capable of immediately raising the purported oversight in the Court's SJ Order, Defendant waited mutely more than two months while the parties prepared for trial and participated in a conference with the Court. Unable to provide good cause for the Court to consider its Motion months after it should have been filed, the Court should decline to entertain it now. If the Court decides to review the Motion, it should construe it as a motion for clarification and resolve any ambiguity it may find. In doing so, the Court should make clear, as stated in the SJ Order, that it did not dismiss all claims against the Student Association.

What Defendant does not and cannot dispute is that the Court, in its thorough analysis of Plaintiffs' retaliation claim against the Student Association, clearly found this claim presented a material issue of disputed fact. And though no fair reading of the SJ Order would suggest it, if the Court actually intended to deny all specifically requested relief against the Student Association, Plaintiffs are still entitled to seek nominal damages either through its Amended Complaint's general request for relief or through a modest amendment to add such a request.

## ARGUMENT

### I. DEFENDANT'S MOTION SHOULD EITHER BE DISMISSED AS UNTIMELY OR CONSTRUED AS A MOTION FOR CLARIFICATION.

#### A. Defendant's motion for reconsideration is untimely.

Defendant is well past the deadline to file a motion for reconsideration. "Unless otherwise provided by the Court," Local Rule 60.1 only permits a party to file such a motion within fourteen days after the entry of a challenged order. More than three months have passed since the Court entered its March 20, 2025 SJ Order. The Court can only consider belated motions for reconsideration where good cause is shown. Local Rule 7.1(a)(3). Defendant has not accounted for its failure to make a timely motion based on a supposed oversight visible the moment the Court entered its SJ Order. Unable to show good cause why the Court should entertain its Motion months later, the Court should decline to do so.

Defendant's sole argument for ignoring this firm deadline – that its current counsel was only retained and given "physical file of this matter" in May, after the time for filing the motion had already run – will not suffice. Dkt. No. 369-2 at 6. Defendant has been represented by competent counsel for nearly five years since the beginning of this action. Defendant was represented by previous counsel when the SJ Order was entered, and could have immediately raised the purported oversight, but did not.[1]

---

[1] Notwithstanding its failure to comply with Local Rule 11.1 on the withdrawal of attorneys, Defendant's previous counsel advised the Court this spring that it was withdrawing from its representation, noting Mr. Haley and Mr. Saitta's retirement. Dkt. Entries for April 16 and May 7, 2025. However, Defendant was not represented by these two attorneys alone, and other attorneys at their firm were capable of promptly raising a purported issue in the SJ Order.

- 2 -

Moreover, Defendant provides no authority that a mere change in counsel supports good cause.  Reasonably unforeseeable events may establish good cause. *Robinson v. Town of Colonie*, 1993 WL 191166, at *3 (N.D.N.Y. 1993) (finding good cause where party learned of mistaken identification of police defendants only at in-person deposition and could not have met original deadline despite diligence). But when a party's failure to discover a basis for reconsideration is due only to a lack of diligence, no good cause has been shown.  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party."); *Corkrey v. Internal Revenue Service*, 192 F.R.D. 66, 67 (N.D.N.Y. 2000) (finding no good cause where defendant's only explanation for missing deadline for filing motion was that the "motion is likely to prevail, it is in the process of preparing the motion, the motion likely will save the parties and the Court time and expense, and plaintiffs do not oppose its request for an extension").

Defendant provides no explanation why previous counsel could not have promptly raised this purported oversight, which would have been immediately visible on a public docket, not buried in voluminous discovery.[2]  Accordingly, the Court should decline to consider Defendant's untimely Motion on that basis alone.

