UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

YOUNG AMERICA'S FOUNDATION, ET AL.,

Plaintiffs,

v.

JOHN PELLETIER, ET AL.,

Defendants.

Index No.:  3:20-cv-822 (ECC-TWD)

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION ON BEHALF OF DEFENDANT, STUDENT ASSOCIATION OF BINGHAMTON UNIVERSITY**

---

James S. Gleason, Esq.
Bar Roll No. 101789
Jeffrey A. Jaketic, Esq.
Bar Roll No. 303223
HINMAN, HOWARD & KATTELL, LLP
Tel: (607) 723-5341
Fax: (607) 723-6605
*Attorneys for Defendant, Student Association of Binghamton University*

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ......................................................................... 1

II.   LEGAL ARGUMENT ..................................................................................... 1

    A.    NO CAUSES OF ACTION AGAINST THE STUDENT
        ASSOCIATION REMAIN .................................................................... 1

        i.    Plaintiffs Concede That All Causes of Action for Injunctive
            Relief Have Been Dismissed ............................................... 1

        ii.   Plaintiffs Incorrectly Dispute That All Claims for
            Declaratory Relief Have Been Dismissed ...................................... 2

        iii.  Plaintiffs' Reliance on the Court's Subsequent Discussion
            of Plaintiffs' Retaliation Claim is Misplaced ................................. 3

    B.    PLAINTIFFS HAVE NO BASIS TO SEEK NOMINAL
        DAMAGES ..................................................................................... 4

    C.    DISCRETIONARY RECONSIDERATION IS WARRANTED
        PURSUANT TO FED. R. CIV. P. 54(b) AND LOCAL RULE 60.1 ......... 7

III.  CONCLUSION .............................................................................................. 8

## I.    PRELIMINARY STATEMENT

Defendant, Student Association of Binghamton University ("Student Association"), submits this reply memorandum of law in further support of its motion for reconsideration.

Plaintiffs' opposition confirms that no viable claims remain against the Student Association.  It bears repeating that the sole cause of action against Student Association in the Amended Complaint was a 42 U.S.C. § 1983 claim for retaliation seeking injunctive and declaratory relief, and there is no claim for money damages.

Plaintiffs admit all injunctive relief claims have been dismissed, yet misread the March 20, 2025 Memorandum-Decision and Order regarding declaratory relief.  As such, reconsideration is warranted under Fed. R. Civ. P. 54(b) and Local Rule 60.1 to correct a manifest error of law and prevent unnecessary trial proceedings involving a defendant against whom there is no remaining cause of action.

## II.    LEGAL ARGUMENT

### A. NO CAUSES OF ACTION AGAINST THE STUDENT ASSOCIATION REMAIN

Plaintiffs contend that their cause of action for declaratory relief remains viable. Dkt 371, pp. 4-7.  This contention is irreconcilable with the March 20, 2025 Decision and Order, which unambiguously dismissed all claims for injunctive and declaratory relief, including those asserted against the Student Association.

#### i.    Plaintiffs Concede That All Causes of Action for Injunctive Relief Have Been Dismissed

Plaintiffs concede "the dismissal of claims against the Student Association for injunctive relief." Dkt. 371, pp. 5.  This is because the March 20, 2025, Memorandum-Decision and Order unequivocally states that "any injunctive relief against SA would be improper. Accordingly, all

1

claims seeking injunctive relief are dismissed." Dkt. 352 at pp. 23, n. 6. There is thus no question that any claim for injunctive relief against the Student Association has been dismissed.

### ii.    Plaintiffs Incorrectly Dispute That All Claims for Declaratory Relief Have Been Dismissed

Undeterred by the plain text of the March 20, 2025, Memorandum-Decision and Order, Plaintiffs nonetheless argue that "at no point did the Court dismiss its claims for declaratory relief." Dkt. 371, pp. 5. Plaintiffs are incorrect.

