**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────

YOUNG AMERICA'S FOUNDATION, et al.,

                              Plaintiffs,              3:20-cv-822
                                                       (ECC/TWD)
v.

JOHN PELLETIER, et al.,

                              Defendants.

───────────────────────────────

Andrew Hruska, Esq., *for Plaintiffs*
Molly M. Ryan, Esq., *for Defendant Pelletier*
James S. Gleason, Esq., *for Defendant Student Association*

**Hon. Elizabeth C. Coombe, United States District Judge:**[1]

### MEMORANDUM-DECISION AND ORDER

Plaintiffs Young America's Foundation, Binghamton University College Republicans, and John Lizak[2] filed this action alleging violations of their First Amendment rights related to a planned guest lecture hosted by Plaintiffs on the campus of SUNY Binghamton (the University). Dkt. No. 1. After a motion to dismiss and the Court's *sua sponte* review of subject matter jurisdiction, four defendants remained: John Pelletier, Chief of the University's Police Department (Pelletier), Harvey Stenger, the University President, and Brian Rose, the University Vice President of Student Affairs (Rose) (collectively the State Defendants) and the Student Association

───────────────

[1] This matter was previously assigned to the Honorable Lawrence E. Kahn and has been reassigned to the undersigned. Dkt. No. 355.

[2] Shane Rossi is the current student representative. He was substituted for Rein Bey, and Bey was substituted for the original student representative, John Lizak. Dkt. No. 352 at 16, 19.

of the University (SA).  *See* Dkt. Nos. 223, 238.  The SA is an entity funded by, but legally distinct from, the University.  *Id*. at 4.[3]

On March 20, 2025, Senior U.S. District Judge Lawrence E. Kahn issued a decision granting in part and denying in part motions for summary judgment filed by Defendants (the Decision).  Dkt. No. 352.  Presently before the Court is the SA's motion for reconsideration of the Decision's conclusion that a First Amendment retaliation claim against the SA remains even though the Decision dismissed all claims for declaratory and injunctive relief, and the pending complaint sought only declaratory and injunctive relief against the SA.   SA's Motion for Reconsideration (Def. Mtn.), Dkt. No. 369. The motion is fully briefed.  Dkt. Nos. 369, 371, 373. For the following reasons, the motion for reconsideration is granted.

## I.    BACKGROUND

The pending complaint explicitly seeks declaratory and injunctive relief against the SA, and monetary relief against the State Defendants, but it does not explicitly seek monetary relief against the SA.  Amended Complaint at 41, Dkt. No. 262.  The Decision explicitly dismisses the injunctive relief claims against the State Defendants and the SA.   Decision at 23, n. 6.  It also explicitly dismisses the declaratory relief claims against the State Defendants, but it does not discuss the declaratory relief claim against the SA.  *Id.* at 21-24.  After discussing the equitable relief claims, the Decision explains that "[t]he remaining claims are . . . a First Amendment retaliation claim against Stenger and Rose in their individual capacities and the Student Association. . . ."  *Id*. at 24.  The Decision concludes that there is a genuine dispute of material fact regarding the First Amendment retaliation claim.  *Id.* at 33-37.  Finally, the Decision orders that "all claims seeking declaratory and injunctive relief" are dismissed.  *Id*. at 33-37, 44.

---

[3] Page numbers refer to the pagination generated by ECF, unless otherwise indicated.

## II.    LEGAL STANDARD

Reconsideration is warranted where the moving party can show the court "overlooked" facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court." *Human Electronics, Inc. v. Emerson Radio Corp.,* 375 F. Supp. 2d 102, 114 (N.D.N.Y. 2004) (quoting *Schrader v. CSX Transp., Inc.* 70 F.3d 255, 257 (2d Cir. 1995)). "The prevailing rule recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *O'Brien v. City of Syracuse,* No. 5:22-cv-948 (MAD) 2024 WL 4252052, at *2 (N.D.N.Y. 2024) (cleaned up). "In the context of a motion for reconsideration, 'manifest injustice' is defined as an error committed by the trial court that is direct, obvious, and observable." *Corpac v. Rubin & Rothman*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (quoting *Idowu v. Middleton,* No. 12-cv-1238, 2013 WL 371657, at *1 n. 1 (S.D.N.Y. Jan. 31, 2013)). The burden of proof falls on the party challenging the earlier judgment. *See United States v. Int'l Bd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) (citing *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)). "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010), *aff'd sub nom. Smith v. S.E.C.*, 432 F. App'x 10 (2d Cir. 2011).

