# KING & SPALDING

King & Spalding LLP
1290 Sixth Ave.
14th Floor
New York, NY 10104
Tel: +1 212 556 2100
www.kslaw.com

Andrew C. Hruska
Partner
Direct Dial: +1 212 556 2278
ahruska@kslaw.com

May 20, 2026

**VIA ELECTRONIC CASE FILING**

Hon. Carla B. Freedman
Northern District of New York
100 South Clinton Street
Syracuse, New York 13261

   **Re:** **Young America's Foundation et al. v. Pelletier et al. - Case No. 3:20-cv-0822**

Dear Judge Freedman:

   Pursuant to Local Rule 7.1(a)(2) of the Northern District of New York, Plaintiffs respectfully request a non-dispositive motion conference with the Court—if the Court believes a conference is necessary—to discuss Plaintiffs' request to file a procedural motion to substitute Mr. Nicholas Aparicio (as a Plaintiff in his official capacity as the current President of College Republicans) in the place of Mr. Victor Ostling (the former President).

   As this Court has described it, this substitution motion is a "purely formalistic" request. ECF No. 352 at 17; ECF No. 430. The Court previously granted Plaintiffs' three previous requests to substitute the President of College Republicans. ECF No. 261 at 16-19; ECF No. 352 at 17; ECF No. 430. As with the past three requests, Mr. Aparicio will not be asserting any claims in his individual capacity.

   Plaintiffs seek the substitution of Mr. Aparicio for Mr. Ostling under Federal Rules of Civil Procedure 17(a)(3) and 21. "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). "After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.*

   This Court has recognized that "[p]arties are afforded great flexibility in adding or substituting new parties to an action." ECF No. 261 at 18. Under Rule 21, "'liberality' should

May 20, 2026
Page 2

be 'afforded . . . when determining whether a plaintiff should be permitted to add parties to an action.'" *Id.* (quoting *Davis v. City of New Haven*, 2014 WL 1315660, at *6 (D. Conn. Mar. 30, 2014)). Under Rule 17, "substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants." *Id.* (quoting *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997)).

Plaintiffs and Defendant Pelletier have conferred on this requested substitution. As with the substitution of Mr. Ostling for Mr. Rossi, Defendant has agreed not to oppose the formal substitution of Mr. Aparicio for Mr. Ostling. In agreeing not to oppose, Defendant does not waive his objections to standing as set forth in his opposition to the substitution of Mr. Rossi and his trial brief, ECF Nos. 347, 395, nor does he waive any appeal rights regarding the same.

For the same reasons the Court previously granted these requests, the Court should permit the formality of substituting Mr. Aparicio for Mr. Ostling.

Sincerely,

*/s/ Andrew C. Hruska*

Andrew C. Hruska

CC:    All Counsel of Record (via ECF)