# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

YOUNG AMERICA'S FOUNDATION;
BINGHAMTON UNIVERSITY
COLLEGE REPUBLICANS; and
NICHOLAS APARICIO, in his official capacity
as President of the College Republicans          3:20-cv-822 (ECC/CBF)
of Binghamton University,

                        Plaintiffs,

v.

JOHN PELLETIER, Chief of SUNY-
Binghamton UPD, in his
individual capacity,

                        Defendant.

---

**Hon. Elizabeth C. Coombe, United States District Judge:**

# JURY INSTRUCTIONS

COURT EXHIBIT #1

# Table of Contents

I.   INTRODUCTION ...................................................................................... 3

   A. Role of the Court ............................................................................... 3
   B. Role of the Jury.................................................................................. 4
   C. Role of the Attorneys......................................................................... 5

II.  NATURE OF EVIDENCE ........................................................................ 6

   A. Testimony and Exhibits...................................................................... 6
   B. Direct and Circumstantial Evidence.................................................. 7
   C. Reasonable Inferences ....................................................................... 9

III. EVALUATION OF EVIDENCE ............................................................... 9

   A. Credibility of Witnesses ..................................................................... 9
   B. Interested Witness.............................................................................. 11
   C. Weighing the Testimony of an Expert Witness ................................ 11
   D. Discrepancies in Testimony ............................................................... 13
   E. Impeachment by Prior Inconsistent Statements ............................... 14
   F. Stipulations ........................................................................................ 14
   G. Depositions ........................................................................................ 15
   H. All Available Evidence Need Not Be Produced ................................ 15
   I.  State Not a Defendant......................................................................... 15
   J.  Multiple Plaintiffs.............................................................................. 16
   K. Redactions ......................................................................................... 16
   L. Limiting Instruction As To Tabling Event........................................ 16
   M. Limiting Instruction As To Exhibit P74 .......................................... 16

IV.  BURDEN OF PROOF ............................................................................. 17

   A. Preponderance of Evidence ............................................................... 17

V.   SUBSTANTIVE LAW .............................................................................. 18

   A. Introduction ...................................................................................... 18
   B. Section 1983 Cause of Action............................................................ 19

1. The Statute – 42 U.S.C. § 1983 ............................................................... 19
2. Elements of a Section 1983 Cause of Action ........................................... 20

VI. DAMAGES ............................................................................................................ 26

A. Compensatory Damages ................................................................................. 27
B. Nominal Damages ........................................................................................... 28
C. Punitive Damages ........................................................................................... 28

VII. General Rules Governing Deliberations and Verdict ...................................... 30

## I.   INTRODUCTION

Ladies and gentlemen, on behalf of the Court, the attorneys, and the parties, we all thank you for serving as jurors in this case.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified.

I ask you to give me that same careful attention as I instruct you on the law. I will give you a copy of these instructions to use in the jury room. If you have a legal question about these instructions or about something the instructions do not address, you must ask me for a further explanation.

### A.   Role of the Court

You have now heard all of the evidence in the case and you will soon hear the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated or states a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**B.     Role of the Jury**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the parties have said in their opening statements, what they will say in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said—or what I may say in these instructions—about facts evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings that I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiffs have proven their case. You are expressly to understand that the Court has no opinion as to the verdict you should render in this case.

You are to perform the duty of finding the facts without bias or prejudice to any party.

### C.      Role of the Attorneys

It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which that attorney believes is not properly admissible. Counsel have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

My rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are

the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

## II.    NATURE OF EVIDENCE

### A.    Testimony and Exhibits

The evidence in this case is the sworn testimony of the witnesses and the exhibits received in evidence.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

So, for example, if a witness was asked "When did you stop drinking coffee?" you would not be permitted to consider as true the assumed fact that the witness had drunk coffee, unless the witness indicated he or she had, or unless there was some other evidence in the record that the witness drank coffee.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. You may not consider any answer that I directed you to disregard or that I directed struck from the record.

6

Arguments by lawyers are not evidence because the lawyers are not witnesses. What they have said to you in their opening statements and what they will say in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## B.    Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience, and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all of the evidence presented.

## C.    Reasonable Inferences

In their closing arguments, the attorneys may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiffs ask you to draw one set of inferences, while the Defendant asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

## III.    EVALUATION OF EVIDENCE

### A.    Credibility of Witnesses

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

9

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony. The testimony of a police officer should be considered using these same principles.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor—that is, his carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all of the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of the witness's memory, the witness's candor or

10

lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experiences.