### B. <u>Defendant's motion should be construed as a motion for clarification.</u>

If Defendant wished to clear up the Court's intent, the appropriate motion

---

[2] Tellingly, in the one case Defendant cites for good cause, the court placed substantial weight on the *pro se* status of plaintiff, an incarcerated nonlawyer.  *See Davidson v. Scully*, 172 F. Supp. 2d 458, 462-63 (S.D.N.Y. 2001).  However, even in that case, plaintiff timely filed a notice of his motion.  *Id.*  Competent counsel do not enjoy the less exacting standards that may be afforded pro se litigants.  *Id.*

would have been a motion for clarification. *Deutsche Bank Nat'l Tr. Co. v. WMC Mortgage, LLC*, 2015 WL 11237310, at *6 (D. Conn. 2015) ("A clarification motion asks the Court: 'What did you mean to say?' A reconsideration motion says to the Court: 'We know what you said. It is wrong. Change it.'").

While "[t]here is no Federal Rule of Civil Procedure specifically governing motions for clarification," *United States v. Timmons Corp.*, 2017 WL 11237145, at *7 (N.D.N.Y. 2017) (citation and internal quotation marks omitted), some courts review these motions under Federal Rule of Civil Procedure 60(a). *See, e.g., Amara v. CIGNA Corp.*, 2017 WL 10902877, at *6 (D. Conn. 2017) (clarifying language in judgment under Rule 60(a) to conform with what "[t]he Court intended").

"Unlike a motion for reconsideration, a motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." *Sims v. Ellis,* 2022 WL 446505, at *1 (W.D.N.Y. 2022) (cleaned up). For reasons explained below, the SJ Order did not dismiss all claims against the Student Association. However, if the Court believes its past order warrants clarification, the Court should construe Defendant's Motion as a motion for clarification and resolve any ambiguity it may find in its rulings on claims against the Student Association, making it clear it did not dismiss all claims against Defendant. *Id.*

## II. THE COURT'S ORDER CLEARLY PRESERVES THE RETALIATION CLAIM AGAINST THE STUDENT ASSOCIATION.

Beyond the inexcusable lateness of the Motion, Defendant is simply incorrect that the SJ Order dismissed all claims against the Student Association. Neither the language nor the structure of the SJ Order support Defendant's reading. There is no

error – let alone a "clear error" – to support Defendant's Motion. That is the only possible basis Defendant has advanced for reconsideration. *O'Brien v. City of Syracuse,* 2024 WL 4252052, at *2 (N.D.N.Y. 2024) ("The prevailing rule recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.") (cleaned up). Without any basis to support the extraordinary remedy Defendant now seeks, the Motion should be dismissed.

Plaintiffs do not dispute the dismissal of claims against the Student Association for injunctive relief. Dkt. No. 352 at 23, n.6. However, at no point did the Court dismiss its claims for declaratory relief. In a paragraph dedicated to summarizing the Court's earlier extended reasoning, *id.* at 23-24, the Court pointedly dismissed "retrospective declaratory relief" solely against the State Defendants, reasoning that "retrospective declaratory relief against *state officials* is barred." *Id.* (emphasis added). This reasoning could not have been speaking to the Student Association as an *entity* because it is not a state official. The preservation of declaratory relief is even clearer given the Student Association's distinctly separate treatment in the paragraph to which Defendant points:

> "Such retrospective declaratory relief against state officials is barred. Accordingly, State Defendants are entitled to summary judgment with respect to all claims against them in their official capacity. The *remaining claims* are a First Amendment speech suppression claim against Pelletier and Rose in their individual capacities; *a First Amendment retaliation claim against* Stenger and Rose in their individual capacities and *the Student Association*; and a Fourteenth Amendment equal protection claim against Pelletier and Rose in their individual capacities." *Id.* at 24 (emphasis added).

In structuring this portion of the decision, the Court made clear that it was not dismissing any other claims for declaratory relief, which numbered among the claims the Court labeled "remaining." *Id.* Otherwise, there would be no sense in subsequently engaging in a thorough analysis of Plaintiffs' retaliation claim against the Student Association. *Id.* at 35-37.