The Court did just that. We need look no further than the plain statement at the conclusion of the Decision and Order, which dismissed, *inter alia*, "**all claims seeking declaratory and injunctive relief**." Dkt. 352 at pp. 44 (emphasis added). Plaintiffs' creative, yet unfounded, interpretation of this unambiguous dismissal of declaratory relief is that the Court dismissed declaratory relief only as against Defendants, Harvey Stenger, Brian Rose, John Pelletier, the so-called "State Defendants," as opposed to Student Association. In support of this argument, Plaintiffs point out that the Court stated this finding immediately after dismissing "all claims" against Stenger, Rose and Pelletier in their official capacities, musing abstractly that such phrasing was "perhaps a stylistic choice to avoid repetition" thereby limiting the finding to Stenger, Rose and Pelletier. Dkt. 371, pp. 6. This argument does not make sense. The Court made clear that it was dismissing "all claims seeking declaratory and injunctive relief."

Moreover, the argument that the dismissal of declaratory relief was limited to Stenger, Rose, and Pelletier is substantively unpersuasive.

Dismissal of "all claims seeking declaratory . . . relief" aligns with the nature of declaratory relief under Article III. Declaratory relief is not available to adjudicate past wrongs in the abstract. The Supreme Court has repeatedly emphasized that declaratory relief must resolve a present legal controversy, not merely record past constitutional violations. *See Green v. Mansour*, 474 U.S. 64,

2

73 (1985) ("We think that these cases demonstrate the impropriety of the issuance of a declaratory judgment in this case" where "[t]here is no claimed continuing violation of federal law."); *Ward v. Thomas*, 207 F.3d 114, 119 (2d Cir. 2000) ("[T]he Supreme Court has declined to extend the reasoning of *Ex [p]arte Young* to claims for retrospective relief."); *T.W. v. N.Y. State Bd. of Law Exam'rs*, 110 F.4th 71, 91-92 (2d Cir. 2024) ("We agree with the district court's conclusion that the declaratory relief sought is wholly retrospective, and therefore barred.").

Here, the declaratory relief sought against the Student Association related solely to past actions from 2019, to wit, (1) sanctioning the College Republicans for violating University and Student Association policies regarding tabling without prior approval; (2) sanctioning the College Republicans while not sanctioning the College Progressives for their alleged role in disrupting the Arthur Laffer Event on November 18, 2019; and (3) refusing to charter a local YAF chapter. Dkt. 262, ¶¶ 138, 167, 168. But as with the claims against Stenger, Rose and Pelletier, those claims have no ongoing legal consequences. In fact, the Court explicitly found there was no ongoing violation of Plaintiffs' rights. Dkt. 352 at 21–23. Declaratory relief[1] cannot be used to issue an advisory opinion about the legality of long-past conduct.

### iii.    Plaintiffs' Reliance on the Court's Subsequent Discussion of Plaintiffs' Retaliation Claim is Misplaced

Plaintiffs assert that the Court could not have possibly intended dismissal of all claims against the Student Association because "[o]therwise, there would be no sense in subsequently

---

[1] Plaintiffs' opposition papers seem to suggest, in the same section arguing that the Court did not dismiss their declaratory relief cause of action against Student Association, that the case "against the Student Association should proceed to trial." Dkt. 371 at pp. 4-6. It is worth noting that any cause of action for declaratory relief, if it was still viable, would be for the Court to resolve, rather than a jury. Indeed, "section 1983 injunctive and declaratory relief is not triable by a jury." *Wilson v. Bailey*, 934 F.2d 301, 305 n.4 (11th Cir. 1991); *Potts v. City of Lafayette*, 121 F.3d 1106, 1110-11 (7th Cir. 1997).

engaging in a thorough analysis of Plaintiffs' retaliation claim against the Student Association." Dkt. No. 371 at pp. 6. Plaintiffs fail to grasp the nature of legal error.

While the March 20, 2025 Memorandum-Decision and Order includes a substantive analysis of whether a fact issue exists regarding the Student Association's retaliatory motive in suspending the College Republicans' account (Dkt. 352 at pp. 33–42), that discussion does not override the preceding dismissal of the sole claims against the Student Association for injunctive and declaratory relief. Again, once those forms of relief were dismissed, any factual dispute about past events ceased to be "material" under Fed. R. Civ. P. 56, and the Court's analysis of the supposed Section 1983 retaliation against Student Association was in error or surplusage[2] once it determined that no form of relief remained.