## III.    DISCUSSION

### A.    Timing of the Motion for Reconsideration

Local Rule 60.1 requires motions for reconsideration be filed within 14 days of the challenged ruling, "unless otherwise provided by the Court, by statute or rule." Courts have the discretion to consider untimely motions for reconsideration under certain circumstances. *See*

*Wilson v. Hilton*, No. 5:20-cv-1489 (DNH), 2024 WL 510286, at *3 (N.D.N.Y. Feb. 8, 2024)
(considering a motion for reconsideration filed 10 months after the decision was issued and seven
months after the intervening change of law); *see also Palmer v. Sena*, 474 F. Supp. 2d 353, 354
(D. Conn. 2007) ("A failure to timely file a motion for reconsideration may constitute sufficient
grounds for denying the motion; however, courts have exercised their discretion to address even
untimely motions").

Here, the SA filed its motion for reconsideration more than two months after the Decision
was issued, and it is therefore untimely.  *See* Dkt. Nos. 352 (Decision issued on March 20, 2025);
369 (Def. Mtn. filed on June 2, 2025).   The briefing demonstrates, however, that the Decision has
inconsistent language that the Court should address because it would be a waste of judicial
resources and a clear legal error for the case to proceed to trial with a party where there are no live
claims.  As a result, it is in the interest of justice for the Court to consider the untimely motion.

**B.      Claim for Declaratory Relief against the SA**

The SA argues that there is no remaining First Amendment retaliation claim against it
because the Amended Complaint seeks only equitable relief, and the Decision dismissed "all
claims seeking declaratory and injunctive relief."  Def. Mot. at 8-10.  Plaintiffs respond that the
Decision only dismissed their injunctive relief claim against the SA, not their declaratory relief
claim against the SA.  Plaintiffs' Memorandum of Law Opposing Reconsideration (Pl. Mem.) at
9, Dkt. No. 371.  As support, they point out that the Decision explicitly states that its reasoning
regarding the injunctive relief claims applies to the claim for injunctive relief against the SA, but
the Decision is silent on their declaratory relief claim against the SA.  *Id.* at 9-10.

As an initial matter, the Decision's dismissal of the claims for injunctive and declaratory
relief was proper.  Although the Decision does not explicitly address any declaratory relief claim

against the SA, the reason for dismissing the declaratory relief claims against the State Defendants—because declaratory relief is not available retrospectively, and there is no allegation of an ongoing violation—applies with equal force to the SA. *See Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 394–95 (2d Cir. 2022) ("the Supreme Court made clear that a request for a declaratory judgment as to a past violation cannot itself establish a case or controversy to avoid mootness.") (citing *Green v. Mansour*, 474 U.S. 64, 73–74 (1985)); *see also Brantley v. Mun. Credit Union*, No. 19 CIV. 10994, 2021 WL 981334, at *12, n. 13 (S.D.N.Y. Mar. 16, 2021) ("Courts have . . . found a declaratory judgment 'seek[ing] to adjudicate past conduct' to be generally inappropriate.  In other words, the declaratory judgment must provide prospective relief.") (quoting *S.E.C. v. Credit Bancorp, Ltd*., 738 F. Supp.2d 376, 388–389 (S.D.N.Y. 2010); and citing *Mariah Re Ltd. v. Am. Fam. Mut. Ins. Co.*, 52 F. Supp. 3d 601, 623 (S.D.N.Y. 2014), *aff'd sub nom. Maria Re Ltd. ex rel. Varga v. Am. Fam. Mut. Ins. Co.*, 607 F. App'x 123 (2d Cir. 2015) (summary order));  *Scheiner v. ACT Inc.*, 10-CV-0096, 2013 WL 685445, at *3 (E.D.N.Y. Feb. 24, 2013) ("declaratory judgment is inappropriate when it is sought to adjudicate past acts, such as ACT's refusal to accommodate Ms. Scheiner's specific disabilities and her subsequent experience taking the ACT examination without such accommodations") (citing *Credit Bancorp*, 738 F. Supp. 2d at 388-89); *Credit Bancorp*, 738 F.Supp.2d at 388-89 ("declaratory judgment is inappropriate where the moving party seeks to adjudicate past conduct") (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. International Wire Group, Inc.*, 2003 WL 21277114 at *5 (S.D.N.Y. June 2, 2003); *Int'l Wire Grp., Inc.*, 2003 WL 21277114, at *5 ("The reason for this rule is clear: declaratory relief is intended to operate prospectively.  There is no basis for declaratory relief where only past acts are involved.") (citing *Gianni Sport Ltd. v. Metallica*, No. 00 Civ. 0937, 2000

WL 1773511, at *4 (S.D.N.Y. Dec. 4, 2000)).   As a result, the Decision properly dismissed "all claims seeking declaratory and injunctive relief."  Decision at 44.