## B.    Interested Witness

An interested witness is a person who has an interest in the outcome of the trial. Here, the Defendant is an interested witness. An interested witness is not necessarily less believable than a disinterested witness. The fact that he is interested in the outcome of the case does not mean that he has not told the truth. It is for you to decide from the demeanor of the witness on the stand and such other tests as your experience dictates whether the testimony has been influenced, intentionally or unintentionally, by his interest. You are not required to reject the testimony of such a witness, and you may accept all or such part of his testimony as you find reliable and reject such part as you find unworthy of acceptance.

## C.    Weighing the Testimony of an Expert Witness

You heard the testimony of an expert witness. You should not assume, simply because I allowed an expert to give his opinion, that the opinion is correct or that I

believe the opinion is correct. When a case involving a matter requiring special knowledge or skill not ordinarily possessed by the average person, an expert is permitted to state his or her opinion for the information of the Court and jury.

The opinions stated by the expert who testified before you was based on particular facts as the expert observed them and testified to them before you, or as they were told by somebody else or as appeared from some paper or record. You may reject an expert's opinion if you find the underlying facts to be different from those that form the basis of their opinion. You may also reject the opinion if, after careful consideration of all the evidence in the case, including expert and other testimony, you disagree with that opinion. In other words, you are not required to accept an expert's opinion to the exclusion of the facts and circumstances disclosed by other evidence. Such an opinion is subject to the same rules concerning reliability as the testimony of any other witness, and it is allowed only to aid you in reaching a proper consideration.

The testimony of the expert who testified in this trial is entitled to such weight as you may find their qualifications in the field and the extent of their investigation and the validity of his assumptions warrant. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or

12

you feel it outweighed by other evidence, you may disregard the opinion of that expert witness entirely.

## D.    Discrepancies in Testimony

Counsel may argue that discrepancies in a witness's testimony or discrepancies between witnesses' testimony are a reason for you to reject a witness's testimony.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself or herself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood is always a matter of importance and should be considered seriously. It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his testimony. You should, as always, use your common sense and your own good judgment.

13

### E.    Impeachment by Prior Inconsistent Statements

If you find that a witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense. It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

### F.    Stipulations

A stipulation is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true. The parties have stipulated to a number of facts and this stipulation will be made available to you as an exhibit during deliberations.

14

## G.    Depositions

The attorneys have referred to a deposition. A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery process.

## H.    All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.

## I.    State Not a Defendant

During your deliberations you must bear in mind that the State of New York and Binghamton University are not defendants in this case. You should not speculate as to why the State of New York and Binghamton University are not defendants in this case. This is a suit against an individual defendant. You are only to consider the potential liability of the Defendant solely on the basis of the evidence that has been presented in this case. The Defendant is not liable for his employer's conduct or the conduct of his colleagues.

### J.    Multiple Plaintiffs

You must give separate consideration to each claim and each party in this case.  Although there are three Plaintiffs—Young America's Foundation, Binghamton University College Republicans, and Nicholas Aparicio, in his official capacity as President of the College Republicans of Binghamton University—it does not follow that if one is successful, the others are too.

### K.    Redactions

As you know, certain exhibits were admitted into evidence with some portions blacked out or redacted.  You may not speculate as to what material was redacted or why, and you may not draw any inference, favorable or unfavorable against either party, from the fact that certain material has been redacted.

### L.    Limiting Instruction As To Tabling Event

You heard testimony about the "Tabling Event."  There are no claims against the Defendant arising from the Tabling Event.  Testimony about the Tabling Event was admitted only to the extent that it may be relevant to anything the Defendant did with respect to planning for the "Laffer Event."  It is admissible only for that limited purpose.

### M.    Limiting Instruction As To Exhibit P74

Regarding Exhibit P74, the information from people other than the Defendant in that exhibit is not offered for the truth asserted, but you may only

16

consider it with respect to the Defendant's state of mind in preparation for the Laffer Event.

## IV.    BURDEN OF PROOF

### A.    Preponderance of Evidence

As the Plaintiffs in this action, Young America's Foundation, Binghamton University College Republicans, and Nicholas Aparicio, in his official capacity as President of the College Republicans of Binghamton University, must each establish by a preponderance of the credible evidence that their individual Section 1983 claims, and the elements that comprise those claims, are true. If you conclude that any of the Plaintiffs have failed to establish a claim by a preponderance of the evidence, you must decide against the Plaintiff on that claim.

What does a "preponderance of the evidence" mean? To establish a fact by the preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

17

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally as probable that one side is right as it is that the other side is right—then you must decide that issue against the party having the burden of proof. That is because the party bearing this burden must prove more than simply equality of evidence—it must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

You have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply in a civil case such as this and you should put it out of your mind.