Defendant also appears to assert that the Conclusion sweeps indiscriminately in dismissing "all claims seeking declaratory and injunctive relief." *Id.* at 44. However, as a matter of plain text, the Court's language cannot be so broad in import. "[A]ll claims seeking declaratory and injunctive relief" appears right after "all claims against Defendants Stenger, Rose, and Pelletier in their official capacities." *Id.* The paragraph is directed only at claims against *these State Defendants* – the antecedents of all that follows – and not the Student Association, which the Court references nowhere in the paragraph. Deciding not to rename the three State Defendants in the phrase was perhaps a stylistic choice to avoid repetition. An elision for simplicity does not introduce a major new decision – discussed at no previous point in the forty-five-page decision, and starkly at odds with the analysis in the body of the opinion – that no claim against the Student Association survives.

The phrase also comes almost immediately *after* the Court's decision to *deny* in part Student Association's motion for summary judgment – an acknowledgement that Plaintiffs' retaliation claim against the Student Association should proceed to trial. *See id.* ("ORDERED, that the Student Association Motion for summary judgment . . . is DENIED in part . . . ."). Consistent with the specific summary-

- 6 -

judgment rulings the Court enumerates in the Conclusion, the Court ends the section by terminating *only* Defendants Stenger and Rose from the docket. The Court thus cannot have intended that no claim for declaratory relief could lie against the Student Association.

In sum, there is no error in the SJ Order, let alone a clear error that could justify reconsideration. Reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (cleaned up). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Where the Court has already made its conclusion plain in its SJ Order, it should deny Defendant's Motion.

### III. EVEN IF THE COURT HAD DENIED THE RELIEF PLAINTIFFS ORIGINALLY SOUGHT, PLAINTIFFS MAY STILL SEEK NOMINAL DAMAGES.

Even if Defendant's strained reading is correct, Plaintiffs are entitled to pursue nominal damages on their retaliation claim against the Student Association, rendering dismissal of Student Association inappropriate. Nominal damages are available either through Plaintiffs' general request for relief or a modest amendment to the Amended Complaint.

Plaintiffs have properly requested nominal damages against Student Association. The prayer for relief in Plaintiffs' Amended Complaint concludes with

a general request that the Court "grant such other and further relief as this court should find just and proper." Dkt. No. 262 at 42. With this general request for relief, "[a] complaint need not include a specific request for nominal damages to preserve such a claim." *OL USA LLC v. Maersk A/S*, 730 F. Supp. 3d 66, 72 n.5 (S.D.N.Y. 2024) (noting complaint included "prayer for relief request[ing] '[a]ll ... just and appropriate relief,'" and finding "[n]o more is required for [plaintiff] to obtain nominal damages if it prevails at summary judgment or at trial."); *cf.* Fed. R. Civ. P. 54(c) (final judgments shall "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings").

However, even if the Court declines to read nominal damages into Plaintiffs' general request for relief, Plaintiffs may amend their First Amended Complaint to add a request for nominal damages. Early in a litigation, a plaintiff may amend a complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1). "After that period ends . . . the plaintiff must move the court for leave to amend, but the court should grant such leave 'freely . . . when justice so requires.'" *Sacerdote v. New York University*, 9 F.4th 95, 115 (2d Cir. 2021) (quoting Fed. R. Civ. P. 15(a)(2)). Further, "under the liberal standard of Rule 15(a), leave to amend may be appropriate at any stage of litigation." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1488 at 652–57 (2d ed.1990) (noting that courts have granted leave to amend as late as the close of trial and even on remand following an appeal)).

Numerous courts have permitted the modest amendment Plaintiffs would seek under Rule 15(a). *See, e.g., McKinley v. Kaplan*, 177 F.3d 1253 (11th Cir. 1999) (finding abuse of discretion in denying leave to add damages request to complaint to avoid mootness of § 1983 action); *Harman v Ahern*, 2015 WL 1885718 (N.D. Cal. 2015) (granting plaintiffs leave to add nominal damages request to amended complaint).