Plaintiffs cannot now bootstrap that discussion into a surviving cause of action. Simply put, the notion that the Court preserved a standalone retaliation claim against the Student Association without any available remedy is untenable. A claim cannot survive in the abstract.

## B. <u>PLAINTIFFS HAVE NO BASIS TO SEEK NOMINAL DAMAGES</u>

Plaintiffs assert in the alternative that "[e]ven if Defendant's strained reading is correct, Plaintiffs are entitled to pursue nominal damages on their retaliation claim against the Student Association, rendering dismissal of Student Association inappropriate." Dkt. 371, pp. 7.

First, Plaintiffs argue that nominal damages are available through Plaintiffs' general request for relief. Dkt. 371, pp. 7. Yet their Amended Complaint seeks such damages only against

---

[2] Judge Kahn was addressing a complicated series of motions. By March of this year, the case had been litigated for nearly five (5) years. The Court was confronted with a docket that had 351 documents filed. In addressing five simultaneous motions brought by two organizational Plaintiffs and four separately-named Defendants, the Court was grappling with a 74-page Amended Complaint setting forth six causes of action. These particular six causes of action involved claims brought under 42 U.S.C. § 1983, an intricate area of substantive and procedural law that necessarily involves navigating elaborate legal principles related to fundamental constitutional rights, federal statutes, and the complex interplay between state and federal law. Plaintiffs' feigned failure to comprehend how Judge Kahn could have possibly engaged in what turned out to be, in hindsight, an unnecessary Section 1983 retaliation analysis, after dismissing the outstanding equitable claims against Student Association, is unavailing.

4

Stenger, Rose and Pelletier in their individual capacities—not against the Student Association. To be sure, Plaintiffs knew how to plead nominal damages, because they specifically sought "**nominal**, compensatory, and punitive damages against Defendants Stenger, Rose, and Pelletier in their individual capacities" in the Amended Complaint. Dkt. 362, ¶¶ 2, 41 (emphasis added). This is dispositive. And even if it were not dispositive, the Second Circuit has rejected the precise argument that claims for nominal damages should be read into boilerplate prayers for "such other and further relief as may be just and proper." *See Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 142-43 (2d Cir. 1994) (declining to read a nominal-damages claim into boilerplate prayer where claims for injunctive and declaratory relief became moot, holding that "we perceive no basis to allow a belated claim for [nominal] damages 'to breathe life into a moribund dispute.'"); *see also Patel v. Univ. of Vt. & State Agric. Coll.*, 2021 U.S. Dist. LEXIS 136717, 2021 WL 3109908, *10 (D. Vt. 2021).

Second, Plaintiffs assert that nominal damages would be available through a "modest amendment" to the Amended Complaint. Dkt. 371, pp. 7. Yet Plaintiffs did not cross-move to amend.

While Fed. R. Civ. P. 15(a)(2) provides that courts "should freely give leave when justice so requires," that standard is not without limits. The Second Circuit has made clear that leave to amend may be denied where there is undue delay, prejudice to the opposing party, bad faith, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

Amendment here would be futile for lack of standing. Again, the Court has already concluded that the College Republicans as an association lacked "Organizational Standing" under Article III, Section 2 of the United States Constitution to sue *on its own behalf.* Dkt. 238 at pp.

36, 43, 60.  As to "Associational Standing," as referenced (but not decided) in the Memorandum-Decision and Order filed on May 19, 2023, College Republicans do not have associational standing to bring a claim for money damages, as no "injured" individual is a party to this action.  Dkt. 238 at pp. 46-47.