### C.    Implied Claim for Nominal Damages

Given that the Decision properly dismissed all claims seeking declaratory relief against the SA, the remaining question is whether the Amended Complaint seeks damages against the SA.  If not, and the Amended Complaint sought only declaratory and injunctive relief, then the Decision's statement that "[t]he only remaining claim against the Student Association is the retaliation claim" was not supported by the Amended Complaint.  Decision at 23, n.6.

Plaintiffs argue that the language in their prayer for relief to "grant such other and further relief as this court should find just and proper" should be read as a request for nominal damages against the SA.  Pl. Mem. at 11-12.  Defendants respond that reading a boilerplate request for additional relief as an implicit request for nominal damages would be improper here particularly because Plaintiffs requested nominal damages from other Defendants in the Amended Complaint. Defendant's Reply Memorandum of Law (Reply) at 6-7, Dkt. No. 373.

The Second Circuit has refused to read a damages claim into a complaint's boilerplate prayer for just and proper relief.  For example, in *Fox v. Bd. of Trs. of State Univ. of New York*, 42 F.3d 135, 141-42 (2d Cir. 1994), the Second Circuit affirmed a district court's decision that a similar clause did not state a damages claim.  There, the case became moot after the plaintiff student graduated because the district court could not order retrospective declaratory and injunctive relief addressing the challenged college policy.  The district court rejected Plaintiff's argument that the clause "for other relief the court deems just" implied a request for monetary or nominal damages.  The Second Circuit affirmed stating that it was "especially reluctant in these

circumstances to read a damages claim into the Complaint's boilerplate prayer for 'such other relief as the Court deems just and proper.'" *Id*.

The Second Circuit reached the same conclusion in the context of a compensatory education award where the "pending complaint fail[ed] to present properly a claim for compensatory education" and did not mention plaintiff's "need for compensatory education."[4] *Lillbask ex. Rel. Mauclaire v. State of Conn. Dep't of Educ.,* 397 F. 3d 77, 89-90 (2d Cir. 2005). In *Lillbask,* the plaintiff relied on "her general claim for 'other such relief as the Court deems appropriate,'" arguing that was "sufficiently expansive to include a compensatory education award." *Id.* at 90. The Second Circuit explained that it had "rejected an almost identical argument in *Fox,* declining to read a damages claim into the Complaint's boilerplate prayer for 'such other relief as the Court deems just and proper.'" *Id.* (quoting *Fox*, 42 F.3d at 141–42 and citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 71 (1997) (ordering remand for dismissal of case as moot, observing that "claim for nominal damages extracted late in the day from [a] general prayer for relief and asserted solely to avoid otherwise certain mootness, bore close inspection")). The Second Circuit concluded that "it would be particularly inappropriate to read a prayer for compensatory education into [the pending complaint] because [plaintiff] explicitly included such relief in earlier iterations of her pleadings." *Id.* (citing prior complaints).

Finally, in a case where the complaint did "not mention nominal damages," a district court recently rejected "Plaintiffs' argument that the Complaint's boilerplate request for 'any and all

---

[4] The Sixth and Ninth Circuits have issued decisions consistent with *Fox*. *See Bain v. California Tchrs. Ass'n*, 891 F.3d 1206, 1213 (9th Cir. 2018) ("complaint's prayer for 'such other relief as the Court deems just and proper' did not suffice to support a late-in-the-day claim for nominal damages to avoid mootness because 'there is absolutely no specific mention in the Complaint of nominal damages'"); *Youngstown Publ'g Co. v. McKelvey*, 189 F. App'x 402, 408 (6th Cir. 2006) (same and citing *Fox*).

other relief.' . . . implies such a request." *Next Generation Tech., Inc. v. Jaddou*, No. 21-cv-1390, 2023 WL 2570643, at *7 n.4 (S.D.N.Y. Mar. 18, 2023), *appeal dismissed*, No. 23-495, 2024 WL 3379536 (2d Cir. Apr. 11, 2024), *cert. denied*, 145 S. Ct. 266 (2024) (quoting *Fox*, 42 F.3d at 141)).  As the district court explained, "the possibility of nominal damages is an insufficient basis for federal jurisdiction where 'there is . . . no specific mention in the Complaint of nominal damages,' and 'a request for such damages [cannot] be inferred from the language of the Complaint.'" *Id*.