## V.    SUBSTANTIVE LAW

### A.    Introduction

In this case, the Plaintiffs, Young America's Foundation, Binghamton University College Republicans, and Nicholas Aparicio, in his official capacity as President of the College Republicans of Binghamton University, claim that the Defendant violated their First Amendment right to free speech and their Fourteenth Amendment right to equal protection by failing to take reasonable measures to

prevent the disruption of the November 18, 2019 lecture by Dr. Arthur Laffer and ordering Dr. Laffer to leave after the disruption occurred. From these facts as alleged, the Plaintiffs bring two causes of action against the Defendant.

A cause of action is a legal theory by which a plaintiff asserts that, if the facts are as he claims them to be, a defendant is liable to him under the law.

**B.    Section 1983 Cause of Action**

### 1.  The Statute – 42 U.S.C. § 1983

The Plaintiffs bring their causes of action under federal civil rights law, Section 1983 of Title 42 of the United States Code, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law. Section 1983, as it applies to this case, states:

> Every person who, under color of any statute, ordinance,
> regulation, custom or usage of any state . . . subjects or
> causes to be subjected, any citizen of the United States
> . . . to the deprivation of any rights, privileges or
> immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law.

I will refer to this statute simply as "Section 1983."

19

## 2. Elements of a Section 1983 Cause of Action

I will now instruct you regarding the elements of a Section 1983 cause of action. Before we begin, however, bear in mind that I will be charging you on the legal elements of proving a Section 1983 cause of action, and on the legal elements of proving the underlying First Amendment free speech and Fourteenth Amendment Equal Protection Clause claims. As I just indicated, Section 1983 is a statute which allows a citizen to sue for an asserted deprivation of a federally protected right. Here, the Plaintiffs assert that their First Amendment constitutional right to free speech and Fourteenth Amendment Equal Protection Clause rights were violated. Thus, the Plaintiffs' claims are brought under Section 1983.

To establish a cause of action under Section 1983, each Plaintiff must establish, by a preponderance of the evidence, each of the following three (3) elements:

> First, that the conduct complained of was committed by the Defendant while acting under color of state law;
>
> Second, that the Defendant's conduct deprived that Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

20

Third, that the Defendant's acts were the proximate cause of the injuries and consequent damages sustained by that Plaintiff.

The applicability of each claim to the corresponding Plaintiff will be separated for you on the verdict sheet. Each Plaintiff must establish their claim by a preponderance of the evidence.

I will now examine each of these three elements in greater detail. As I said earlier, I will explain the three elements of the Section 1983 cause of action, and then I will explain the second element in more detail.

### a.    First Element: Acting Under Color of State Law

In this case, there is no dispute that the Defendant was acting under color of state law. Thus, the first element of each of the Plaintiffs' Section 1983 causes of action has been satisfied, and you need not be concerned with it.

### b.    Second Element: Deprivation of Constitutional Right

The second element of each of the Plaintiffs' claims is that the Defendant deprived that Plaintiff of a constitutional right. For each Plaintiff to establish this second element, that Plaintiff must show that those acts that you have found that the Defendant took under color of state law caused the Plaintiff to suffer the loss of a constitutional right. That Plaintiff must also show that that the Defendant performed those acts intentionally or recklessly, rather than accidentally. An act is intentional if it is done voluntarily and deliberately and not because of a mistake,

21

accident, negligence, or other innocent reason. Intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence. An act is reckless if done in conscious disregard of its known probable consequences. In other words, even if a defendant did not intentionally seek to deprive a plaintiff of the plaintiff's rights, if he nevertheless purposely disregarded the high probability that his actions would deprive the plaintiff of the plaintiff's rights, then the second essential element would be satisfied.

In order to determine whether the second element of a Section 1983 cause of action has been fulfilled, you must decide whether a constitutional right has in fact been deprived. In order for you to make this determination, I must instruct you as to the elements of Plaintiffs' First Amendment free speech and Fourteenth Amendment Equal Protection Clause claims.

### i.    First Amendment – Right to Free Speech

Each Plaintiff alleges that the Defendant violated their First Amendment right to free speech on November 18, 2019 by going to the airport to persuade Dr. Laffer not to speak, failing to order his officers to stop the disruption immediately, and ordering Dr. Laffer to leave after the disruption began.

The First Amendment provides that Congress shall make no law abridging free speech.