In Plaintiffs' case – where the unavailability of any relief would moot its § 1983 case against the Student Association – granting leave would be critical. If the Court did decide that injunctive and declaratory relief were unavailable against the Student Association, the Court should permit Plaintiffs to add a claim for nominal damages to preserve the retaliation claim the Court indisputably found warranted a trial. *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021) (nominal damages sufficient for standing in § 1983 action where other forms of relief were mooted); *Beyah v. Coughlin*, 789 F.2d 986, 988–89 (2d Cir. 1986) (although claims for declaratory and injunctive relief were moot, plaintiff's "claim for damages would not be moot since it is now well established that if he can prove that he was deprived of a constitutionally protected right, and if defendants are not able to establish a defense to that claim, [he] will be entitled to recover at least nominal damages.").

Defendant's objections to Plaintiffs' standing to seek damages are unavailing. In the previous order Defendant cites, the Court did not rule on College Republicans' standing, noting that the third prong of *Hunt* need not be met to satisfy Article III standing. Dkt. 238 at 46-47. The Court only expressed prudential concerns that College Republicans could establish associational standing under *Hunt* to seek

compensatory damages on behalf of its individual members, which may require individual members' participation in the lawsuit and individualized proof of "the fact and extent of injury" they suffered. *Id. (*quoting *Warth v. Seldin,* 422 U.S. 490, 515–16 (1975)). But while the Court noted such doubts, "at least with respect to that requested relief [i.e., compensatory damages]," *id.*, any doubts should be dispelled by the specific relief (nominal damages) Plaintiffs seek. While claims for compensatory damages may require individualized proof of harm to group members – an animating concern of *Hunt's* third prong – no proof of injury is required to seek nominal damages. "Nominal damages are available in actions alleging a violation of constitutionally protected rights, even without proof of any actual injury." *Irish Lesbian and Gay Organization v. Giuliani,* 143 F.3d 638, 651 (2d Cir. 1998) (citing *Carey v. Piphus*, 435 U.S. 247, 266 (1978)); *see Bano v. Union Carbide Corp.*, 361 F.3d 696, 714 (2d Cir. 2004) (third prong of *Hunt* deals with claims requiring "individualized proof" but "where the organization seeks a purely legal ruling without requesting that the federal court award individualized relief to its members, the *Hunt* test may be satisfied") Defendant's standing arguments are directed at cases where "injury [that] may have been suffered is peculiar to the individual member concerned." *Warth*, 422 U.S. at 515-16. But here, Plaintiffs need only prove a constitutional violation – whatever the extent of injury suffered by individual members – to establish standing to seek nominal damages.

"By making the deprivation of rights actionable for nominal damages, the law recognizes the importance to organized society that those rights be scrupulously

observed . . . ." *Carey,* 435 U.S. at 266. Even if the Court had intended to deny all claims for declaratory and injunctive relief against the Student Association, the Court should either recognize a claim for nominal damages in Plaintiffs' general request for relief or permit Plaintiffs to amend their Amended Complaint to add a request for nominal damages.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion for Reconsideration either as untimely or for failing to provide a plausible basis for reconsideration. Alternatively, the Court should construe Defendant's Motion as a motion for clarification and resolve any ambiguities it may find in its SJ Order, making it clear that it did not dismiss all claims against the Student Association.

Even if the Court intended to deny all claims for declaratory and injunctive relief, the Court should either recognize a claim for nominal damages in Plaintiffs' general request for relief or permit an amendment to their Amended Complaint to allow for the same.

Respectfully submitted this 23 day of June 2025.

*/s/*
ANDREW C. HRUSKA
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 556-2100
ahruska@kslaw.com

*/s/*
TYSON C. LANGHOFER*
ALLIANCE DEFENDING FREEDOM

- 12 -

44180 Riverside Pkwy.
Lansdowne, VA 20176
(480) 444-0020
tlanghofer@ADFlegal.org

(*Admitted *pro hac vice*)

*Counsel for Plaintiffs*