Courts have routinely dismissed 42 U.S.C. § 1983 claims for nominal damages where a plaintiff lacks standing.  *See CMR D.N. Corp. & Marina Towers Ltd. v. City of Phila.*, 703 F.3d 612, 628 (3d Cir. 2013)("We find no authority, and Waterfront has provided none, for the proposition that a plaintiff is entitled to nominal damages simply based on the existence of a zoning law that has never been applied to it."); *Liu v. N.Y. City Campaign Fin. Bd.*, 2016 U.S. Dist. LEXIS 135687, 2016 WL 5719773, *16-17 (S.D.N.Y. 2016)("although nominal damages are ordinarily available to Section 1983 plaintiffs . . . the constitutionally suspect [Campaign Finance Board rule] was never applied to Plaintiffs"); *NRA of Am. v. Cuomo*, 480 F. Supp. 3d 404, 415 (N.D.N.Y. 2020)(granting defendant's motion to dismiss plaintiff's claims for nominal damages, as well as injunctive and declaratory relief, where plaintiffs lacked organizational standing).

Again, the new individual Plaintiff in this action, Shane Rossi, did not begin attending Binghamton University until January 2024, well after the events giving rise to this case.  Dkt. 343, # 2, Rossi Aff. ¶ 2.  Because the only arguable harm that Rossi has been subjected to is "the mere existence of an allegedly unconstitutional law," Plaintiffs have no standing to seek nominal damages.

In addition, Article III requires, *inter alia*, an injury-in-fact and causation.  Plaintiffs cite *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021) for the proposition that "nominal damages [are] sufficient for standing in § 1983 action where other forms of relief were mooted."  Dkt. 371, pp. 9.  This is an oversimplification bordering on misleading.  In *Uzuegbunam* the Court concluded,

6

"a plaintiff who sues over a completed injury and establishes the first two elements of standing (injury and traceability) can establish the third [redressability] by requesting only nominal damages." 141 S. Ct. at 797 (emphasis added, citation omitted). However, that is not the case here, as there is no injured plaintiff that is party to the action, nor were nominal damages claimed against the Student Association. *Uzuegbunam* does not save Plaintiffs' claim for nominal damages in the absence of an individual associational member's Article III injury-in-fact and causation[3].

No authority permits recovery of nominal damages for a retaliation claim under § 1983 without alleging individual injury and causation. Without a pending cause of action, nominal damages cannot be awarded in the abstract.

## C. DISCRETIONARY RECONSIDERATION IS WARRANTED PURSUANT TO FED. R. CIV. P. 54(b) AND LOCAL RULE 60.1

Plaintiffs' arguments against timeliness overlook the discretionary standard applicable to Fed. R. Civ. P. 54(b) motions. Indeed, the Court's inherent discretion is set forth in the plain text of Local Rule 60.1, which sets forth timeframes for motions for reconsideration or reargument "[u]nless otherwise provided by the Court."

Here, fundamental fairness and judicial efficiency warrant reconsideration. Plaintiffs themselves request that the Court treat Student Association's motion as a motion to clarify, and urge the Court "to clear up the Court's intent." Dkt. 371 at pp. 3. The Student Association's newly-retained counsel promptly filed this motion after being retained and reviewing the record. The intervening months included a transition of counsel and no prejudice to Plaintiffs, who identified no discovery or trial preparation burden specifically related to claims against the Student Association.

---

[3] Again, based on the undisputed timeline of events, this cannot be Shane Rossi.

Most importantly, this motion seeks to avoid a trial against a party against whom no cause of action remains. That is the precise type of manifest error warranting correction under Local Rule 60.1.

## III.  <u>CONCLUSION</u>

Based upon the foregoing, Student Association requests respectfully requests that the Court grant Student Association summary judgment in its entirety.

Dated: June 25, 2025  
      Binghamton, NY

*/s/ James S. Gleason, Esq.*  
James S. Gleason, Esq.  
Bar Roll No. 101789  
HINMAN, HOWARD & KATTELL, LLP  
80 Exchange Street  
Binghamton, New York 13902-5250  
Tel: (607) 231-6706  
Fax: (607)723-6605  
*Attorneys for Defendant, Student*  
*Association of Binghamton University*

8