Here, the pending complaint includes damages claims for parties other than the SA, but does not mention damages claims against the SA.  *See* Amended Complaint, Dkt. 262 at 41 (seeking "nominal, compensatory, and punitive damages against Defendants Stenger, Rose, and Pelletier in their individual capacities").  Under these circumstances, the Court declines to read a damages claim into the Amended Complaint's boilerplate prayer for relief to "grant such other and further relief as this court should find just and proper."

Plaintiffs rely on *OL USA LLC v. Maersk A/S*, 730 F. Supp. 3d 66, 72 n.5 (S.D.N.Y. 2024), but that case is not binding on this Court and also distinguishable.  There, the district court concluded that a "complaint need not include a prayer for nominal damages to preserve such a claim" where the complaint sought "damages 'to compensate for the loss . . . and the prayer for relief request[ed] '[a]ll . . . just and appropriate relief.'"  *Id.* (quoting complaint and citing *Irish Lesbian & Gay Or. V. Giuliani,* 143 F.3d 638, 651 (2d Cir. 1998) (court may not "preclude[] the award of nominal damages . . . if the complaint explicitly sought compensatory damages")); *Ins. Servs. of Beaufort, Inc., v. Aetna Cas. & Sur. Co.*, 966 F2d 847, 853 (4th Cir. 1992) ("An averment of general damages is sufficient to state a claim for nominal damages.").  Plaintiffs did not include any prayer for compensatory damages against the SA, and *OL USA LLC* therefore does not apply.

For these reasons, the Court declines to infer a claim for nominal damages in the Amended Complaint, and the Amended Complaint therefore does not include a claim against the SA for relief that could be granted.

**D.    Leave to Amend**

Although Plaintiffs have not yet moved to amend the Amended Complaint, the parties addressed whether amendment should be permitted when they briefed this motion.  Pl. Mem. at 12-15; Reply at 7-9.  Given the impending trial date and in the interest of judicial efficiency, the Court will address those arguments.

"A request for damages . . .will not avoid mootness if it was 'inserted after the complaint was filed in an attempt to breathe life into a moribund dispute.'"  *Boucher v. Syracuse Univ.,* 164 F.3d 113, 118 (2d Cir. 1999) (quoting *McCabe v. Nassau County Med. Ctr.,* 453 F.2d 698, 702 (2d Cir. 1971)).  In addition, "once a case is moot, it is no longer justiciable in federal court and must be dismissed."  *Fox*, 42 F.3d at 144.  In *Fox,* the Second Circuit affirmed the district court's decision not to allow the plaintiff to amend the complaint to add a nominal damages claim, finding that the district court did not abuse its discretion.  *Fox*, 42 F.3d at 144.

In light of these holdings, the late stage of the litigation, and the fact that the Amended Complaint alleged nominal damages against individual defendants, but not the SA, the Court will not permit an amendment seeking nominal damages against the SA to resuscitate a claim against the SA.  With the claims against the SA for injunctive and declaratory relief dismissed, and no claim in the Amended Complaint against the SA for nominal or compensatory damages, there is no legally cognizable claim against the SA, and the Decision should have dismissed the SA as a party.  Given this conclusion, the SA has satisfied the standard for a motion for reconsideration, and the motion for reconsideration is granted.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's Motion for Reconsideration, Dkt. No. 369, is **GRANTED**; and it is further

**ORDERED** that all claims against Defendant Student Association are **DISMISSED**; and it is further

**ORDERED** that Defendant Student Association is **TERMINATED** from the docket; and it is further

**ORDERED** that Defendant Student Association's motion in limine, Dkt. No. 398, is **TERMINATED** as moot; and it is further

**ORDERED** that the only remaining claims that will proceed to trial are the First Amendment speech suppression and Fourteenth Amendment equal protection claims against Defendant John Pelletier.

**IT IS SO ORDERED.**

Dated: January 21, 2026

Elizabeth C. Coombe
U.S. District Judge