22

To establish their claim, each Plaintiff must prove each of the following elements by a preponderance of the evidence: (1) that the Plaintiff engaged in or attempted to engage in speech protected by the First Amendment and (2) that the Defendant unlawfully restricted the Plaintiff's speech. If you find that a specific Plaintiff has proven by a preponderance of the evidence that the Defendant restricted the Plaintiff's speech, then the burden shifts to the Defendant to prove by a preponderance of the evidence that the restriction was narrowly tailored to further a compelling government interest.

In this case, the parties have stipulated that the Laffer Event was speech protected by the First Amendment. Therefore, you do not need to consider this element; it has been met.

The second element of each of Plaintiff's claims is that the Defendant restricted the Plaintiff's speech. You must determine whether the Defendant restricted each Plaintiff's speech. The public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers. As I mentioned previously, the Plaintiffs allege that the Defendant restricted their protected speech by going to the airport to persuade Dr. Laffer not to speak, failing to order his officers to stop the disruption immediately, and ordering Dr. Laffer to leave after the disruption began. The Defendant denies these allegations and asserts that he implemented plans for the lecture to go forward successfully and

23

safely, he did not direct Dr. Laffer to leave, and that Dr. Laffer and Plaintiffs decided to leave on their own.

If you find that the Defendant did not restrict the Plaintiff's protected speech, then you must decide in favor of the Defendant. If, however, you find that the Defendant restricted the protected speech by preventing the Laffer Event from occurring, then this element is satisfied, and you will consider the final element.

For the final element, the burden shifts to the Defendant to prove that that the restriction was lawful. I instruct you as a matter of law that under the circumstances of this case, where the Laffer Event occurred at a Binghamton University lecture hall opened for the event, to prove that the restriction was lawful, the Defendant must prove that the restriction was narrowly tailored to further a compelling government interest. To prove that the restriction was lawful, the Defendant must prove that the restriction was narrowly tailored to further a compelling government interest. States have compelling governmental interests in public safety and crime prevention, and there is always a compelling public interest in stopping violence and lawless destruction of property.

Narrow tailoring requires the Defendant to demonstrate that the restriction of speech was the least restrictive means of achieving the compelling government interest. This requires a showing that there are no less restrictive alternatives that would be at least as effective in achieving the compelling government interest.

If you find that the Defendant demonstrated by a preponderance of the evidence that the restriction was the least restrictive means of achieving the compelling government interest, then you must find in favor of the Defendant on this claim. If, however, you find that the Defendant did not demonstrate by a preponderance of the evidence that the restriction was the least restrictive means of achieving the compelling government interest, then you must find in favor of the Plaintiff on this claim.

### ii.      Fourteenth Amendment – Equal Protection

Each Plaintiff also claims that the Defendant violated their rights to equal protection under the Fourteenth Amendment. The Equal Protection Clause requires that the government treat all similarly situated people and groups of people alike. If you find that the Defendant violated a Plaintiff's First Amendment rights, then you must also find that the Defendant violated that Plaintiff's Fourteenth Amendment rights. If you find, however, that the Defendant did not violate a Plaintiff's First Amendment rights, then you must find that the Defendant did not violate that Plaintiff's Fourteenth Amendment rights.

### c.      Third Element: Proximate Cause

The third element which each Plaintiff must prove to establish each of their Section 1983 causes of action is that the Defendant's actions were a proximate cause of injuries sustained by that Plaintiff. An action is a proximate cause of an

25

injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the Defendant's actions.

### d.    Personal Involvement

The Defendant may only be held liable for a constitutional violation under Section 1983 if he is personally involved. It is the Plaintiffs' burden to establish the Defendant's personal involvement in the alleged constitutional deprivation. To establish personal involvement, the Plaintiff must prove that the Defendant violated the Constitution through his own actions and did so with the requisite state of mind. The mere fact that a defendant holds a position in a hierarchical chain of command, without more, does not establish his personal involvement. The Plaintiffs must prove a tangible connection between the acts of the Defendant and the injuries they claim they have suffered.

## VI.    DAMAGES

I will now instruct you on the law of damages. I caution you, however, that my doing so does not mean that I have any opinion on whether or not the Plaintiffs have satisfied their burden of proof and that the Defendant is liable. Only if you find that a Plaintiff proved at least one of their claims against the Defendant should you consider damages. You should only consider the actions of the named Defendant in this case.

26

Broadly speaking, there are three kinds of damages you may consider: compensatory damages, nominal damages, and punitive damages.

## A.      Compensatory Damages

If Plaintiff Young America's Foundation has proven any of their claims, then you must award Plaintiff Young America's Foundation a sum of money that you believe will fairly and justly compensate them for any injury you believe they actually sustained as a proximate result of the Defendant's actions.

You shall award damages only for those injuries that you find that they have proven by a preponderance of the evidence.  Moreover, you may not simply award damages for any injury suffered by Plaintiff Young America's Foundation—you must award damages only for those injuries that are a proximate result of conduct by the Defendant that violated federal law.  Compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial.

In addition, you must not award compensatory damages more than once for the same injury.  For example, if Plaintiff Young America's Foundation were to prevail on both claims and establish a one dollar injury, you could not award them one dollar in compensatory damages on each claim—they are only entitled to be made whole again, not to recover more than they lost.  Of course, if different

27

injuries are attributed to the separate claims, then you must compensate them fully for all of the injuries.

## B.    Nominal Damages

If you return a verdict for Plaintiff Young America's Foundation, but find that they have failed to prove by a preponderance of the evidence that they suffered any actual damages, then you must return an award of damages in the sum of one dollar, evidencing that liability has been proved.   In addition, if you return a verdict for Plaintiffs Binghamton University College Republicans and Nicholas Aparacio in his official capacity as President of the College Republicans of Binghamton University, then you must return an award of damages in the sum of one dollar, evidencing that liability has been proved.

## C.    Punitive Damages

Whether or not you award a Plaintiff actual damages, you may also, in your discretion, make an award of punitive damages.  Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others in similar circumstances from committing such conduct in the future.

You may award a Plaintiff punitive damages if you find that the acts or omissions of the Defendant were done maliciously or wantonly.  An act is maliciously done if it is prompted by ill will or spite toward the injured person.  An

28

act is wanton if done with a reckless or callous disregard for the rights of the injured person. Each Plaintiff has the burden of proving, by a preponderance of the evidence, that the Defendant acted maliciously or wantonly with regard to that Plaintiff's rights.

If you find by a preponderance of the evidence that the Defendant acted with malicious intent to violate a Plaintiff's federal rights or unlawfully injure them, or if you find that the Defendant acted with a callous or reckless disregard of a Plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter them and others in similar circumstances from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether the Defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages, standing alone, are likely to deter or prevent the Defendant from similar wrongful conduct

29

in the future, if it was in fact wrongful, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those the Defendant may have committed. If you find that punitive damages should be awarded against the Defendant, there will be a separate hearing to consider punitive damages.

## VII. General Rules Governing Deliberations and Verdict

I have outlined the rules of law applicable to this case and the processes by which you should weigh the evidence and determine the facts. Following summations, you will retire to the jury room for your deliberations. Your first order of business in the jury room will be to elect a Foreperson. Keep in mind, however, that the Foreperson's vote is entitled to no more weight than any other juror. Your job as jurors is to reach a fair conclusion from the law and evidence.

Your verdict must represent the considered judgment of each juror. Each of you must decide the case for yourself, but it is your duty as jurors to consult with one another and deliberate with a view to reaching an agreement if you can do so without violating your individual judgment and conscience.

There is nothing peculiarly different in the way a jury should consider the evidence in a civil case from that in which all reasonable persons treat any question that depends on evaluation of evidence presented to them. You are expected to use

30

your good sense, to consider the evidence in the case only for the purposes for which it has been admitted, and to give this evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

During your deliberations, do not hesitate to re-examine your views and change your mind. Do not, however, surrender your honest convictions because of the opinion of a fellow juror or for the purposes of returning a verdict. Remember you are not partisans. Your duty is to seek the truth from the evidence presented to you.

If, in the course of your deliberations, your recollection of any part of the testimony should fail, or if you should find yourself in doubt concerning my instructions, you may return to the courtroom to have the testimony read back to you or my instructions further explained. I caution you, however, that the read-back of testimony may take some time and effort. You should, therefore, make a conscientious effort to resolve any questions as to testimony through your collective recollections.

Remember also that juror notes are to be used only by the juror who took them, and the fact that a juror elected to do so entitles his or her vote to no greater weight.

31

Should you desire to communicate with the Court during your deliberations, please put your message or question in writing. The Foreperson should sign the note and pass it to the Court Security Officer who will bring it to my attention. I will then respond either in writing or orally by having you returned to the courtroom. In any communications with the Court, you must never state your numerical division over an issue, if any.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device, such as a cell phone, smart phone, or tablet, or any website such as Google, Facebook, Instagram, YouTube, Twitter, X, TikTok, or Snapchat to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Verdict forms have been prepared for you. After you select a Foreperson, you should review them. Once you have reached a unanimous verdict, your Foreperson should fill in the verdict form, date and sign it, and inform the Court Security Officer that a verdict has been reached.

**END OF CHARGE**

32